IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, *et al*.[1] | ) | Case No. 12-53023 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Thomas J. Tucker |
| | ) | |

**DEBTORS' AMENDED APPLICATION TO EMPLOY THE LAW OFFICE OF ROBERT A. NOVAK AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(E), 328(A), & 329, RULES 2014(A) & 2016(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1**

The above-captioned debtors (the "Debtors") hereby submit this Application (the "Application") to Employ The Law Office of Robert A. Novak (the "Firm") as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), and 329, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1. In support of the Application, the Debtors state as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(e), 328(a) and 329 of Title 11 of the United States Code as amended from time to time (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

"Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules").

**Factual Background**

4. On May 25, 2012 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On June 21, 2012, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these cases.

6. Ralph Roberts Realty, LLC ("Realty") is a real estate brokerage firm that, in addition to its full-service real estate business, also, invests in real estate and Mr. Roberts is its sole owner and president.

7. Mr. Roberts is a salaried employee of Realty, with a 35-year career in real estate.

8. The Debtors have commenced these cases to facilitate their orderly restructuring and believe their current efforts will maximize recovery to all creditors and other parties in interest.

**A.     Relationship Between The Firm And The Debtors**

9. The Firm specializes in landlord/tenant, eviction and land contract forfeiture actions. The Debtors, as part of their business, act as property manager for properties owned by investors that are either rented to tenants by the investor or sold by the investor on land contracts to third parties. When tenants or land contract vendees default, the Debtors, on behalf of the investors, file eviction and/or land contract forefeiture actions, for which they are compensated by their investors. Prior to the Petition Date, the Firm acted as counsel to the Debtors for these actions. The Debtors seek to retain the Firm to pursue these types of eviction and forfeiture

actions on behalf of investors during the pendency of these bankruptcy cases. The Debtors believe that, due to the Firm's extensive experience in this area, as well as the Firm's familiarity with the Debtors' businesses and investors, the Firm is the best choice to continue to represent the Debtors with respect to this matter.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

10. The Debtors seek the authority to employ the Firm as the Debtors' special counsel with respect to the matters described above for the Debtors pursuant to §§ 327(e), 328 and 329 of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1.

**B.** **The Statute**

11. Section 327(e) of the Bankruptcy Code enables trustees (and thus debtors), under certain specified conditions, to employ attorneys to represent them for specified purposes. Specifically, § 327(e) states as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

12. As illustrated below, the Firm satisfies the requirements of § 327(e). Therefore the Court should grant this Application.

**C.** **Scope Of Proposed Retention**

13. The Debtors propose that the Firm be employed only to assist the Debtors with landlord/tenant issues and land contract forfeitures as described above. The Firm's services will not be duplicative of any other professional retained by the Debtors.

**D. The Employment Of The Firm Is In The Best Interests Of The Debtors' Estates**

14. The Debtors submit that it is in the best interests of their estates to retain the Firm to assist with this matter. The Firm is knowledgeable with respect to this area, has worked with the Debtors in the past, and can deal with these matters on a timely basis.

**E. No Adverse Interest On Special Purposes For Which the Firm Is To Be Employed**

15. In accordance with its plain language, § 327(e) does not require that a proposed professional be "disinterested." Rather, as the United States District Court for the Eastern District of Michigan has concluded, "§ 327(e) only requires that the attorney not be in conflict (i.e., not hold an interest adverse to the estate) with the trustee for the specific purpose that the special counsel designation applies." *In re MTG, Inc.*, 298 B.R. 310,318 (E.D. Mich. 2003).

16. Under § 327(e), to "represent or hold any interest adverse to the debtor or to the estate" means (1) to hold or assert any economic interest that would tend to reduce the value of the bankruptcy estate or that would give rise to an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such predisposition a bias against the estate." *Development Corp.*, 283 B.R. at 469 (citing In re C.F. Holding Corp., 164 B.R. 799 (Bankr. D. Conn. 1994)). As such, "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand." *Id.* at 468 (quoting *In re AroChem Corp.*, 176 F.3d 610,622 (2d Cir. 1999)) (emphasis in original).

17. To the best of the Debtors' knowledge and based upon the Affidavit and Disclosure Statement of Robert A. Novak in support of this Application (the "Affidavit"), a copy of which is attached hereto, the Firm does not represent or hold any interest adverse to the Debtors or to their estates either in general or with respect to the matters for which they are to be retained.

### F. Compensation

18. In accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to the Firm pursuant to a "menu" of services that the Firm performs for the Debtors. A copy of this listing is attached hereto. All fees for services rendered and expenses incurred by the Firm are subject to Court approval.

19. The Firm's rates are set at a level designated to compensate it fairly for work performed and to cover fixed and routine overhead expenses. It is the Firm's policy to charge their clients in all areas of practice for all other expenses incurred in connection with a client's matter. The expenses charged to clients may include, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, and telecopier charges. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to other clients.

### CONCLUSION

20. The Debtors believe that the Firm is well-qualified to represent them as special counsel. For the reasons stated throughout this Application, the Debtors believe that employing the Firm as special counsel during these proceedings is in the best interests of the Debtors' estates, and that the Firm does not hold any interests adverse to the Debtors or their estates with respect to the matters for which it is to be employed. Therefore, the Debtors submit that the proposed employment of the Firm complies with the requirements of § 327 of the Bankruptcy code and the Court should approve this Application.

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as <u>Exhibit 1</u>, employing The Law Office of Robert A. Novak as the Debtors' special counsel, pursuant to § 327(e) of the Bankruptcy Code.

Date: July 20, 2012

By: /s/ Ralph R. Roberts
President, Ralph Roberts Realty, LLC

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RALPH ROBERTS REALTY, LLC, *et al*.[1] | ) Case No. 12-53023 |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Judge Thomas J. Tucker |
| | ) |

**ORDER GRANTING DEBTORS' AMENDED APPLICATION TO EMPLOY THE LAW OFFICE OF ROBERT A. NOVAK AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(E), 328(A), & 329, RULES 2014(A) & 2016(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1**

Upon the Amended Application (the "Application")[2] of the above-captioned debtors (the "Debtors") to Employ The Law Office of Robert A. Novak (the "Firm") as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), and 329 and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1; the Court having jurisdiction over this matter; it appearing that due and sufficient notice of the Application has been provided, and that no other or further notice need be provided; it further appearing that the relief requested in the Application is in the best interests of the Debtors' estates and creditors, and that the Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which they are to be employed as described in the Application; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

    1.    The Application is granted.

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

[2] Capitalized terms used and not defined herein shall have the meaning ascribed thereto in the Application.

2. Pursuant to § 327(e) of the Bankruptcy Code, the Debtors are authorized to employ and retain the Firm as special counsel.

3. In accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to the Firm pursuant to the "menu" of services that the Firm performs for the Debtors, a copy of which is attached to the Application.

The Court upon appropriate application shall determine the compensation and reimbursement of expenses to be allowed to the Firm and upon notice and a hearing in accordance with 11 U.S.C. §§ 330 and 331 and the applicable Bankruptcy Rules.

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, *et al*[4] | ) | Case No. 12-53023 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Thomas J. Tucker |
| | ) | |

**AFFIDAVIT AND DISCLOSURE STATEMENT
OF ROBERT A. NOVAK IN SUPPORT OF THE DEBTORS' AMENDED APPLICATION TO
EMPLOY THE LAW OFFICE OF ROBERT A. NOVAK AS SPECIAL COUNSEL PURSUANT
TO 11 U.S.C. §§ 327(E), 328(A), & 329, RULES 2014(A) & 2016(B) OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1**

| | |
|---|---|
| STATE OF MICHIGAN | ) |
| | ) ss |
| COUNTY OF MACOMB | ) |

I, Robert A. Novak, being duly sworn, depose and state as follows:

4. I am an attorney admitted to practice in the State of Michigan. I submit this affidavit (the "Affidavit") in connection with the Amended Application of the above-captioned debtors (the "Debtors") to Employ the Law Office of Robert A. Novak (the "Firm") as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), and 329 and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1 (the "Application"). Unless otherwise stated in this Affidavit, I have personal knowledge of the facts herein. I will supplement this Affidavit if and when additional information becomes available concerning any relationship between the creditors or interest holders of the Debtors.

---

[4] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

5.  To the best of my information, knowledge and belief, neither I nor any member of the Firm represents or holds any interest adverse to the bankruptcy estates of the Debtors.

6.  To the best of my information, knowledge and belief, other than as disclosed herein, neither I nor the Firm have any connections with the Debtors, their creditors, or any other party in interest, their respective known attorneys or accountants, the United States Trustee or any other person employed by the United States Trustee.

7.  In the year preceding the Debtors' bankruptcy filing, the Debtors paid the Firm approximately $6,500.00.

8.  As of the Petition Date, to the best of my knowledge, the Firm was not owed anything by the Debtors.

9.  I have acted as counsel to the Debtors since September of 2011.

10. The Firm maintains and systematically updates a client database, as part of its timekeeping and client contact programs, in the regular course of business, and it is the Firm's regular practice to make and maintain these records. No new matter may be accepted or opened without checking the client database for conflicts. I have checked the database and determined that neither I nor the Firm represents or holds any interest adverse to the Debtors or to their estates.

11. I have not entered into an agreement or understanding with any person or firm for the sharing of any compensation paid or to be paid for services rendered or to be rendered herein.

12. Based on the foregoing, I do not hold or represent an interest adverse to the Debtors' estates with respect to the matters on which I am to be retained, as required under § 327(e) of the Bankruptcy Code, and that my employment is in accordance with § 327 of the Bankruptcy Code.

FURTHER AFFIANT SAYETH NOT.

_____
**ROBERT A. NOVAK**

Subscribed and sworn to before
me this 12th day of June, 2012

_____
Notary Public, State of Michigan
County of Oakland
My commission expires: 5-31-18
Acting in the County of Oakland
Witnessing the signature of Robert A. Novak

KATHLEEN THIEM
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES May 31, 2018
ACTING IN COUNTY OF Oakland

## Menu of Services and Prices

Landlord/Tenant Cases:  $150 per case, plus costs

Land Contract Forfeiture Cases:  $250 per case, plus costs

All Litigation in the above cases*:  $150 per hour




* Mr. Novak charges $150 per hour in the event that an answer, counterclaim or other defense by the defendant is filed and the matter requires more than the entry of a default judgment.

**EXHIBIT A**