UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
  
RALPH ROBERTS REALTY, LLC, et al.,[1]  
  
       Debtors.  
_____/

Case No. 12-53023  
(Jointly Administered)  
Chapter 11  
Judge Thomas J. Tucker

## OPINION REGARDING CONFIRMATION OF DEBTORS' THIRD AMENDED PLAN

**I. Introduction**

    These jointly-administered cases came before the Court on October 17, 2012, for a hearing on confirmation of Debtors' Third Amended Plan (Docket # 71). During the hearing, the Court heard argument regarding the objections to confirmation of the Official Committee of Unsecured Creditors (the "Committee") and a group of unsecured creditors that the parties have referred to as the "2007 Creditors."[2] At the conclusion of the hearing, the Court took the matter under advisement.

    The Committee and the 2007 Creditors object to confirmation on numerous grounds. In this opinion the Court concludes that Debtors' Third Amended Plan cannot be confirmed because it violates the so-called "absolute priority rule." Because it is clear that confirmation must be

---

    [1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

    [2] As used in this opinion, the phrase "the 2007 Creditors" means: 1. Charles A. Ferarolis, individually and as Trustee of the Irrevocable Living Trust Agreement, U/A/D 9/10/2007, and on behalf of the designated beneficiaries of said trust; 2. Audrey Ferris, individually and as Trustee of the Audrey Ferris Revocable Trust; 3. Tony Ferris, individually and as Trustee of the Tony Ferris Revocable Trust; 4. Joseph Zardis, individually; 5. Eleanor Zardis, individually; 6. M. John Zardis, individually; 7. Mary C. Ferris, individually; 8. Helen Sernka, individually; 9. Richard P. Whitmore, individually and as Trustee of the Richard P. Whitmore Revocable Trust; and 10. Pauline A. Whitmore as Trustee of the Pauline A. Whitmore Revocable Trust.

denied for this reason, the Court does not discuss the other objections to confirmation, at least some of which would require an evidentiary hearing to resolve.

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This matter also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This matter is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *id.*, namely, 11 U.S.C. § 1129. And this matter is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *Id.*

## III. Background

Because of the ground of decision in this opinion, it is not necessary to describe the Debtors or their Plan in much detail. The Debtors' Third Amended Plan is a joint plan of both Debtors, and contains 14 classes. There are 13 classes of creditors, all of which are impaired under the Plan, and one class of equity interests. The classes are: 8 classes of secured creditors of the Debtor Ralph Roberts Realty, LLC ("Realty LLC")(Classes 1-8); a class consisting of the general unsecured creditors of Realty LLC (Class 9); a class of secured claims of Debtor Ralph Roberts (Class 10); two classes of general unsecured creditors of Ralph Roberts (Classes 11 and

12); a class of "Interdebtor Claims" (Class 13); and a class consisting of the equity interests in Realty LLC (Class 14).

Three secured creditor classes of Realty, LLC voted to accept the Plan (Classes 6-8). The class of general unsecured creditors of Realty LLC (Class 9) voted to reject the Plan. The parties have agreed that the two classes of unsecured creditors of Ralph Roberts (Classes 11 and 12) should be treated as one class for voting purposes. So viewed, those classes voted to reject the Plan.

Because not all impaired classes have accepted Debtors' Plan, Debtors are unable to confirm the Plan under 11 U.S.C. § 1129(a). *See* 11 U.S.C. § 1129(a)(8). Debtors therefore seek to confirm the Plan on a cramdown basis, under 11 U.S.C. § 1129(b). But the Committee and the 2007 Creditors contend that Debtors' Third Amended Plan does not meet the requirements for confirmation under § 1129(b) with respect to the class of unsecured creditors of Realty LLC (Class 9).

Under the Third Amended Plan, Debtor Ralph Roberts, who is an 80% owner of Debtor Realty LLC, will become the 100% owner of the reorganized Realty LLC. In exchange, Ralph Roberts proposes to provide new value to Realty LLC by waiving a pre-petition claim he has against Realty, LLC for unpaid commissions in the amount of $1,350,000. The Plan gives only Ralph Roberts the opportunity to give new value and acquire ownership of the reorganized Realty LLC; it does not allow anyone else to compete with Ralph Roberts in any way for this opportunity.

**IV. Discussion**

Section 1129(b)(1) requires a court to confirm a plan, even though one or more impaired

classes of creditors have not accepted it, if the plan meets all the requirements of § 1129(a) except subsection (a)(8),[3] and the court finds that the plan does not "discriminate unfairly" against the dissenting class or classes of impaired creditors, and is "fair and equitable" to those creditors. *See* 11 U.S.C. § 1129(b)(1). Section 1129(b)(2) concerns the "fair and equitable" requirement. It provides, in relevant part:

> (2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
> . . .
>
> (B) With respect to a class of unsecured claims--
>
> (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or
>
> (ii) **the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property**, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

11 U.S.C. § 1129(b)(2)(B)(emphasis added). The statutory language highlighted in bold states what is commonly known as the "absolute priority rule." (In this case, Debtors' Plan must comply with this rule, under § 1129(b)(2)(B)(ii), because the Plan does not comply with the alternative rule, under § 1129(b)(2)(B)(i), *i.e.*, it does not provide that each holder of a general unsecured claim will be paid the full allowed amount of its claim.)

The Committee and the 2007 Creditors argue that Debtors's Third Amended Plan is not

---

[3] Section 1129(a)(8) requires that "[w]ith respect to each class of claims or interests - - (A) such class has accepted the plan; or (B) such class is not impaired under the plan." 11 U.S.C. § 1129(a)(8).

"fair and equitable," because the Plan violates the absolute priority rule. This is because under the Plan, Realty LLC's 80% pre-bankruptcy equity holder (Ralph Roberts) would receive a property interest, in the form of a 100% ownership interest in the reorganized Realty LLC, and this must be deemed to be "on account of" Roberts' pre-bankruptcy equity interest in Realty LLC.

Debtors, on the other hand, argue that they have met the "fair and equitable" requirement, because they have satisfied the "new value corollary" to the absolute priority rule, discussed in *Bank of America Nat'l Trust and Savs. Ass'n v. 203 North LaSalle St. P'ship*, 526 U.S. 434 (1999).

In *North LaSalle*, the United States Supreme Court explained that the "new value corollary," which has been recognized by many lower courts, derives from an interpretation of the "on account of" language in § 1129(b)(2)(B)(ii). 526 U.S. at 442-43. The Supreme Court noted that according to a majority of a divided panel of the Seventh Circuit in the case before it, *In re 203 N. LaSalle St. P'ship*, 126 F.3d 955 (7th Cir. 1997), the "new value corollary"

> provides that the objection of an impaired senior class does not bar junior claim holders from receiving or retaining property interests in the debtor after reorganization, if they contribute new capital in money or money's worth, reasonably equivalent to the property's value, and necessary for successful reorganization of the restructured enterprise.

*Id.* The Supreme Court further noted that in the case before it, the Seventh Circuit panel majority held that

> "when an old equity holder retains an equity interest in the reorganized debtor by meeting the requirements of the new value corollary, he is not receiving or retaining that interest 'on account of' his prior equitable ownership of the debtor. Rather, he is

5

>       allowed to participate in the reorganized entity 'on account of' a
>       new, substantial, necessary and fair infusion of capital."

*Id.* The Supreme Court noted further that the dissent to the Seventh Circuit panel majority's opinion argued that under the plain language of § 1129(b)(2)(B)(ii), there is no "new value" exception to the absolute priority rule. *Id.* at 443 (citing *In re 203 N. LaSalle St. P'ship*, 126 F.3d 955, 970 (7th Cir. 1997)).

The Supreme Court found it unnecessary to decide whether there is actually a "new value" corollary to the absolute priority rule, because even assuming that there is such a corollary, the plan in *North LaSalle* did not satisfy it. *Id.* at 454. The plan in *North LaSalle* was proposed during a time when the debtor partnership had the exclusive right to propose a plan, and provided pre-petition equity holders of the debtor (the limited partners of the debtor partnership) with the exclusive opportunity to obtain ownership interests in the reorganized debtor by contributing new value to the reorganized debtor. *Id.* at 438-40. The Supreme Court held that the plan was "doomed . . . by its provision for vesting equity in the reorganized business in the [d]ebtor's partners without extending an opportunity to anyone else either to compete for that equity or to propose a competing reorganization plan." *Id*. at 454.

The Supreme Court held that the *opportunity* to obtain an interest in the reorganized debtor was itself a property interest, and that when a plan gives such an opportunity exclusively to the old equity holders, it must be deemed to be "on account of" their equity interests within the meaning of § 1129(b)(2)(B)(ii). *Id.* at 455. The Court explained:

>       If the price to be paid for the equity interest is the best obtainable,
>       old equity does not need the protection of exclusiveness (unless to
>       trump an equal offer from someone else); if it is not the best, there
>       is no apparent reason for giving old equity a bargain. There is no

> reason, that is, unless the very purpose of the whole transaction is, at least in part, to do old equity a favor. And that, of course, is to say that old equity would obtain its opportunity, and the resulting benefit, because of old equity's prior interest within the meaning of subsection (b)(2)(B)(ii). Hence it is that the exclusiveness of the opportunity, with its protection against the market's scrutiny of the purchase price by means of competing bids or even competing plan proposals, renders the partners' right a property interest extended "on account of" the old equity position and therefore subject to an unpaid senior creditor class's objection.

*Id.* at 456. The Supreme Court held that even if there is a new value corollary to the absolute priority rule, "a debtor's prebankruptcy equity holders may [not], over the objection of a senior class of impaired creditors, contribute new capital and receive ownership interests in the reorganized entity, when that opportunity is given exclusively to the old equity holders under a plan adopted without consideration of alternatives." *Id*. at 437.

Like the plan in *North LaSalle*, the Debtors' Third Amended Plan in this case is "doomed." The Plan, which Debtors proposed at a time when only they could file a plan, under 11 U.S.C. § 1121(b), gives an exclusive opportunity to the old equity owner Ralph Roberts to obtain 100% of the new equity in the reorganized Realty LLC, by contributing "new value." The Plan does not give anyone else such an opportunity; it does not allow anyone else to compete for the ownership of the reorganized Realty LLC. Under *North LaSalle*, the Third Amended Plan clearly violates the absolute priority rule — *i.e.*, it fails to satisfy § 1129(b)(2)(B)(ii). For this reason alone, confirmation of this plan must be denied.

Debtors argue that in this case it makes no sense to require that anyone other than Ralph Roberts have an opportunity to buy the new equity in the reorganized Realty LLC. This is so, according to Debtors, because Ralph Roberts, with his particular talents, knowledge, and

7

contacts, and his real estate broker's license, is personally essential to the continuing operation, viability, and value of Realty LLC. And, Debtors say, if someone other than Ralph Roberts were to obtain the equity in Realty LLC, Ralph Roberts would not continue to work for that entity. Knowing this, Debtors suggest, no one else would bid, or try to outbid Ralph Roberts, for the equity in the reorganized Realty LLC.

Debtors' argument does not permit the Court to allow Ralph Roberts to have the exclusive opportunity to buy the equity of the reorganized Realty LLC. The Supreme Court rejected a similar argument in *North LaSalle*:

> While it may be argued that the opportunity has no market value, being significant only to old equity holders owing to their potential tax liability, such an argument avails the Debtor nothing, for several reasons. It is to avoid just such arguments that the law is settled that any otherwise cognizable property interest must be treated as sufficiently valuable to be recognized under the Bankruptcy Code. *See* [*Norwest Bank Worthington v.*] Ahlers, 485 U.S. [197 (1988)], 207–208. Even aside from that rule, the assumption that no one but the Debtor's partners might pay for such an opportunity would obviously support no inference that it is valueless, let alone that it should not be treated as property. And, finally, the source in the tax law of the opportunity's value to the partners implies in no way that it lacks value to others. It might, indeed, be valuable to another precisely as a way to keep the Debtor from implementing a plan that would avoid a Chapter 7 liquidation.

526 U.S. at 455.

For these reasons, the Debtors' Third Amended Plan violates the absolute priority rule, and cannot be confirmed.

## V. Conclusion

For these reasons, the Court will enter an order denying confirmation of Debtors' Third

Amended Plan. The order will allow Debtors an opportunity to file, within 14 days, a new combined plan and disclosure statement that is consistent with this opinion.

**Signed on October 19, 2012**  /s/ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**