IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, *et al*[1] | ) | Case No. 12-53023 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Thomas J. Tucker |
| | ) | |

## DEBTORS' AMENDED APPLICATION TO EMPLOY LAURA MARJI OF MARJI & LEJKOWSKI, PLLC AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(E), 328(A), & 329, RULES 2014(A) & 2016(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1

The above-captioned debtors (the "Debtors") hereby submit this Amended Application (the "Application") to Employ Laura Marji of Marji & Lejkowsi, PLLC ("Marji") as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), and 329, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1. In support of the Application, the Debtors state as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(e), 328(a) and 329 of Title 11 of the United States Code as amended from time to time (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

"Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules").

## Factual Background

4. On May 25, 2012 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On June 21, 2012, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these cases.

6. Ralph Roberts Realty, LLC ("Realty") is a real estate brokerage firm that, in addition to its full-service real estate business, also, invests in real estate and Mr. Roberts is its sole owner and president.

7. Mr. Roberts is a salaried employee of Realty, with a 35-year career in real estate.

8. The Debtors have commenced these cases to facilitate their orderly restructuring and believe their current efforts will maximize recovery to all creditors and other parties in interest.

A. **Relationship Between Marji And The Debtor**

9. Marji, of Marji & Lejkowsi, PLLC (the "Firm") is a firm specializing in civil litigation and business planning. The Debtors have retained Marji to file a restraining order in Macomb County Court against a Mr. Joe Joachim. Mr. Joachim has had to be escorted off of the Debtors' premises by the police, and has, on several occasions, disrupted sheriff's sales that Mr. Roberts is attending, as well as confronting and intimidating Mr. Roberts in various public locations.

10. The Debtors seek to retain Marji and the Firm to continue to provide legal counsel and services with respect to a restraining order against Mr. Joachim, as well as other related legal services. The Debtors believe that, due to her knowledge of the relevant legal issues, Marji is the best choice to continue to represent the Debtors with respect to this matter.

## RELIEF REQUESTED AND BASIS FOR RELIEF

11. The Debtors seek the authority to employ Marji as the Debtors' special counsel with respect to the above restraining order issue for the Debtors pursuant to §§ 327(e), 328 and 329 of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1.

**B.   The Statute**

12. Section 327(e) of the Bankruptcy Code enables trustees (and thus debtors), under certain specified conditions, to employ attorneys to represent them for specified purposes. Specifically, § 327(e) states as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

13. As illustrated below, Marji satisfies the requirements of § 327(e). Therefore the Court should grant this Application.

**C.   Scope Of Proposed Retention**

14. The Debtors propose that Marji be employed only to assist the Debtors with respect to this restraining order matter. Marji's services will not be duplicative of any other professional retained by the Debtors.

### D. The Employment Of Marji Is In The Best Interests Of The Debtors' Estates

15. The Debtors submit that it is in the best interests of their estates to retain Marji to assist with this matter. Marji is knowledgeable with respect to this area, is economically reasonable, and can deal with the matter on a timely basis.

### E. No Adverse Interest On Special Purposes For Which Marji Is To Be Employed

16. In accordance with its plain language, § 327(e) does not require that a proposed professional be "disinterested." Rather, as the United States District Court for the Eastern District of Michigan has concluded, "§ 327(e) only requires that the attorney not be in conflict (i.e., not hold an interest adverse to the estate) with the trustee for the specific purpose that the special counsel designation applies." *In re MTG, Inc.*, 298 B.R. 310, 318 (E.D. Mich. 2003).

17. Under § 327(e), to "represent or hold any interest adverse to the debtor or to the estate" means (1) to hold or assert any economic interest that would tend to reduce the value of the bankruptcy estate or that would give rise to an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such predisposition a bias against the estate." *Development Corp.*, 283 B.R. at 469 (citing In re C.F. Holding Corp., 164 B.R. 799 (Bankr. D. Conn. 1994)). As such, "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand." *Id.* at 468 (quoting *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999)) (emphasis in original).

18. To the best of the Debtors' knowledge and based upon the Affidavit and Disclosure Statement of Laura Marji in support of this Application (the "Affidavit"), a copy of which is attached hereto, neither Marji nor the Firm represents or holds any interest adverse to the Debtors or to their estates either in general or with respect to the matters for which they are to be retained.

### F. <u>Compensation</u>

19. In accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to Marji on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Marji. All fees for services rendered and expenses incurred by Marji are subject to Court approval.

20. Marji's hourly rates are set at a level designated to compensate her fairly for her work and to cover fixed and routine overhead expenses. It is the Firm's policy to charge their clients in all areas of practice for all other expenses incurred in connection with a client's matter. The expenses charged to clients may include, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, and telecopier charges. Marji will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to her other clients.

### <u>CONCLUSION</u>

21. The Debtors believe that Marji is well-qualified to represent them as special counsel. For the reasons stated throughout this Application, the Debtors believe that employing Marji as special counsel during these proceedings is in the best interests of the Debtors' estates, and that neither Marji nor the Firm holds interests adverse to the Debtors or their estates with respect to the matters for which they is to be employed. Therefore, the Debtors submit that the proposed employment of Marji complies with the requirements of § 327 of the Bankruptcy code and the Court should approve this Application.

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as <u>Exhibit 1</u>, employing Laura Marji as the Debtors' special counsel, pursuant to § 327(e) of the Bankruptcy Code.

Date December 17, 2012

By: /s/ *Ralph R. Roberts*
President, Ralph Roberts Realty, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| RALPH ROBERTS REALTY, LLC, *et al*[1] ) | Case No. 12-53023 |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Judge Thomas J. Tucker |
| ) | |

## ORDER GRANTING DEBTORS' AMENDED APPLICATION TO EMPLOY LAURA MARJI OF MARJI & LEJKOWSKI, PLLC AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(E), 328(A), & 329, RULES 2014(A) & 2016(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1

Upon the Amended Application (the "Application")[2] of the above-captioned debtors (the "Debtors") to Employ Laura Marji ("Marji") of Marji & Lejkowski, PLLC (the "Firm") as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), and 329 and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1; the Court having jurisdiction over this matter; it appearing that due and sufficient notice of the Application has been provided, and that no other or further notice need be provided; it further appearing that the relief requested in the Application is in the best interests of the Debtors' estates and creditors, and that neither Marji nor the Firm represents or holds any interest adverse to the Debtors or their estates with respect to the matters for which they are to be employed as described in the Application; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted.

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

[2] Capitalized terms used and not defined herein shall have the meaning ascribed thereto in the Application.

2. Pursuant to § 327(e) of the Bankruptcy Code, the Debtors are authorized to employ and retain Marji and the Firm as special counsel.

3. Marji shall be compensated in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Procedure.

4. Compensation will be payable to Marji on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Marji.

5. The Court upon appropriate application shall determine the compensation and reimbursement of expenses to be allowed to the Firm and upon notice and a hearing in accordance with 11 U.S.C. §§ 330 and 331 and the applicable Bankruptcy Rules.

6. This Order is a final Order pursuant to 28 U.S.C. § 158 and shall be effective immediately upon entry.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| RALPH ROBERTS REALTY, LLC, *et al*[1] ) | Case No. 12-53023 |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Judge Thomas J. Tucker |
| ) | |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF LAURA MARJI IN SUPPORT OF THE DEBTORS' AMENDED APPLICATION TO EMPLOY LAURA MARJI OF MARJI & LEJKOWSKI, PLLC AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(E), 328(A), & 329, RULES 2014(A) & 2016(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1**

STATE OF MICHIGAN )
                               ) ss
COUNTY OF OAKLAND )

I, Laura Marji, being duly sworn, depose and state as follows:

1. I am an attorney admitted to practice in the State of Michigan. I submit this affidavit (the "Affidavit") in connection with the Application of the above-captioned debtors (the "Debtors") to Employ Laura Marji ("Marji") of Marji & Lejkowski, PLLC (the "Firm") as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), and 329 and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1 (the "Application"). Unless otherwise stated in this Affidavit, I have personal knowledge of the facts herein. I will supplement this Affidavit if and when additional information becomes available concerning any relationship between the creditors or interest holders of the Debtors.

2. To the best of my information, knowledge and belief, neither I nor any member of the Firm represents or holds any interest adverse to the bankruptcy estates of the Debtors.

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

3. To the best of my information, knowledge and belief, other than as disclosed herein, neither I nor the Firm have any connections with the Debtors, their creditors, or any other party in interest, their respective known attorneys or accountants, the United States Trustee or any other person employed by the United States Trustee.

4. In the year preceding the Debtors' bankruptcy filing, the Debtors paid the Firm $0.00.

5. As of May 25, 2012, the date the Debtors filed for bankruptcy, the Debtors did not owe anything to the Firm.

6. I have acted as counsel to the Debtors since June 21, 2012.

7. The Firm maintains and systematically updates a client database, as part of its timekeeping and client contact programs, in the regular course of business, and it is the Firm's regular practice to make and maintain these records. No new matter may be accepted or opened without checking the client database for conflicts. I have checked the database and determined that neither I nor the Firm represents or holds any interest adverse to the Debtors or to their estates.

8. I have not entered into an agreement or understanding with any person or firm for the sharing of any compensation paid or to be paid for services rendered or to be rendered herein.

9. Based on the foregoing, I do not hold or represent an interest adverse to the Debtors' estates with respect to the matters on which I am to be retained, as required under § 327(e) of the Bankruptcy Code, and that my employment is in accordance with § 327 of the Bankruptcy Code.

FURTHER AFFIANT SAYETH NOT.  _____
　　　　　　　　　　　　　　　　　　　　**LAURA MARJI**

Subscribed and sworn to before
me this 10th day of July, 2012

_____
Amy M. Hensley
Notary Public, State of Michigan
County of Macomb
My commission expires: 11/20/2018
Acting in the County of Macomb
Witnessing the signature of Laura Marji

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| RALPH ROBERTS REALTY, LLC, *et al.*[1] ) | Case No. 12-53023 |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Judge Thomas J. Tucker |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2012, I electronically filed the *1) Debtors' Amended Application to Employ Laura Marji of Marji & Lejkowski, PLLC as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), & 329, Rules 2014(a) & 2016(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1, 2) Proposed Order Granting Debtors' Amended Application to Employ Laura Marji of Marji & Lejkowski, PLLC as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), & 329, Rules 2014(a) & 2016(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-, 3) Affidavit and Disclosure Statement of Laura Marji in Support of Debtors' Amended Application to Employ Laura Marji of Marji & Lejkowski, PLLC as Special Counsel Pursuant to 11 U.S.C. §§ 327(e), 328(a), & 329, Rules 2014(a) & 2016(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1, and 4) Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Office of the U.S. Trustee
211 W. Fort Street, Suite 700
Detroit, MI 48226

John C. Lange on behalf of Debtors In Possession Ralph Roberts Realty, LLC and Ralph R. Roberts
jlange@glmpc.com

Hannah Mufson McCollum on behalf of Debtors In Possession Ralph Roberts Realty, LLC and Ralph R. Roberts
hmccollum@glmpc.com

A. Stephen Ramadan on behalf of Creditor Bryan Legree
steveramadan@gmail.com

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

Marc E. Thomas on behalf of Creditors Audrey Ferris, Tony Ferris, Joseph Zardis, Eleanor Zardis, M. John Zardis, Marcy C. Ferris, Helen Sernka, and Richard P. Whitmore
marcethomas@mindspring.com, marcethomas@msn.com

                Respectfully submitted,

                GOLD, LANGE & MAJOROS, P.C.

Dated: December 17, 2012        /s/ *Hannah Mufson McCollum*
                                    HANNAH MUFSON McCOLLUM (P67171)
                                    Attorney for the Debtors
                                    24901 Northwestern Highway, Suite 444
                                    Southfield, MI 48075
                                    (248) 350-8220
                                    hmccollum@glmpc.com
                                    P67171