**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, *et al.*[1] | ) | Case No. 12-53023 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Thomas J. Tucker |
| | ) | |

**NOTICE OF PRESENTMENT OF STIPULATED ORDER CONFIRMING THE FIFTH
COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT OF
RALPH ROBERTS REALTY, LLC AND RALPH R. ROBERTS UNDER CHAPTER
11 OF THE BANKRUPTCY CODE AND APPROVING DISCLOSURE STATEMENT**

PLEASE TAKE NOTICE that, on January 16 and January 23, 2013, the Court held a

hearing (the "Confirmation Hearing") to consider the confirmation of the Fifth Amended

Combined Plan of Reorganization and Disclosure Statement (the "Plan") filed by Ralph Roberts

Realty, LLC and Ralph R. Roberts (collectively, the "Debtors"). At the Confirmation Hearing,

the Debtors and the Official Committee of Unsecured Creditors (the "Committee") announced

the terms of a compromise of the Committee's objection to the Plan on the record of the

Confirmation Hearing. The Debtors, the Committee, the 2007 Creditors, the Office of the United

States Trustee, Ally Financial, Inc., among others, have stipulated to the entry of the attached

proposed Order.

THEREFORE, PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy

Rule 9021(1)(a)(4)(A), the Debtors, by and through their undersigned counsel, Gold, Lange &

Majoros, P.C., will submit the attached proposed stipulated confirmation order, which comports

with the compromise placed on the record at the Confirmation Hearing for entry if written

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

objections are not filed and served upon Debtors' counsel within seven (7) days after service of this notice and proposed order.

Respectfully Submitted,

Dated: January 29, 2013

GOLD, LANGE & MAJOROS, P.C.

/s/ Hannah Mufson McCollum
HANNAH MUFSON MCCOLLUM
Attorneys for the Debtors
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075-2204
Telephone: (248) 350-8220
hmccollum@glmpc.com
P67171

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, *et al.*[1] | ) | Case No. 12-53023 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Thomas J. Tucker |
| | ) | |

## ORDER CONFIRMING THE FIFTH AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT OF RALPH ROBERTS REALTY, LLC AND RALPH R. ROBERTS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE AND APPROVING DISCLOSURE STATEMENT

This Court held a hearing on January 16, 2013 and on January 23, 2013 (collectively, the "Confirmation Hearing") to consider confirmation of the Fifth Amended Combined Plan of Reorganization and Disclosure Statement of Ralph Roberts Realty, LLC ("Realty") and Ralph R. Roberts (collectively, the "Debtors") Under Chapter 11 of the Bankruptcy Code (the "Plan"). The Official Committee of Unsecured Creditors (the "Committee") filed an objection (the "Objection") to the Plan. At the Confirmation Hearing, the Court heard the statements of counsel with respect to the settlement of the Objection and confirmation of the Plan, considered all documents and affidavits regarding confirmation; and after due deliberation thereon, discussions made on the record at the Confirmation Hearing and good cause appearing therefor, this Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Orders:

NOW, THEREFORE, IT IS HEREBY FOUND AND DETERMINED THAT:

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

a.      Venue in the Eastern District of Michigan, Southern Division, was proper as of May 25, 2012 (the "Petition Date") and continues to be proper.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court has exclusive original jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

b.      The Debtors are proper debtors under section 109 of the Bankruptcy Code, and are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

c.      The Debtors have proposed the Plan in good faith and not by any means forbidden by law.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of this chapter 11 case, the Plan itself, and the process leading to its formulation.

d.      As evidenced by the Affidavit of Hannah McCollum regarding solicitation, due, adequate and sufficient notice of the Plan and of the hearing to consider confirmation of the Plan, along with all deadlines for voting on, or objecting to, the Plan was given to all known holders of Claims[2] and Interests, all parties that requested notice in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Office of the United States Trustee in compliance with Bankruptcy Rules 2002(b), 3017 and 3020(b), and such transmittal and service were adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing, and other bar dates and hearings was given in compliance with the Bankruptcy Rules and no other or further notice is or shall be required.

---

[2] All capitalized terms not defined herein shall have the meanings given to them in the Debtors' Plan.

e.     All procedures used to distribute solicitation materials to the applicable holders of Claims and Interests and to tabulate the ballots were fair and conducted in accordance with Title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"), and all other applicable rules, laws and regulations.

f.     The solicitation of acceptances or rejections of the Plan was (i) in compliance with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation; and (ii) solicited after disclosure to holders of Claims or Interests of "adequate information" as defined in section 1125(a) of the Bankruptcy Code. Accordingly, the Debtors and their agents, affiliates and Professionals, as applicable, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

g.     The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation, sections 1122, 1123, 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019.

h.     Each Class of Claims contains only Claims or Interests that are substantially similar to the other Claims within that Class and the Plan provides the same treatment for each Claim within a particular Class.

i.     The Plan provides adequate and proper means for its implementation.

j.     The provisions of the Plan are in the best interests of creditors.

k.     The Plan is feasible.

l.     The liquidation analysis attached to the Plan and the other evidence related thereto is reasonable and has not been controverted by other evidence, and the methodology used and assumptions made in such liquidation analysis are reasonable.

12-53023-tjt    Doc 219    Filed 01/29/13    Entered 01/29/13 12:59:49    Page 5 of 22

m. The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

n. The Plan satisfies Section 1129(a)(10) of the Bankruptcy Code because Classes 1, 2, 4, 5, 6, 7, 8, 10, 11 and 13, voted to accept the Plan.

o. The Debtors have demonstrated that there is a reasonable prospect that they can consummate the transactions and conveyances contemplated by the Plan.

p. The Plan does not discriminate unfairly.

q. The Plan is fair and equitable

r. The principal purpose of the Plan is not the avoidance of taxes, the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e) or the avoidance of liability under Title IV of the Employment Retirement Income Security Act of 1974 (29 U.S.C. §§ 1301-1461 (2000 & Supp. I 2001)) ("ERISA").

## II.    ORDER

Based on the foregoing, now, therefore:

IT IS ORDERED that the Disclosure Statement is granted final approval.

IT IS FURTHER ORDERED that the Plan is confirmed effective as of January 16, 2013.[3]

IT IS FURTHER ORDERED as follows:

1. The Plan meets all of the requirements of the Bankruptcy Code, and, accordingly, the Plan, and each of its provisions, is confirmed in all respects.

2. All objections and responses to, and statements and comments regarding, the Plan, to the extent not already resolved or withdrawn pursuant to representations made on the record at the Hearing, shall be, and hereby are, overruled.

---

[3] If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3.      The Plan is fair and equitable to the Debtors' creditors.

4.      The Plan offers Mr. Roberts' net disposable income over the life of the Plan to creditors.

5.      The record of the Confirmation Hearing is closed.

6.      Pursuant to section 1142(b) of the Bankruptcy Code, the Debtors are authorized and directed to execute and deliver all documents and agreements necessary to consummate and implement the Plan and to take any and all lawful actions necessary to consummate and implement the Plan.

7.      The rights afforded in the Plan and the treatment of all Claims in the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims and Interests of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, against the Debtors or any of their assets or properties; except, however, that Mr. Ralph R. Roberts shall not receive his individual discharge until he satisfies the relevant provisions of paragraph 12 below.

8.      The provisions contained in Article IX of the Plan, including, without limitation, the provisions regarding the assumption and rejection of the Debtors' executory contracts and unexpired leases, are hereby approved and found to be fair and reasonable.

9.      In the event of conversion of this case to a Chapter 7 proceeding, all property of the Debtors which will re-vest in them upon confirmation of the Plan in the Reorganized Debtors and all of their after-acquired property shall be property of their Chapter 7 estate.

10.     Pursuant to section 1146(c) of the Bankruptcy Code, no stamp tax or similar tax shall be due as a result of any transfers performed or executed pursuant to the Plan.

11.     Pursuant to the agreement between the Debtors, the Committee and the 2007 Creditors (as defined in the Plan) at the Confirmation Hearing, in full and final settlement of the Objection and the litigation in Macomb County Circuit Court commenced by the 2007 Creditors, the following compromise is approved:

a.     On or before March 1, 2013, Realty and Mr. Roberts will together make a payment of $250,000 in cash, $30,000 of which will be either paid by or attributed to Mr. Roberts, which payment will be deposited into the client trust account of Gold, Lange & Majoros, P.C. (the "Initial Payment").

b.     The Initial Payment will be used for the **sole purpose** of paying (i) the Allowed Administrative Expense Claims for professional compensation and reimbursement of expenses incurred by Court approved case professionals (the "Professional Compensation"); and (ii)  expenses of the members of the Committee which are Allowed in the amount of $4,653.45 (the "Committee Reimbursement Claim"), provided however, that in the event that the Allowed amount of all such claims exceeds $250,000, then any such amount in excess of $250,000 (the "Excess Amount") shall be paid by the Debtors and shall **not** be paid from the Initial Payment or from the Unsecured Distribution (as defined below).

c.     The Debtors will make arrangements with Gold, Lange & Majoros, P.C., Sirianni & Company, PLLC, Jacob & Weingarten, P.C., The Law Offices of Robert A. Novak, Mike DiLaura & Associates, P.C., O'Reilly Rancilio, P.C., and Marji & Lejkowski, P.C. to pay the Excess Amount.

8

d.   If there are funds remaining from the Initial Payment after the payment of the Professional Compensation and the Committee Reimbursement Claim (the timing of which will be in accordance with Paragraph 15), such excess funds shall be added to the Unsecured Distribution (as defined below) and paid pro rata to the unsecured creditors of the Debtors.

e.   Payment of the Initial Payment by the Debtors will constitute payment by Ralph R. Roberts of all amounts due creditors under the Plan.

f.   After Payment of the Initial Amount, Mr. Roberts will file a notice of completion of payments under 11 U.S.C. §1141(d)(5), which will entitle him to an order granting him a discharge and further entitle him to the protection of the releases and injunctions in Article XI of the Plan.

g.   Realty will pay $250,000 pro rata to, and for the sole benefit of, creditors holding Allowed Claims in classes 1, 2, 3, 4, 5, 6, 7, 9 and 11 as set forth in the Plan in 48 equal monthly installments without interest (the "Unsecured Distribution").

h.   Paragraph 1.1.47 of the Plan is deleted in its entirety.

i.   Realty, as debtor or reorganized debtor, agrees to and does hereby grant to Dr. Mary Ferris, as the nominee for the general unsecured creditors of the Debtors (the "Nominee"), a second-position lien and security interest in all of Realty's assets (the "Lien"), including all written and oral contracts with investors, to secure payment of Realty's obligation to pay the Unsecured Distribution.  The Lien shall be evidenced by the entry of this Order, and except as otherwise provided herein, shall be deemed to be

second priority, valid and perfected as against all third parties upon entry of this Order, without regard to applicable federal, state or local filing and recording statutes, as of the Effective Date, provided, however, that Nominee may take such steps as she deems appropriate to comply with such recording statutes and Debtors shall execute and deliver such additional documents and shall take any and all additional action to comply with such recording statutes as Nominee may request. At Nominee's discretion, it may attach this Order to financing statements bearing Realty's name as the debtor and file them with any state or local office to further evidence the Lien without the signature of Realty.

j.    A total of $10,000, from the first two payments of the Unsecured Distribution, shall be made to Mr. Marc Thomas, Esq., who will hold such amount in escrow. In the event that the Nominee must take any action to enforce Realty's payment of the Unsecured Distribution, such enforcement action may be funded by this escrowed amount. If no enforcement action is taken by the Nominee during the 48-month Unsecured Distribution payment period, this escrowed amount will be returned to Debtors for pro rata distribution to all members of classes 1, 2, 3, 4, 5, 6, 7, 9 and 11.

k.    Upon the failure of Realty to make any Unsecured Distribution payment that is not cured within 5 business days of the mailing of a written notice of default by the Nominee to Realty and to Realty's counsel of record as set forth in Section 14.9 of the Plan, the Nominee is entitled to seek all

appropriate relief from the Bankruptcy Court, including, but not limited to, acceleration of the entire Unsecured Distribution or conversion of Realty's bankruptcy case.

l.      No later than 7 days after the Effective Date, the 2007 Creditors will dismiss the currently pending action in Macomb County Circuit Court, case no. 2011-0782-CK with prejudice and will not re-file such case or any similar case against the Debtors, the Debtors' agents, affiliates, related entities, insiders, control persons, agents, successors or assigns.

m.      The general unsecured claims of Kathleen A. Roberts, Maplelane Homes, Inc., Joseph Sirianni, Nancy Sirianni, Sirianni & Company, PLLC, and Joseph Sirianni CPA, are disallowed in their entirety and shall not be paid any portion of the Unsecured Distribution.

n.      No later than 7 days after the entry of this Order, the Debtors will object to the claim of Statebridge, Inc., Dorotha Roberts, Sally Paczkowski, Wallace Paczkowski, David Griem and Griem & Griem, P.C. or will obtain the consent of Statebridge, Inc., Dorotha Roberts, Sally Paczkowski, Wallace Paczkowski, David Griem and Griem & Griem, P.C. to the waiver of each of their full claims. The Committee must consent to any resolution by the Debtors of the Statebridge, Inc., David Griem and Griem & Griem, P.C. claims.

o.      Any payment by the Debtors to Dorotha Roberts, Sally Paczkowski, Wallace Paczkowski, David Griem or Griem & Griem P.C. on account of

their claims, if allowed, will be the separate responsibility of the Debtors and will not be paid from the Unsecured Distribution.

p.  As a consequence of the substantial contribution made by Mr. Marc Thomas, counsel for the 2007 Creditors, the 1/3 contingency fee claim of Mr. Marc Thomas against the recoveries of the 2007 Creditors shall be paid from the Unsecured Distribution, not only the funds owed to the 2007 Creditors.

q.  The Committee shall continue in existence past the Effective Date only for the limited purpose of (1) preparing, filing and prosecuting, if applicable, the application for compensation and reimbursement of expenses of Carson Fischer, P.L.C., (2) reviewing, filing objections, and prosecuting such objections to other applications for compensation of professionals and (3) reviewing and consenting to the settlement, if any, of the claim of Statebridge, Inc. (the "Additional Committee Activities").  All fees for Additional Committee Activities shall be paid from the Initial Payment in accordance with Paragraph 15.

r.  The Lien will be released by the Nominee no later than seven days after written notice of payment in full of the Unsecured Distribution by Realty to the Nominee.  If the Nominee refuses to release the Lien, Realty shall be entitled to seek all appropriate relief from the Bankruptcy Court.

s.  After the Effective Date, Realty will be owned 100% by Mr. Ralph R. Roberts.

12.  The language of 4.10(b) of the Plan is replaced with the following:

Ally Financial, the only creditor in Class 10, will retain, on the Effective Date, a lien on its prepetition collateral. Ally Financial is granted a secured claim in the amount of $50,000 secured by its prepetition collateral. Mr. Roberts will make monthly adequate protection payments to Ally Financial starting January 4, 2013 in the amount of $898.43 per month, which payments shall continue until entry of the Confirmation Order. After entry of the Confirmation Order, the payments to Ally Financial shall continue under the terms of this Plan until a total of 60 payments in the amount of $898.43 have been made, which payments include interest at 3%. The remaining balance due to Ally Financial, in the amount of $4,580.98, shall be treated as a general unsecured claim. This treatment is in full and final satisfaction of Ally Financial's claim against the Debtors and Ally Financial's claim against any guarantors, including personal guarantors.

13. Article VI of the Plan is deleted in its entirety.

14. The Effective Date shall be 10 days after this Order becomes a final Order.

15. Payments under this Order and the Plan shall be made as follows:

    a. Payment of the Committee Reimbursement Claims shall be paid from the Initial Payment immediately upon receipt of the Initial Payment by Gold, Lange & Majoros, P.C.

    b. Payment to Carson Fischer, P.L.C., with regard to any fees and costs incurred prior to the Effective Date, shall be no later than 10 days after entry of an order allowing an application for approval of such professional fees and related expenses.

    c. Payment to Carson Fischer, P.L.C., with respect to any fees and costs incurred subsequent to the Effective Date, shall be within five (5) business days of submission of an invoice for such fees and costs to Debtors' counsel if there is no objection to the fees. If Debtors object to the fees within five (5) business days of receipt of the invoice, such fees shall be paid upon resolution of Debtors' objection by the Bankruptcy Court. There shall be no requirement for Carson Fischer, P.L.C. to file a fee

application for any fees and costs incurred subsequent to the Effective Date.

d. Payment to the Debtors' professionals from the Initial Payment shall be made upon completion of the Additional Committee Activities and final payment to Carson Fischer, P.L.C. in connection with such activities..

e. Payment to the Debtors' professionals with respect to any fees and costs incurred subsequent to the Effective Date, shall be within five (5) business days of submission of an invoice for such fees and costs to Debtors' counsel if there is no objection to the fees.  If Debtors object to the fees within five (5) business days of receipt of the invoice, such fees shall be paid upon resolution of Debtors' objection by the Bankruptcy Court. There shall be no requirement for the Debtors' professionals to file a fee application for any fees and costs incurred subsequent to the Effective Date

f. Payments to Classes 1, 2, 3, 4, 5, 6, 7, 9 and 11 will begin March 1, 2013, or as soon thereafter as possible if the Effective Date is after March 1, 2013, and be made every first of the month thereafter until all 48 installments have been paid.

16. The occurrence of the Effective Date shall constitute authorization for the Debtors to take or cause to be taken any corporate action necessary or appropriate for the effectuation of the Plan and all such actions are deemed approved.

17. Ralph Roberts Realty, LLC and Ralph R. Roberts are authorized to take the "Debtor in Possession" language off of their existing accounts and insurance policies and operate as the post-confirmation and reorganized debtors effective as of January 16, 2013.

18. Except as otherwise expressly provided for in this Order and in the Plan, on the Effective Date, the property of the Debtors shall re-vest in them free and clear of all Liens and Claims, except the Lien granted to the Nominee herein. To the extent the succession to the Debtors' assets by the Debtors as "reorganized debtors" under the Plan is deemed to constitute a "transfer" of property by the Debtors, and with respect to any transfer of property by the Debtors on the Effective Date, such transfer of property by the Debtors (a) is or shall be a legal, valid and effective transfer of property, (b) vests or shall vest the Debtors with good title to such property, free and clear of all Liens, charges, claims, encumbrances or interests, except as expressly provided in the Plan, (c) does not and shall not constitute a avoidable transfer under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) does not and shall not subject the Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability.

19. From and after the Effective Date, the Debtors may use, acquire and dispose of property, free of any restrictions imposed under the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Court, other than those restrictions expressly imposed in the Plan.

20. To the extent the Debtors' insurance agreements are executory, they will be assumed. Such insurance agreements will vest in the Debtors, who will perform the insured's obligations thereunder, including any obligations related to insurance coverage for claims arising prepetition or during the pendency of the chapter 11 cases.

21.     Pursuant to section 11.2 of the Plan, from and after the Effective Date, the Debtors shall have the right to prosecute any Causes of Action that belong to them, and the proceeds of such actions shall be retained by them.

22.     The provisions contained in Article VIII of the Plan, including without limitation, the provisions governing the procedures for resolving Disputed Claims, are found to be reasonable and are hereby approved.

23.     The Debtors may, prior to the Effective Date and with the prior written approval of the Committee, make appropriate technical adjustments and modifications to the Plan without further order or approval of the Bankruptcy Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims and are filed on the Court's docket.

24.     The Plan and this Confirmation Order shall be binding upon and govern the acts of all persons and entities.

25.     Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

26.     Except as otherwise specifically provided in the Plan, all Persons or Entities who have held, hold, or may hold Claims shall be precluded and permanently enjoined on and after the Effective Date from: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind against the Debtors and/or their estates with respect to any Claim or Interest, (b) the enforcement, attachment, collection, or recovery by any manner or means of any

judgment, award, decree, or order against the Debtors on account of any such Claim or Interest, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or against their property, and (d) commencing or continuing in any manner any action or other proceeding of any kind with respect to any claims that are extinguished, dismissed or released hereby or under the Plan.

27.     If the rejection by the Debtors, pursuant to the Plan, of an executory contract or unexpired lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against the Debtors or their property unless a Proof of Claim is filed electronically with the Clerk of the Court and served upon counsel to the Debtors within fifteen (15) days (unless ordered otherwise by the Court) after service of the earlier of (a) this Confirmation Order; or (b) an Order that the executory contract or unexpired lease has been rejected.

28.     The bar date for the filing of Administrative Expense Claims, including professional compensation and reimbursement of expenses incurred prior to the Effective Date, is 30 days after the date of this Order.  Within one (1) business day of the entry of this Confirmation Order, the Debtors shall cause a copy of this Confirmation Order to be served via regular mail on all creditors listed on their official matrix of creditors.  Any Administrative Expense Claim that is not timely filed on or before said bar date shall be disallowed in its entirety, and such claimant shall be forever barred, estopped, and permanently enjoined from asserting any Administrative Expense Claim against the Debtors and/or any of their assets or properties, and such claimant shall not be entitled to receive any distribution in this chapter 11 case on account thereof.  For clarity, Debtors shall be solely responsible for the payment of all: (i) Allowed Administrative Expense Claims, other than the Professional Compensation and Reimbursement Claims which are to be paid from the Initial Payment pursuant to the terms of

this Order, and (ii) Allowed Priority Claims. Allowed Administrative Expense Claims and Allowed Priority Claims shall not be paid from the Unsecured Distribution.

29.     No later than 10 days after this Order becomes a final Order, the Debtors shall pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6) for all quarters completed and shall continue to remit quarterly fee payments based on all disbursements, until these cases are closed by order of the Court. Simultaneously with payments, the Debtors shall provide to the United States Trustee appropriate affidavits indicating the disbursements for the relevant period(s).

30.     The failure to reference any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

31.     The provisions of the Plan and this Confirmation Order are non-severable and mutually dependent. Under Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

32.     The stay set forth in Bankruptcy Rule 3020(e) is hereby waived. This Confirmation Order shall take effect immediately upon its entry. The Debtors are authorized to consummate the Plan immediately after entry of this Confirmation Order in accordance with the terms of the Plan.

33.     Each of the conditions precedent to the entry of this Confirmation Order, as set forth in section 12.1 of the Plan, has been satisfied or waived in accordance with the Plan.

34.     Each of the conditions precedent to the Effective Date, as set forth in 12.2 of the Plan, is reasonably likely to be satisfied.

35.     The Court may properly retain jurisdiction over the matters set forth in Article XIII of the Plan.

36.     The Plan complies with all requirements of Bankruptcy Rule 3016.

37.     The terms of this Confirmation Order proposes a compromise of the Objection as agreed upon by Debtors and the Committee.  Accordingly, entry of this Order is without prejudice to the rights of any creditor (other than any creditor that has agreed to the form and substance of this Order) to file and serve a written objection to the proposed compromise or the terms of this Order within seven (7) days of the date of the Order.[4]  If an objection is timely filed and served, the Court will conduct a hearing.  If no objections are timely filed and served, this Order shall have full force and effect.

---

[4] At the January 23, 2013 hearing, the Court considered and granted the parties' oral request to shorten the objection period for filing objections to the compromise contained in this Order from 21 days to seven days.

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, *et al.*[1] | ) | Case No. 12-53023 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Thomas J. Tucker |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2013, I electronically filed the *Notice of Presentment of Stipulated Order Confirming the Fifth Amended Combined Plan of Reorganization and Disclosure Statement of Ralph Roberts Realty, LLC and Ralph R. Roberts Under Chapter 11 of the Bankruptcy Code and Approving Disclosure Statement* and this *Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Ian S. Bolton on behalf of Defendant 1836 Brys, LLC
isb@maddinhauser.com, nma@maddinhauser.com

Kelley Callard on behalf of U.S. Trustee Daniel McDermott
Kelley.Callard@usdoj.gov

Kassem Dakhlallah on behalf of Defendant Jerone Turner
kassem@jaafarandmahdi.com, kassemdakhlallah@aol.com

Gerald L. Decker on behalf of Respondent Sherry Drouillard
gldeckerlaw@aol.com

Michael P. DiLaura on behalf of Debtor In Possession Ralph Roberts Realty, LLC.
miked@mikedlaw.com

Stuart A. Gold
stuart.gold@7trustee.net, MI33@ecfcbis.com

Stuart A. Gold on behalf of Debtor In Possession Ralph Roberts
sgold@glmpc.com

---

[1] This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

Christopher A. Grosman on behalf of Creditor Committee Official Committee of Unsecured Creditors
BRCY@CarsonFischer.com, cgrosman@carsonfischer.com

Paul R. Hage on behalf of Interested Party Jaffe Raitt Heuer & Weiss, P.C.
phage@jaffelaw.com, jtravick@jaffelaw.com

Michael P. Hogan on behalf of Creditor Ally Financial, Inc.
ecf@kaalaw.com

Sherry Katz-Hedrington on behalf of Defendant Manaia Capital Management, Inc.
corplegalserv@aol.com, shedrington@cstmlaw.com

John C. Lange on behalf of Debtor In Possession Ralph Roberts Realty, LLC.
jlange@glmpc.com

Michael S. Leib on behalf of Defendant 1836 Brys, LLC
msl@maddinhauser.com, bac@maddinhauser.com

Jack J. Mazzara on behalf of Creditor The Mazzara Law Firm, PLLC
jjm@mazzaralaw.com, mds@mazzaralaw.com;mkk@mazzaralaw.com

Hannah Mufson McCollum on behalf of Debtor In Possession Ralph Roberts Realty, LLC.
hmccollum@glmpc.com

A. Stephen Ramadan on behalf of Creditor Bryan Legree
steveramadan@gmail.com

Jonathan Sriro on behalf of Interested Party Deborah Monti
jsriro@lgpclaw.com

Alan J. Taylor on behalf of Creditor Sterling Limited Partnership
alan.taylor@kitch.com,michael.vogt@kitch.com, nancy.bowen@kitch.com

Marc E. Thomas on behalf of Creditor Audrey Ferris
marc@bendurethomaslaw.com, marcethomas@msn.com

Robert A. Weisberg on behalf of Creditor Committee Official Committee of Unsecured Creditors
BRCY@CARSONFISCHER.COM, rweisberg@carsonfischer.com


I further certify that on January 29, 2013, I mailed by United States Mail, First Class, Postage Prepaid, a copy of the *Notice of Presentment of Stipulated Order Confirming the Fifth Amended Combined Plan of Reorganization and Disclosure Statement of Ralph Roberts Realty, LLC and Ralph R. Roberts Under Chapter 11 of the Bankruptcy Code and Approving Disclosure*

*Statement* and this *Certificate of Service* to all parties on the official matrix of creditors in the above-captioned bankruptcy cases.

Dated:  January 29, 2013                 GOLD, LANGE & MAJOROS, P.C.

<u>/s/ Hannah Mufson McCollum</u>
HANNAH MUFSON MCCOLLUM
Attorneys for the Debtors
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075-2204
Telephone:  (248) 350-8220
hmccollum@glmpc.com
P67171