| | |
|---|---|
| IN RE:<br><br>RALPH ROBERTS REALTY, LLC, et al.,[1]<br><br>Debtor.<br>_____/ | Case No. 12-53023<br>(Jointly Administered)<br><br>Chapter 11<br><br>Judge Thomas J. Tucker |

## DEBTORS' RESPONSE TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEBTORS

Debtors Ralph Roberts Realty, LLC and Ralph R. Roberts (collectively the "Debtors") by their attorneys Gold, Lange & Majoros, P.C submit Debtors' Response (the "Response") to Interrogatories, Requests for Production of Documents and Requests for Admissions to Debtors ("Requests") propounded by Maddin, Hauser, Wartell, Roth & Heller, P.C. ("Maddin Hauser"). Debtors reserve the right to amend and supplement answers upon obtaining further information between the time Maddin Hauser is served with this Response and the time of the evidentiary hearing.

### OBJECTIONS

The following general objections apply to each and every discovery request submitted by Maddin Hauser:

A.     Debtors object generally to the Requests because they were served such that the answers are due after the February 22, 2013 deadline imposed by the Bankruptcy Court's Order

---

[1]. This case is jointly administered with the case of Ralph R. Roberts, Case No. 12-53024.

~ 1 ~

Scheduling Evidentary Hearing on Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C., entered January 23, 2013 [Docket No. 212].

B. Debtors object generally to the Requests to the extent that they call for information protected from disclosure by the attorney-client privilege, work product rule, and/or any other applicable privilege.

C. Debtors object generally to Maddin Hauser's instructions and definitions to the extent that those instructions and definitions seek to impose greater and/or different obligations on Debtors than those imposed by Federal Rules of Civil Procedure.

D. Debtors object generally to the Requests to the extent that certain terms and/or phrases used in the Requests cause the affected requests to be vague and ambiguous in their present state for failure to adequately limit or define those terms and/or phrases. To the extent that these vague terms and/or phrases and the requests which they are a part are most broadly interpreted, they lack the particularity required by the Federal Rules of Civil Procedure, and to require a full response to them would impose an undue and oppressive burden of discovery on Debtors and would require a response that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

## **DEFINITIONS**

A. The word "Debtors" as used herein refers to Ralph Roberts Realty, LLC and Ralph R. Roberts.

B. "Realty" means Ralph Roberts Realty, LLC.

C. "And" means and/or.

D. "Or" means and/or.

E. "You" or "your" means the entity to whom these requests for admissions and interrogatories are addressed; its affiliates, divisions, subgroups, parent corporations, predecessors in interest, successors, assignees, agents, legal representatives, trustees, consultants, and all representatives, and other persons acting on its behalf, and its present and former, officers, directors, servants, agents, and employees.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State in detail and with particularity each and every fact, including identifying all documents and witnesses, the nature of the legal services performed by Maddin Hauser for Debtors since its first representation of Debtors.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that Maddin Hauser provided general legal services to the Debtors, including, but not limited to, legal advice related to the Debtors' investor program, specific investors, and general issues requiring legal assistance. Further answering, the Debtors state that Ralph R. Roberts has knowledge of this matter. Further answering the Debtors state that responsive documents are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

**INTERROGATORY NO. 2:**

State the date that Maddin Hauser last performed legal services for Debtors and provide, in detail and with specificity, including identifying all documents and witnesses, the nature of those legal services performed.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that Maddin Hauser last provided legal services to the Debtors in November, 2012, which legal services encompassed a review of the SAFE Act and advice to the Debtors regarding its applicability to the Debtors' investor program and its land contract servicing aspect. Further answering, the Debtors state that Ralph R. Roberts has knowledge of this matter. Further answering the Debtors state that responsive documents are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

**INTERROGATORY NO. 3:**

Are Debtors former clients of Maddin of Maddin Hauser? If your answer is anything other than an unqualified "yes", state in detail and with particularity each and every fact, including identifying all documents and witnesses, that prove and/or support your answer.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors answer that they are, as of the date of these Responses, former clients of Maddin

Hauser.

**INTERROGATORY NO. 4:**

Do you contend that the legal services provided by Maddin Hauser to Debtors relates in any way to the claims and defenses in the Adversary Proceeding. If your answer is anything other than an unqualified "no", state in detail and with particularity each and every fact, including identifying all documents and witnesses, that prove and/or support your answer.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that Maddin Hauser provided the Debtors with legal advice regarding the Debtors' investor program, the breach of which by defendants Jon Savoy, *et al.* is the subject of the adversary proceeding. Further answering, the Debtors state that Ralph R. Roberts has knowledge of this matter. Further answering the Debtors state that responsive documents are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

**INTERROGATORY NO. 5:**

If your answer was "yes" to the preceding Interrogatory, state in detail and with particularity each and every fact, including identifying all documents and witnesses, as to how Maddin Hauser's representation of Defendants in the Adversary Proceeding will involve the use of any "confidential information" Maddin Hauser acquired in its representation of Debtors.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that Maddin Hauser provided the Debtors with legal advice regarding the Debtors' investor program, the breach of which by defendants Jon Savoy, *et al.* is the subject of the adversary proceeding. Further answering, the Debtors state that they track properties for purchase by investors, and the list of such properties, the Debtors' methodology in valuing the tracked properties, and the Debtors' advice regarding which properties would be beneficial to investors as investment purchases are proprietary and confidential commercial information, and the Debtors discussed same with Maddin Hauser during the course of Maddin Hauser's representation of the Debtors. Further answering, the Debtors state that the Bankruptcy Court granted the Debtors' ex parte motion to seal this information when the Debtors were required to file it in connection with their then-proposed Fourth Amended Combined Plan of Reorganization and Disclosure Statement (Order at docket no. 125). Further answering, the Debtors state that Ralph R. Roberts has knowledge of this matter. Further answering the Debtors state that responsive documents are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

# REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce copies of all retainer letters, engagement letters, agreement letters and/or contract for services between Debtors and Maddin Hauser at any time.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that to the extent responsive documents exist, they are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

**REQUEST FOR PRODUCTION NO. 2:**

Produce copies of all invoices, statements, and/or billings for legal services from Maddin Hauser to Debtors at any time.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that to the extent responsive documents exist, they are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

**REQUEST FOR PRODUCTION NO. 3:**

Produce copies of all communications (oral/written/electronic) between Maddin Hauser and Debtors at any time.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that to the extent responsive documents exist, they are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents evidencing that Maddin Hauser's legal representation of Debtors relates in any way to the claims and defenses in the Adversary Proceeding.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that to the extent responsive documents exist, they are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents evidencing Maddin Hauser's representation of Defendants in the Adversary Proceeding will involve the use of any "confidential information" Maddin Hauser acquired in its representation of Debtors.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that to the extent responsive documents exist, they are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents that were relied upon by you in responding to any of these Discovery Requests that have not already been produced to Defendants in accordance with Fed. R. Civ. P. 34.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors state that to the extent responsive documents exist, they are attached to the Debtors' Witness and Exhibit List For Evidentiary Hearing Regarding Debtors' Motion to Disqualify Maddin, Hauser, Wartell, Roth & Heller, P.C. as Counsel for Defendants Jon Savoy et al., filed on March 7, 2013 [Docket No. 238].

## REQUESTS FOR ADMISSIONS AND FOLLOW-UP INTERROGATORY

**REQUEST FOR ADMISSION NO. 1:**

Admit that there are no current retainer letters, engagement letters, agreement letters and/or contract for services between the Debtors and Maddin Hauser.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that there never were any retainer letters, engagement letters, agreement letters and/or contract for services entered into by the Debtors and Maddin Hauser.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the last representation of Maddin Hauser as to either of the Debtors was a telephone call between Jacobs and Roberts on May 17, 2012.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that in November 2012 Roberts contacted Jacobs by telephone to research a legal issue and that Jacobs did not provide the requested legal research to Roberts or that Jacobs concluded

such work prior to the current controversy.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that since September 2010, Maddin Hauser has only billed a total of 4.4 hours for legal services to either of the Debtors.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Roberts is a former client of Maddin Hauser.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 7:**

Admit that RRR LLC is a former client of Maddin Hauser.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Admit that since 2002, Maddin Hauser has never provided Roberts with legal advice, represented

him in litigation, or drafted any documents with respect to any type of contract or agreement whereby Roberts would act as an investor's agent to purchase real property at a sheriff sale.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that any information acquired by Maddin Hauser in its representation of Debtors has nothing to do with any of the claims or defenses in the Adversary Proceeding.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Maddin Hauser's representation of Defendants in the Adversary Proceeding will not involve the use of any "confidential information" Maddin Hauser acquired in its representation of Debtors.

**RESPONSE:**

Denied.

**INTERROGATORY NO. 11 [SIC]:**

If your answer to any of the above Requests for Admission was anything other than an unqualified admission, for each such Request for Admission, describe in detail for each request the basis for your failure to admit, including identifying all facts, witnesses, documents and

experts which support such failure to admit.

**RESPONSE:**

Debtors incorporate the general objections stated above into this response. Further responding, the Debtors incorporate their responses to the above Interrogatories, Requests for Production and Requests for Admission into this response and that no further answer will be provided.

Dated: March 8, 2013

GOLD LANGE & MAJOROS, P.C.

/s/ Hannah Mufson McCollum
Hannah Mufson McCollum (P67171)
24901 Northwestern Hwy., Suite 444
Southfield, MI 48075
Telephone: (248) 350-8220
Fax:           (248) 350-0519
E-mail:    hmmccollum@glmpc.com
*Attorneys for the Debtors*