## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

RALPH ROBERTS REALTY, LLC, a
Michigan limited liability company,

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

      *Debtor.*

---

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Movant, MICHIGAN PROPERTY VENTURES, LLC, for its Motion for Relief from

the Automatic Stay under 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001, E.D. Mich. LBR

4001-1, and E.D. Mich. LBR 9014-1, states as follows:

1.      This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157

and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is

proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3.      On May 25, 2012, Debtor sought protection under Chapter 11 of the

United States Bankruptcy Code.[1]

4.      On February 11, 2013, this Court issued its Order Confirming the Fifth

Amended Combined Plan of Reorganization and Disclosure Statement of Ralph

---

[1] This Court previously jointly administered this case with *In re Ralph R. Roberts*,
Case No. 12-53024-TJT. On April 17, 2013, this Court issued an Order Discharging
Individual Chapter 11 Case After Completion of the Plan (Doc # 70) and terminated
the case on June 6, 2013. In the underlying case, this Court issued an Order Terminat-
ing Joint Administration of Cases and for the Closing of the Case of Ralph R. Roberts,
No. 12-53024 (Doc # 280) on June 6, 2013.

Roberts Realty, LLC and Ralph Roberts under Chapter 11 of the Bankruptcy Code (Doc # 225).

## BACKGROUND

5.      Movant holds fee simple title in the real estate located at 2650 Sunderland, Waterford Township, Oakland County, Michigan, more particularly described as follows:

> Lots 23, 24 and 25, Block 12 of Ideal Country Club, according to the plat thereof recorded in Liber 37 of Plats, Page 21 and 21A of Oakland County Records.
>
> Tax Parcel Identification Number: 13-07-482-004 (the "Property").

6.      On January 23, 2009, Wayne G. Lederbrink, Jr. and Phyllis A. Lederbrink (the "Lederbrinks"), then husband and wife, owned the Property in fee simple.

7.      On that day, the Lederbrinks signed a mortgage over the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Paramount Bank to secure a promissory note for $144,693. MERS had the mortgage recorded on February 3, 2009 in Liber 40864, Page 81, Oakland County Records. Bank of America, NA as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loan Servicing, LP subsequently acquired the mortgage by way of assignment dated March 16, 2012 and recorded March 23, 2012 in Liber 43976, Page 509, Oakland County Records.

8.      In August 2012, as part of their divorce, Phyllis A. Lederbrink conveyed her interest in the Property to Wayne G. Lederbrink, Jr. by way of quitclaim deed dated

2

August 31, 2012, which was recorded on August 31, 2012 in Liber 44611, Page 819, Oakland County Records, a copy of which is attached as **Exhibit A**.

9. Subsequently, the Lederbrinks defaulted on their obligations under the mortgage and, in May 2013, Bank of America, NA began foreclosure proceedings by advertisement on the Property.

10. On June 4, 2013, the Oakland County Sheriff conducted a foreclosure sale where 2650 Sunderland Group, LLC[2] purchased the Property for the sum of $33,376 as evidenced by a Sheriff's Deed on Mortgage Sale (the "Sheriff's Deed") dated June 4, 2013 and recorded June 18, 2013 in Liber 45938, Page 286, Oakland County Records, a copy of which is attached as **Exhibit B**.[3]

11. Included with the Sheriff's Deed was an Affidavit of Purchaser dated June 17, 2013 signed by "Ralph R. Roberts, Agent for 2650 Sunderland Group, LLC." Among other things, the Affidavit provided as follows:

---

[2] According to the Michigan Department of Licensing and Regulatory Affairs, 2650 Sunderland Group, LLC, Identification Number E2629P, was formed on July 29, 2013.

[3] As will be explained more thoroughly below, mortgagors enjoy a statutory right of redemption in the event a mortgage is foreclosed on and the property is sold. *See* Mich. Comp. Laws § 600.3240. The legal operation and effect of the sheriff's deed ultimately depends on the mortgagor's exercise of this right of redemption. "A purchaser's deed is void if the mortgagor … redeems" the premises by tendering amounts owing within the applicable statutory period. Mich. Comp. Laws §600.3240(1). If not redeemed within the statutory period, the deed becomes "operative," vesting in the grantee "all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage.…" Mich. Comp. Laws § 600.3236.

3

a.      In Paragraph 1 of the Affidavit, Mr. Roberts states, "I am an agent of 2650 Sunderland Group, LLC and am authorized by purchaser to submit this Affidavit of Purchaser."

b.      In Paragraph 3 of the Affidavit, Mr. Roberts states, "The last date the Property may be redeemed is the 4th day of December, 2013."

c.      In Paragraph 4 of the Affidavit, Mr. Roberts states, "The amount necessary to redeem the Property is Thirty Three Thousand Three Hundred Seventy Six & 00/100 ($33,376.00), plus interest per diem rate of Four & 57/100 ($4.57) from the date of sale to the date of redemption, plus any additional amounts that may be added pursuant to MCLA 600.3205a(1) [sic].[4]"

d.      In Paragraph 5 of the Affidavit, Mr. Roberts states, "2650 Sunderland Group, LLC has designated Ralph R. Roberts as its designee responsible to assist an appropriate person redeeming the Property in computing the exact amount required to redeem the Property and to receive redemption funds."

12.     On June 7, 2013, Wayne G. Lederbrink, Jr. conveyed his interest in the Property, including his right to redeem, to Movant by way of a quitclaim deed recorded June 10, 2013 in Liber 45899, Page 57, Oakland County Records, a copy of which is attached as **Exhibit C**.

13.     On July 8, 2013, July 12, 2013, July 22, 2013, and again on July 24, 2013, Movant attempted to redeem the Property in accordance with the instructions in

---

[4] Mich. Comp. Laws § 600.3205a(1) is not the correct statutory reference. The correct statutory reference is Mich. Comp. Laws § 600.3240(4).

4

the Purchaser's Affidavit by requesting the amount required to redeem the Property. *See* Emails documenting attempts to redeem, attached as **Exhibit D**.

14. Contrary to Paragraph 5 of the Affidavit of Purchaser, Mr. Roberts failed and refused to provide Movant with the amount required to redeem the Property.

15. On July 29, 2013, Movant contacted 2650 Sunderland Group directly and 2650 Sunderland Group advised Movant that the amount required to redeem the Property was $33,896.50.[5]

16. On July 30, 2013, Movant redeemed the Property by issuing a check for $33,896.50 payable to "2650 Sunderland Group LLC **OR** Ralph Roberts," a copy of which is attached as **Exhibit E**.

17. On the same day, 2650 Sunderland Group conveyed its interest in the Property to Movant by way of quitclaim deed dated July 30, 2013 and recorded July 31, 2013 in Liber 46138, Page 43, Oakland County Records, a copy of which is attached as **Exhibit F**. The Quit Claim Deed states at the bottom of the first page the following: "By execution of this Quit Claim Deed, the Grantor hereby conveys any and all interests in the subject property including but not limited to all interests acquired in the Sheriff's Deed recorded on June 18, 2013 in Liber 45938, Page 286, Oakland County Records."

18. On or about August 24, 2013, Movant, as seller, entered into a Purchase Agreement for the sale of the Property to an unrelated third party, a copy of which is attached as **Exhibit G**.

---

[5] This number includes 57 days of interest at $4.57 per day ($260.61) and the premium for insurance coverage placed on the Property ($259.89).

19.    On information and belief, shortly after August 24, 2013, Debtor and Mr. Roberts learned of the pending sale of the Property (presumably through Realcomp MLS, which reported the Property "Pending" on August 24, 2013).

20.    On August 29, 2013, despite having no legal or equitable interest in the Property, 2650 Sunderland Group purportedly granted a mortgage over the Property in favor of KKJ Investments [sic] Holdings, LLC for $33,376, which mortgage was recorded on September 17, 2013 in Liber 46324, Page 837, Oakland County Records, a copy of which is attached as **Exhibit H**.

21.    On information and belief, the above-described mortgage is a fictional creation of two known associates of Mr. Roberts.[6]

22.    On October 8, 2013, despite having no recognizable legal or equitable interest in the Property and in violation of Michigan law, Debtor and Mr. Roberts recorded a notice of lis pendens concerning the Property dated October 8, 2013 in Liber 46324, Page 837, Oakland County Records, a copy of which is attached as **Exhibit I**. Even though this Court granted Mr. Roberts a Chapter 11 discharge on April 17, 2013 and terminated the bankruptcy on June 6, 2013, and the bankruptcy estates could not legally claim an interest in the Property,[7] the notice of lis pendens claimed:

---

[6] Karen Confer signed the mortgage on behalf of 2650 Sunderland Group "as its member." On information and belief, Ms. Confer did not have a membership interest in 2650 Sunderland Group and did not have authority to act on its behalf. Heather Eliasz, a known associate of Debtor and Mr. Roberts, prepared and notarized the mortgage.

[7] 2650 Sunderland Group purchased the Property at the foreclosure sale. Even if Debtor and/or Mr. Roberts had an interest in 2650 Sunderland Group, they could claim no interest in the Property as a matter of Michigan law. Under Michigan law,

6

On May 25, 2012, Ralph Roberts Realty, LLC and Ralph R. Roberts filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court, Eastern District of Michigan. These cases are being jointly administered under Case No. 12-53023. The bankruptcy estates maintain an interest in real property located in Oakland County, commonly known as 2650 Sunderland, Waterford, Michigan.

23.    On October 16, 2013, 2650 Sunderland Group recorded a Receipt and Certification of Redemption dated July 30, 2013 in Liber 46451, Page 242, Oakland County Records, a copy of which is attached as **Exhibit J**.

24.    Since October 16, 2013, Movant has made numerous demands on Debtor and Mr. Roberts to remove the notice of lis pendens. Debtor and Mr. Roberts have

---

"A member has no interest in specific limited liability company property." Mich. Comp. Laws § 450.4503; *accord Trident-Allied Associates, LLC v. Cypress Creek Associates, LLC*, 317 F. Supp. 2d 752, 754 (E.D. Mich. 2004) ("It is evident that the Michigan legislature fashioned the limited liability company to be a legal entity distinct from its members. Under Michigan's Limited Liability Company Act, a membership interest is personal property and '[a] member has no interest in specific limited liability company property.'"); *In re Hopkins*, No. 10-13592, 2012 WL 423916, at *1 (Bankr. W.D. Mich. Feb. 2, 2012) ("although the Debtor's interest in the LLC was part of the bankruptcy estate, the Property held by the LLC was not."); *Vanderwerp v. Plainfield Charter Twp.*, 752 N.W.2d 479 (Mich. Ct. App. 2008) ("an LLC member … 'has no interest in specific limited liability company property.'"). *See also In re Coenen*, 487 B.R. 539, 541 (Bankr. D. Wis. 2012) ("Although the estate includes the membership and ownership of the LLC, it does not include the assets owned by the LLC. Those assets do not become property of the debtor's bankruptcy estate."); *In re Brittain*, 435 B.R. 318, 322 (Bankr. D.S.C. 2010) ("[A] member's bankruptcy estate has no interest in property of an LLC and … the estate's property interest is limited to the member's distributional interest."); *In re Rodio*, 257 B.R. 699, 701 (Bankr. D. Conn. 2001) ("Under the Connecticut statutes establishing limited liability companies, it is clear that while the debtor's membership interest in R & R is property of the debtor's estate, property of R & R is *not*.").

7

refused to discharge the notice of lis pendens unless Movant pays them the redemption proceeds in the possession of 2650 Sunderland Group and an additional $15,000.

25.     Movant will not pay an additional $15,000 to Debtor and Mr. Roberts. They would have no right to this money had they purchased the Property at the foreclosure sale and Movant redeemed from them (or paid the money to the register of deeds in the event they failed to cooperate). Thus, their demand amounts to extortion.

26.     Because of the notice of lis pendens filed by Debtor and Mr. Roberts, on October 24, 2013, the buyer of the Property terminated the Purchase Agreement. *See* Mutual Release, attached as **Exhibit K**.

## RELIEF FROM THE AUTOMATIC STAY

27.     The filing of a bankruptcy petition operates as an automatic stay that prevents creditors from taking any action to enforce liens or collect claims against a debtor. 11 U.S.C. § 362(a).

28.     Under 11 U.S.C. § 362(a), the automatic stay becomes applicable at the time that the debtor files its bankruptcy petition.

29.     The automatic stay continues in effect until the case is closed, dismissed, discharged, or in the case of property, when it is no longer part of the estate. 11 U.S.C. § 362(c).

30.     "[B]ecause bankruptcy is primarily concerned with the adjustment of the relationships between a debtor and those creditors existing at the time the petition in bankruptcy is filed, actions concerning a debtor's postpetition conduct and dealings are not generally within the ambit of the automatic stay." *In re Heflin*, 145 B.R. 560, 562 (Bankr. S.D. Ohio 1992). Thus, "'[t]he automatic stay does not prohibit the

8

prosecution of an action against a debtor based upon a claim that arose after the filing of the bankruptcy petition.'" *Id.* at 562–563 (citation omitted; collecting cases). *See also Bellini Imports, LTD. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991) ("The stay is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed. It does not include actions arising post-petition.").

31.     The Movant's claims against Debtor arose on October 8, 2013, well over a year after Debtor filed for Chapter 11 bankruptcy on May 25, 2012 and over 7 months after this Court confirmed Debtor's reorganization plan on February 11, 2013. For this reason, the automatic stay does not prohibit Movant from filing an action in state court against the Debtor for its slander of title.

32.     However, because Debtor's bankruptcy estate claims an interest in the Property, Movant seeks relief from the automatic stay to file an action in state court to quiet title in the Property to eliminate the notice of lis pendens filed by Debtor. Debtor is a necessary party to enable Movant to obtain this relief. *See* Mich. Comp. Laws § 600.2932(1); Mich. Ct. R. 3.411(H).

33.     Under 11 U.S.C. § 362(d), "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [and] (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have

an equity in such property; and (B) such property is not necessary to an effective reorganization[.]"

34.     Sufficient cause exists to lift the automatic stay to allow Movant to proceed under applicable non-bankruptcy law to remove the cloud Debtor created.

### A.     Michigan law determines the nature of the estate's interest in the Property

35.     "The general rule in bankruptcy cases is that '[u]nless a federal interest is at issue, property rights are defined by state law.'" *Id.* at 471 (quoting *French v. Frey (In re Bergman)*, 467 F.3d 536, 538 (6th Cir. 2006)). More specifically, state law determines the nature of a debtor's interest in real property. *See In re Horton*, 302 B.R. 198, 200 (Bankr. E.D. Mich. 2003) (citing *Butner v. United States*, 440 U.S. 48 (1979)). Thus, Michigan law governs whether Debtor has a property interest in the Property.

36.     Under Michigan law, "legal title does not vest at once upon the auction sale on statutory foreclosure, but only at the expiration of the period allowed for redemption." *Bankers Trust Co. of Detroit v. Rose*, 33 N.W.2d 783, 785 (Mich. 1948) (internal citation and quotation marks omitted).[8]

---

[8] *Accord Kubczak v. Chemical Bank & Trust Co.*, 575 N.W.2d 745, 748 (Mich. 1998) ("The fact that the bank was the high bidder at foreclosure proceedings did not grant it any rights of ownership or possession, but, rather, gave the bank a contingency interest in the property with respect to title ownership. Accordingly, any interest the bank had would not vest until after expiration of the redemption period."); *Ruby & Associates, P.C. v. Shore Financial Services*, 741 N.W.2d 72, 78 (Mich. Ct. App. 2007), *vacated in part on other grounds*, 745 N.W.2d 752 (Mich. 2008) ("Foreclosure causes equitable title to vest in the purchaser, while legal title remains in the mortgagor until the redemption period expires. During the redemption period, mortgagors retain pos-

37.    "***A purchaser's deed is void if*** the mortgagor, the mortgagor's heirs or personal representative, or ***any person lawfully claiming under the mortgagor*** or the mortgagor's heirs or personal ***representative redeems the entire premises sold by paying the amount required under subsection (2) and any amount required under subsection (4)***, within the applicable time limit prescribed in subsections (7) to (13), ***to the purchaser or the purchaser's personal representative or assigns***, or to the register of deeds in whose office the deed is deposited for the benefit of the purchaser." Mich. Comp. Laws § 600.3240(1).

38.    As the Michigan Supreme Court explained in *Bankers Trust*, "Defendants by their very act of redeeming caused that the plaintiff never became a purchaser of the premises within the meaning of the statute, never received any title thereto, and that the sheriff's deed on foreclosure became void and a nullity and was required to be destroyed." 33 N.W.2d at 785.

**B.    The Bankruptcy estate cannot claim an interest in the Property**

39.    Based on *Bankers Trust*, because of Movant's redemption of the Property on July 30, 2013, 2650 Sunderland Group never became a purchaser of the Property, never received any title to the Property, and the Sheriff's Deed became void as a matter of law.

40.    As of October 8, 2013, 2650 Sunderland Group had no legal or equitable interest in the Property.

---

session and the benefits of ownership of the property, in addition to the statutory right of redemption. A right of redemption is a property interest that may be conveyed.").

11

41.     As of October 8, 2013, neither Debtor nor Mr. Roberts had any legal or equitable interest in the Property.

42.     As of October 8, 2013, both Debtor and Mr. Roberts knew or should have known that Movant had redeemed the Property.

43.     Yet on October 8, 2013, Debtor and Mr. Roberts violated Mich. Comp. Laws § 565.25(1) by encumbering the Property through the recording of the notice of lis pendens without lawful cause with the intent to harass or intimidate Movant. Debtor and Mr. Roberts's actions constitute a felony under Michigan law punishable by imprisonment for not more than three years or a fine of not more than $5,000, or both. *See* Mich. Comp. Laws § 600.2907a(2). In addition, Debtor and Mr. Roberts's conduct constitutes slander of title under Mich. Comp. Laws §§ 565.108 and 600.2907a(1).

44.     The Debtor and Mr. Roberts's actions have created a cloud on the title to the Property, which in turn has frustrated Movant's ability to sell the Property. Movant has already lost one potential buyer because of the cloud on title created by Debtor and Mr. Roberts. *See* Mutual Release, **Ex. K**.

### C.     Movant is entitled to relief from the automatic stay

45.     The Debtor's wrongful and illegal conduct concerning the title to the Property constitutes "cause" for relief from the automatic stay under 11 U.S.C. § 362(d)(1).

46.     Movant lacks adequate protection because it cannot sell the Property as long as a cloud exists on the title. In addition, will incur expenses in maintaining the Property until it can sell the Property after removal of the cloud on the title.

47.     Even if cause does not exist under 11 U.S.C. § 362(d)(1), 11 U.S.C. § 362(d)(2) authorizes lifting the automatic stay because Debtor "does not have an equity in [the] property" and the "property is not necessary to an effective reorganization."

48.     The approximate fair market value of the Property is $119,000 based on the Purchase Agreement entered into with the unrelated third-party buyer. *See* Purchase Agreement, **Ex. G**.

49.     The Property is of no value to the bankruptcy estate.

50.     Neither the Debtor nor the bankruptcy estate maintains any interest in the Property. Movant extinguished any arguable interest Debtor held when it redeemed the Property on July 30, 2013. *See* Mich. Comp. Laws § 600.3240(1).

51.     The Property is not necessary for successful reorganization (in fact, this Court approved Debtor's plan for reorganization well before foreclosure on the Property, (*see* Order Confirming Fifth Amended Combined Plan of Reorganization and Disclosure Statement of Ralph Roberts Realty, LLC and Ralph Roberts under Chapter 11 of the Bankruptcy Code, Doc # 225)).[9]

52.     For the foregoing reasons, this Court should lift the automatic stay to allow Movant to quiet title in the Property and seek redress against Debtor for its postpetition (and post-confirmation) slander of title on the Property.

---

[9] Arguably, the automatic stay expired on confirmation of Debtor's chapter 11 plan. *See In re Globokar*, 375 B.R. 383, 385 (Bankr. N.D. Ohio 2007); *In re Crawford*, 95 B.R. 491, 492 (Bankr. W.D. Mich. 1988).

13

53.     In accordance with E.D. Mich. LBR 9014-1(b)(1), attached as **Exhibit 1** is a proposed order granting relief from the automatic stay.

54.     In accordance with E.D. Mich. LBR 9014-1(b)(2), attached as **Exhibit 2** is a completed "Notice of Motion and Opportunity to Object."

55.     In accordance with E.D. Mich. LBR 9014-1(b)(3), attached as **Exhibit 3** is a Brief in Support of Motion for Relief from Automatic Stay.

56.     In accordance with E.D. Mich. LBR 9014-1(b)(4), attached as **Exhibit 4** is a certificate of service showing service on those parties entitled to service under ECF Procedure 12(b).

57.     In accordance with E.D. Mich. LBR 9014-1(b)(6), attached as **Exhibit 5** are the documentary exhibits referred to in this Motion (specifically, **Exhibits A–K**).

58.     In accordance with E.D. Mich. LBR 9013-5, attached as **Exhibit 6** is Movant's Corporate Ownership Statement in a Contested Matter.

59.     Counsel for Movant sought concurrence in the relief sought from opposing counsel on November 7, 2013, and opposing counsel denied concurrence.

**WHEREFORE**, Movant MICHIGAN PROPERTY VENTURES LLC requests that this Court:

A.     **GRANT** its Motion for Relief from the Automatic Stay;

B.     **ORDER** that the automatic stay is lifted to allow Movant to proceed against Debtor in state court; and

C.     **GRANT** any other relief the Court deems just and equitable.

Respectfully submitted,

By: /s/Kevin S. Toll
    MICHAEL A. COX (P43039)
    KEVIN S. TOLL (P69611)
    THE MIKE COX LAW FIRM PLLC
    *Attorneys for Movant*
    17430 Laurel Park Drive North, Suite 120E
    Livonia, MI 48152
    (734) 591-4002
    mc@mikecoxlaw.com
    ktoll@mikecoxlaw.com

Dated: November 7, 2013

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:

**RALPH ROBERTS REALTY, LLC**, a
Michigan limited liability company,

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

*Debtor.*

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter having come before the Court on Movant MICHIGAN PROPERTY VENTURES, LLC's Motion for Relief from the Automatic Stay under 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001, E.D. Mich. LBR 4001-1, and E.D. Mich. LBR 9014-1;

Notice and service having been properly effected;

No objection to the Motion having been filed, or if filed same having been overruled or withdrawn;

Movant, being the holder of fee simple title to the real property located at 2650 Sunderland, Waterford Township, Oakland County, Michigan, Tax Parcel Identification Number 13-07-482-004 (the "Property");

The Property having an approximate value of $119,000;

No other party having an interest in the Property; and

The Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that Movant's Motion for Relief from the Automatic Stay is **GRANTED** for the reasons set forth in the Motion;

**IT IS FURTHER ORDERED** that the automatic stay as provided by 11 U.S.C. § 362 is hereby vacated and terminated as it applies to the Property; and

**Exhibit 1**

**IT IS FURTHER ORDERED** that this Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

**SO ORDERED.**

2

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:

RALPH ROBERTS REALTY, LLC, a
Michigan limited liability company,

          *Debtor*.

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

12900 Hall Road, Suite 190
Sterling Heights, MI 48313
Tax ID / EIN: 20-2660635

---

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND OPPORTUNITY TO OBJECT

Movant, MICHIGAN PROPERTY VENTURES, LLC, has filed papers with the Court to seek relief from the automatic stay.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant relief from the automatic stay, or if you want the Court to consider your views on the Motion, within 14 days, you or your attorney must:

1.    File with the Court a written response or an answer, explaining your position at:[1]

### United States Bankruptcy Court
211 West Fort Street
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

Kevin S. Toll
The Mike Cox Law Firm PLLC
Attorney for Movant
17430 Laurel Park Drive North, Suite 120E
Livonia, Michigan 4815
(734) 591-4002

Office of the United States Trustee
c/o Kelley Callard
United States Trustee
211 West Fort Street, Suite 700
Detroit, Michigan 48226

Official Committee of Unsecured Creditors
c/o Christopher A. Grosman and Robert A. Weisberg
4111 Andover Road
West-Second Floor
Bloomfield Hills, Michigan 48302

Ralph Roberts Realty, LLC
Debtor In Possession
12900 Hall Road, Suite 190
Sterling Heights, Michigan 48313

Hannah M. McCollum
Gold, Lange & Majoros, P.C.
Attorney for Debtor In Possession
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075

2.     If a response or answer is timely filed and served, the clerk will schedule a
hearing on the Motion and you will be served with a notice of the date, time
and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that
you do not oppose the relief sought in the motion or objection and may enter an
order granting that relief.**

2

Respectfully submitted,

By: /s/Kevin S. Toll
MICHAEL A. COX (P43039)
KEVIN S. TOLL (P69611)
THE MIKE COX LAW FIRM PLLC
*Attorneys for Movant*
17430 Laurel Park Drive North, Suite 120E
Livonia, MI 48152
(734) 591-4002
mc@mikecoxlaw.com
ktoll@mikecoxlaw.com

Dated: November 7, 2013

3

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

RALPH ROBERTS REALTY, LLC, a
Michigan limited liability company,

               *Debtor.*

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

---

**BRIEF IN SUPPORT OF**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

    Movant, MICHIGAN PROPERTY VENTURES, LLC, for its Brief in Support of its

Motion for Relief from the Automatic Stay under 11 U.S.C. § 362(d), Fed. R. Bankr.

P. 4001, E.D. Mich. LBR 4001-1, and E.D. Mich. LBR 9014-1, relies on the facts and

legal authority set forth in the Motion and the documentary exhibits attached thereto.

                        Respectfully submitted,

              By:   /s/Kevin S. Toll
                    MICHAEL A. COX (P43039)
                    KEVIN S. TOLL (P69611)
                    THE MIKE COX LAW FIRM PLLC
                    *Attorneys for Movant*
                    17430 Laurel Park Drive North, Suite 120E
                    Livonia, MI 48152
                    (734) 591-4002
                    mc@mikecoxlaw.com
                    ktoll@mikecoxlaw.com

Dated: November 7, 2013

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

**RALPH ROBERTS REALTY, LLC**, a
Michigan limited liability company,

     *Debtor*.

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

## CERTIFICATE OF SERVICE

   I hereby certify that on November 7, 2013, a copy of the foregoing document and accompanying exhibits were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

         /s/Kevin S. Toll
         MICHAEL A. COX (P43039)
         KEVIN S. TOLL (P69611)
         THE MIKE COX LAW FIRM PLLC
         *Attorneys for Movant*
         17430 Laurel Park Drive North, Suite 120E
         Livonia, MI 48152
         (734) 591-4002
         mc@mikecoxlaw.com
         ktoll@mikecoxlaw.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:

**RALPH ROBERTS REALTY, LLC**, a
Michigan limited liability company,

      *Debtor*.

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

## DOCUMENTARY EXHIBIT LIST

**Description**                                                    **Exhibit**

Quitclaim Deed from Phyllis A. Lederbrink to Wayne G. Lederbrink, Jr. .................A

Sheriff's Deed on Mortgage Sale to 2650 Sunderland Group LLC ...........................B

Quitclaim Deed from Wayne G. Lederbrink, Jr. to Movant.......................................C

Emails documenting Movant's attempts to redeem from Ralph R. Roberts..............D

July 30, 2013 Redemption Check from Movant..........................................................E

Quitclaim Deed from 2650 Sunderland Group LLC to Movant ................................F

Purchase Agreement for Purchase of Property...........................................................G

Mortgage from 2650 Sunderland Group to KKJ Investments Holdings, LLC ...........H

Notice of Lis Pendens filed by Debtor and Ralph R. Roberts ....................................I

Receipt and Certificate of Redemption......................................................................J

Mutual Release Terminating Purchase Agreement ....................................................K

# EXHIBIT
# A

**LIBER 44611   PAGE 819**          0188800

LIBER 44611  PAGE 819
$10.00 DEED - COMBINED
$4.00 REMONUMENTATION
$.00 TRANSFER TX COMBINED
08/31/2012  08:32:42 AM RECEIPT# 91151
PAID RECORDED - Oakland County, MI
Bill Bullard Jr., Clerk/Register of Deeds



**STATE OF**
**MICHIGAN**                    **REAL ESTATE** ★
                               **TRANSFER TAX** ★
                                              ★
OAKLAND                        $.00 CO        ★
08/31/2012                     $.00 ST        ★
91151                          000750350      ★

QUIT CLAIM DEED Statutory Form
M.C.L. 565.152

KNOW ALL PERSONS BY THESE PRESENTS: That Phyllis Ann Lederbrink

whose address is 360 N Paddock MI 48342

Quit Claim(s) to Wayne George Lederbrink Jr.

whose address is 2650 Sunderland MI 48329

the following described premises situated in the Township of Waterford
County of Oakland                                    and State of Michigan, to-wit:

Lot(s) 23, 24 and 25, Block 12 of Ideal Country Club according
to the plat thereof recorded in Liber 37 of Plats, Page
21 and 21 A of Oakland County Records.

Commonly known as: 2650 Sunderland 48329 Waterford, M.

for the full consideration of $1.00

Tax I.D. Number: 13-07-482-004

Dated this 31 day of August 2012

Signed by:

*Phyllis A. Lederbrink*
Phyllis A. Lederbrink

STATE OF MICHIGAN
COUNTY OF Oakland

AUG 3 1 2012

The foregoing instrument was acknowledged before me this          day of          20

by Phyllis Ann Lederbrink

My commission expires                K. CRAIG
                    Notary Public-State of Michigan
                         County of Oakland
                                                Notary Public          County, Michigan
Instrument          Commission Expires June 25, 2013    Business
Drafted by Phyllis A. Lederbrink    Address 360 N Paddock

After recording return to: 2650 Sunderland Waterford, M. 48329
                              Wayne G Lederbrink Jr.
This property may be located within the vicinity of farmland or a farm operation.  Generally accepted agricultural and management
practiced which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan right to farm
act

O.K.

# EXHIBIT
# B

LIBER 45938 PAGE 286    0161475

LIBER 45938 PAGE 286
$25.00 DEED - COUNTY
$4.00 REMONUMENTATION
$36.85 TRANSFER TAX COUNTY
06/18/2013 08:54:59 AM RECEIPT# 85138
PAID RECORDED - Oakland County, MI
Lisa Brown, Clerk/Register of Deeds

RECEIVED
OAKLAND COUNTY
REGISTER OF DEEDS
2013 JUN 18 AM 8: 32



STATE OF MICHIGAN ★ REAL ESTATE ★ TRANSFER TAX ★

OAKLAND 06/18/2013 85138    $36.85 CO $.00 ST 000843266

## SHERIFF'S DEED ON MORTGAGE SALE

This Indenture Made the **4th** day of **June** A.D. **2013**, between _____**JOHN M. ROEHRIG**_____, a Deputy Sheriff in and for Oakland County, Michigan, party of the first part, and    **2650 SUNDERLAND GROUP LLC** **42490 GARFIELD RD  STE 202  CLINTON TWP  MI 48038** , party of the second part (hereinafter called the grantee).
WITNESSETH, That Whereas **Wayne G. Lederbrink, Jr. and Phyllis A. Lederbrink, Husband and Wife, 845 LONGFELLOW DR TROY MI 48085**, made a certain mortgage to **Mortgage Electronic Registration Systems, Inc. as nominee Paramount Bank, a Michigan Corporation** (hereinafter called the mortgagee), which was duly recorded in the office of the Register of Deeds in and for said Oakland County in Liber 40864 of **Oakland** County Records, on Page 081, and was assigned by said mortgagee to **BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP**, as assignee, said assignment having been recorded with **Oakland** County Records, and WHEREAS, the party foreclosing the mortgage has represented that it is either the owner of the indebtedness or the owner of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage, and WHEREAS, said mortgage contained a power of sale which has become operative by reason of a default in the condition of said mortgage, and WHEREAS, no suit or proceedings at law or in equity have been instituted to recover the debt secured by said mortgage or any part thereof, and WHEREAS, by virtue of said power of sale, and pursuant to the statute of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described, in said mortgage that the said premises, including any and all structures and homes, manufactured, or otherwise, located thereon would be sold on the **4th** day of **June** A D **2013  at public venue, on the 1st floor Main entrance to the Court House in Pontiac** that being the place of holding the Circuit Court for **Oakland** County where the premises are situated and WHEREAS, pursuant to said notice I did, at **10:00 AM**, in the forenoon, on the day last aforesaid, expose for sale a public venue the said lands and tenements hereinafter described, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of **Thirty three thousand three hundred seventy Six & 00/100($33,376.00)**    , that being the highest bid therefore and the grantee being the highest bidder, and
WHEREAS, said lands and tenements are situated in the **Township of Waterford** of **Oakland** County, Michigan, more particularly described as follows:

**LOTS 23, 24 AND 25, BLOCK 12 OF IDEAL COUNTRY CLUB, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 37 OF PLATS, PAGE 21 AND 21A OF OAKLAND COUNTY RECORDS.**
C/K/A: **2650 SUNDERLAND**
**WATERFORD, MI 48329**
Tax I.D # **W-13-07-482-004**                6/4/13 BC

Now, this Indenture Witnesseth, That I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargain and sell unto the grantee, its successors and assigns forever, all the estate, right, title and interest which the said Mortgagor(s) had in said land and tenements and every part thereof, on the **23rd** day of **January**, A.D. **2009**, that being the date of said mortgage, or at any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoove forever, as fully and absolutely I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could or ought to sell the same.
IN WITNESS WHEREOF, I have hereunto set my hand and seal, the date and year first above written.

_____
Deputy Sheriff in and for the County of **Oakland**

Signed, Sealed and Delivered in the Presence of

REVENUE TO BE CHARGED ON $ 33,339 15
BY _____ OAKLAND COUNTY CIVIL DIVISION

STATE OF MICHIGAN
COUNTY OF **Oakland**                   ss.
On this **4th** day of **June** A.D **2013** before me a Notary Public in and for said County of **Oakland** came **JOHN M. ROEHRIG** a Deputy sheriff of said County, known to me to be the individual described in and who executed the above conveyance, and who acknowledged that (s)he executed the same to be his(hers) free act and deed as such Deputy Sheriff.

_____ Notary Public

**Oakland** _____County
Commission Expires _____
Exempt from Michigan State Transfer Tax
MCL 207.526(v)
BOA FHA Lederbrink

ROGER A ST JEAN
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF LAPEER
MY COMMISSION EXPIRES SEPTEMBER 12, 2018
ACTING IN THE COUNTY OF OAKLAND

OK - MH

LIBER 45938 PAGE 287

(Affidavit of Auctioneer)
STATE OF MICHIGAN,
COUNTY OF **Oakland** ss.

_____**JOHN M. ROEHRIG**_____, Being duly sworn, deposes and says that (s)he is a Deputy Sheriff of said **Oakland** County; that (s)he acted as Auctioneer, and made the sale as described in the annexed printed notice: that said sale was opened at **10:00 AM**o'clock of the **4th** day of **June** A.D. **2013 at public venue, on the 1st floor Main entrance to the Court House in Pontiac** that being the place of holding the Circuit Court in said **Oakland** County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was the sum of(**$33,376.00**)made by **2650 SUNDERLNAD GROUP LLC**

that said sale was in all respects open and fair; and that (s)he did strike off and sell said lands and tenements to said bidders, which purchase the said lands and tenements fairly and in good faith, as deponent verily believes.

_____
Deputy Sheriff in and for **Oakland** County
Subscribed and sworn to before me this **4th** day of **June** A D **2013**

_____
Notary Public, **Oakland** County, Michigan
My commission expires _____

> ROGER A ST. JEAN
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF LAPEER
> MY COMMISSION EXPIRES SEPTEMBER 12, 2018
> ACTING IN THE COUNTY OF OAKLAND

STATE OF MICHIGAN,
COUNTY OF **Oakland** ss.

I DO HEREBY CERTIFY, That the within Sheriff's Deed will become operative at the expiration of <u>six (6) months</u> from the date of such sale, unless determined abandoned in accordance with 1948CL 600.3241a, in which case the redemption period shall be 30 days from the date of such sale, unless redeemed according to the law, in such case made and provided. The deadline to redeem the sale is 12/4/2013 at which time the Sheriff's Deed will become operative.

_____**JOHN M. ROEHRIG**_____                          _____Deputy Sheriff for **Oakland** County,
Michigan
This instrument drafted by
Jonathan L. Engman - **Fabrizio & Brook, P.C.**
888 W. Big Beaver Rd., Ste 800
Troy, MI 48084

## NON-MILITARY AFFIDAVIT

State of Michigan
County of Oakland} ss

The undersigned, being first duly sworn, deposes and says that upon investigation he is informed and believes that none of those persons named in the attached notice of mortgage foreclosure were in the military of the United States at the time of sale or for six months prior thereto, nor the present grantee(s)

Deponent further states that this affidavit is made for the purpose of preserving a record and clearing title by virtue of the Soldiers' and Sailors Civil Relief Act of 1940, as a needed.

_____
Name: Frances Lee
Employee of Fabrizio & Brook, P.C.
Attorney Firm representing BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP

Subscribed and sworn to me this 31st day of May 2013.

_____
Diane L. Derenge
Notary Public, Macomb County acting in Oakland County, Michigan
My Commission expires: 06/25/2013

BOA FHA Lederbrink

**AS A DEBT COLLECTOR, WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. NOTIFY US AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

**MORTGAGE SALE** - Default having been made in the terms and conditions of a certain mortgage made by Wayne G Lederbrink, Jr and Phyllis A Lederbrink, Husband and Wife, Mortgagors, to Mortgage Electronic Registration Systems, Inc as nominee Paramount Bank, a Michigan Corporation, Mortgagee, dated the 23rd day of January, 2009 and recorded in the office of the Register of Deeds, for The County of Oakland and State of Michigan, on the 3rd day of February, 2009 in Liber 40864 of Oakland County Records, page 081, said Mortgage having been assigned to BANK OF AMERICA, N A , successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP on which mortgage there is claimed to be due, at the date of this notice, the sum of One Hundred Forty Two Thousand Seven Hundred Ninety Nine & 61/100 ($142,799 61), and no suit or proceeding at law or in equity having been instituted to recover the debt secured by said mortgage or any part thereof. Now, therefore, by virtue of the power of sale contained in said mortgage, and pursuant to statute of the State of Michigan in such case made and provided, notice is hereby given that on the **4th** day of **June, 2013** at 10.00 AM o'clock Local Time, said mortgage will be foreclosed by a sale at public auction, to the highest bidder, at public venue, on the 1st floor Main entrance to the Court House in Pontiac MI (that being the building where the Circuit Court for the County of Oakland is held), of the premises described in said mortgage, or so much thereof as may be necessary to pay the amount due, as aforesaid on said mortgage, with interest thereon at 5 000 per annum and all legal costs, charges, and expenses, including the attorney fees allowed by law, and also any sum or sums which may be paid by the undersigned, necessary to protect its interest in the premises. Which said premises are described as follows· All that certain piece or parcel of land, including any and all structures, and homes, manufactured or otherwise, located thereon, situated in the Township of Waterford, County of Oakland, State of Michigan, and described as follows, to wit:

**LOTS 23, 24 AND 25, BLOCK 12 OF IDEAL COUNTRY CLUB, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 37 OF PLATS, PAGE 21 AND 21A OF OAKLAND COUNTY RECORDS.**

During the six (6) months immediately following the sale, the property may be redeemed, except that in the event that the property is determined to be abandoned pursuant to MCLA 600 3241a, the property may be redeemed during 30 days immediately following the sale.

Pursuant to MCLA 600 3278, the mortgagor(s) will be held responsible to the person who buys the property at the foreclosure sale or to the mortgage holder for damaging the property during the redemption period

Dated· 5/3/2013
**BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP**
Mortgagee

FABRIZIO & BROOK, P C.
Attorney for BANK OF AMERICA, N A , successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP
888 W Big Beaver Suite 800 Troy, MI 48084
248-362-2600
BOA FHA Lederbrink
Commonly known as 2650 SUNDERLAND WATERFORD, MI 48329

**EVIDENCE OF SALE**
(Affidavit of Posting)

STATE OF MICHIGAN
ss.
COUNTY OF OAKLAND

Martin Derenge being duly sworn, deposes that on the 17th day of May, 2013 A.D. he posted a notice, a true copy is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to the front door.

Martin J. Derenge

Subscribed and sworn before me on this _27_ day of May, 2013 A.D.

_M Whalen_

M.L. WHALEN
NOTARY PUBLIC, STATE OF MI
COUNTY OF GENESEE
MY COMMISSION EXPIRES Aug 27, 2019
ACTING IN COUNTY OF Oakland

**Wayne G. Lederbrink Jr**

FABRIZIQ & BROOK, P.C. Attorneys 888 W Big Beaver, Suite 800 Troy, MI 48084 AS A DEBT COLLECTOR, WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE NOTIFY US AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY MORTGAGE SALE - Default having been made in the terms and conditions of a certain mortgage made by Wayne G Lederbrink, Jr and Phyllis A Lederbrink, Husband and Wife, Mortgagors, to Mortgage Electronic Registration Systems, Inc. as nominee Paramount Bank, a Michigan Corporation, Mortgagee, dated the 23rd day of January, 2009 and recorded in the office of the Register of Deeds, for The County of Oakland and State of Michigan, on the 3rd day of February, 2009 in Liber 40864 of Oakland County Records, page 081, said Mortgage having been assigned to BANK OF AMERICA, N A , successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP on which mortgage there is claimed to be due, at the date of this notice, the sum of One Hundred Forty Two Thousand Seven Hundred Ninety Nine & 61/100 ($142,799 61), and no suit or proceeding at law or in equity having been instituted to recover the debt secured by said mortgage or any part thereof Now, therefore, by virtue of the power of sale contained in said mortgage, and pursuant to statute of the State of Michigan in such case made and provided, notice is hereby given that on the 4th day of June, 2013 at 10 00 AM o'clock Local Time, said mortgage will be foreclosed by a sale at public auction, to the highest bidder, at public venue, on the 1st floor Main entrance to the Court House in Pontiac MI (that being the building where the Circuit Court for the County of Oakland is held), of the premises described in said mortgage, or so much thereof as may be necessary to pay the amount due, as aforesaid on said mortgage, with interest thereon at 6 000 per annum and all legal costs, charges, and expenses, including the attorney fees allowed by law, and also any sum or sums which may be paid by the undersigned, necessary to protect its interest in the premises Which said premises are described as follows: All that certain piece or parcel of land, including any and all structures, and homes, manufactured or otherwise, located thereon, situated in the Township of Waterford, County of Oakland, State of Michigan, and described as follows, to wit LOTS 23, 24 AND 25, BLOCK 12 OF IDEAL COUNTRY CLUB, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 37 OF PLATS, PAGE 21 AND 21A OF OAKLAND COUNTY RECORDS. During the six (6) months immediately following the sale, the property may be redeemed, except that in the event that the property is determined to be abandoned pursuant to MCLA 600 3241a, the property may be redeemed during 30 days immediately following the sale. Pursuant to MCLA 600.3278, the mortgagor(s) will be held responsible to the person who buys the property at the foreclosure sale or to the mortgage holder for damaging the property during the redemption period Dated 5/3/2013 BANK OF AMERICA, N A , successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP Mortgagee FABRIZIO & BROOK, P C Attorney for BANK OF AMERICA, N A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP 888 W. Big Beaver, Suite 800 Troy, MI 48084 248-362-2000 BOA FHA Lederbrink (5-3)(5-24)

**AFFIDAVIT OF PUBLICATION**

(Affidavit of Publisher)

STATE OF MICHIGAN,
ss.
COUNTY OF OAKLAND

The undersigned, an employee of the publisher of Oakland County Legal News, having knowledge of the facts, being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, was published in Oakland County Legal News a newspaper circulated in Oakland County on May 3, May 10, May 17, May 24, 2013 A.D.

Cindy C Lawler

Subscribed and sworn before me on this 24th day of May 2013 A.D.

A McKenzie

Notary Public Saint Clair County, Michigan My commission expires. November 5, 2018 Acting in Oakland County, Michigan.

| Attorney | Fabrizio & Brook, P C - Fabrizio & Brook, P C. |
| --- | --- |
| AttorneyFile# | BOA FHA Lederbrink |
| Notice# | 1138593 |

BOA FHA Lederbrink

LIBER 45938 PAGE 290

## AFFIDAVIT OF COMPLIANCE

STATE OF MICHIGAN     )
                      ) SS
COUNTY OF OAKLAND )

      Frances Lee, being first duly sworn, deposes and says·

      1.      That (s)he is an employee of Fabrizio & Brook, P.C , the firm retained by BANK OF AMERICA, N.A , successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP and is familiar with the facts set forth herein.

      2.      This Affidavit is being filed to show compliance with MCL 600.3204 and 600.3205 with regard to the foreclosure by advertisement on the property located at 2650 SUNDERLAND WATERFORD, MI  48329. Said property is located in the Township of Waterford, County of Oakland, and State of Michigan and has the following legal description.

LOTS 23, 24 AND 25, BLOCK 12 OF IDEAL COUNTRY CLUB, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 37 OF PLATS, PAGE 21 AND 21A OF OAKLAND COUNTY RECORDS .

      3.      That upon information and belief the home located at the above residence is the principal residence of the borrower(s).

      4      That in processing the foreclosure for the above mortgage, Fabrizio & Brook, P.C., mailed a written notice to the borrower(s) pursuant to MCL 600.3205a(1) and (2).

      5.      That neither the borrower(s) nor a housing counselor requested the authorized Designee to set up a meeting to modify the mortgage, within the required time period as set forth in MCL 600.3205a(1)(d).

      6.      That more than 30 days passed since the written Notice was sent to the borrower(s) pursuant to MCL 600.3205a(1) and (2).

      7.      That the Notice of Foreclosure was not published until Fabrizio & Brook, P.C. complied with MCL 600 3204(4)

Dated: May 31, 2013

                                   Frances Lee
                                   Employee of Fabrizio & Brook, P C.

Subscribed and sworn to before me this 31st day of May 2013

Diane L Derenge, Notary Public
Macomb County acting in Oakland County, MI
My commission expires: 06/25/2013

Prepared by and when recorded return to
Fabrizio & Brook, P C -Jonathan L  Engman
888 W. Big Beaver Rd., #800
Troy, Michigan 48084

BOA FHA Lederbrink

## AFFIDAVIT OF PURCHASER

**STATE OF MICHIGAN**

**COUNTY OF OAKLAND**

The Undersigned, being duly sworn, states as follows:

1. I am an agent of 2650 Sunderland Group, LLC and am authorized by purchaser to submit this Affidavit of Purchaser. I have knowledge of the facts stated herein and am competent to testify concerning such facts regarding a foreclosure sale schedule for the 4th day of June, 2013 with respect to certain real property (the "Property") commonly known as 2650 Sunderland, Waterford, MI 48329.

2. This affidavit may only be recorded and used by 2650 Sunderland Group, LLC, who is the successful third party purchaser of the property on the 4th day of June, 2013. No other purchaser may utilize this affidavit.

3. The last date the Property may be redeemed is the 4th day of December, 2013. ANY REDEEMING PARTY SHOULD NOTE THAT THIS DATE MAY CHANGE AS SET FORTH IN SUBSEQUENT AFFIDAVITS OR AS PROVIDED BY APPLICABLE LAW.

4. The amount necessary to redeem the Property is Thirty Three Thousand Three Hundred Seventy Six & 00/100 ($33,376.00), plus interest per diem rate of Four & 57/100 ($4.57) from the date of sale to the date of redemption, plus any additional amounts that may be added pursuant to MCLA 600.3205a(1). ANY REDEEMING PARTY SHOULD NOTE THAT THIS AMOUNT MAY INCREASE to include amounts paid by 2650 Sunderland Group, LLC for taxes, amounts necessary to redeem senior liens, condominium assessments, homeowner association assessments, community association assessments, insurance premiums, or any other amounts as provided by MCLA600.3205a(1) as well as interest thereon at the interest rates specified in the mortgage from the date of payment to the date of redemption.

5. 2650 Sunderland Group, LLC has designated Ralph R. Roberts as its designee responsible to assist an appropriate person redeeming the Property in computing the exact amount required to redeem the Property and to receive redemption funds. If you choose to utilize this assistance, contact Ralph R. Roberts at (586)751-0000 or payoffs@ralphroberts.com or make an appointment at 12900 Hall Rd, Suite 190, Sterling Heights, MI 48313. Pursuant to statute, Ralph R. Roberts will charge a fee of $250.00 (Two Hundred Fifty and 00/100) if you opt to use this assistance.

FURTHER DEPONENT SAYETH NOT.

Ralph R. Roberts, Agent for
2650 Sunderland Group, LLC
42490 Garfield Road, Suite 202
Clinton Township, MI 48038

Signed and sworn to before me in
Macomb County, Michigan, on June 17, 2013

JESSICA E. RICE
Notary Public, State of Michigan
County of Washtenaw
My Commission Expires Apr. 20, 2017
Acting in the County of Macomb

_____, Notary Public
State of Michigan, County of Macomb
My commission expires 4/20/17

Mortgagor(s): Wayne G. Ledebrink, Jr. and Phyllis A. Lederbrink, Husband and Wife

Drafted By and When Recorded Return To:
Heather Eliasz
42490 Garfield Road, Suite 202
Clinton Township, MI 48038

# EXHIBIT C


RECEIVED
OAKLAND COUNTY
REGISTER OF DEEDS

2013 JUN 10 PM 12: 53

153973
LIBER 45899 PAGE 57
$13.00 DEED - COMBINED
$4.00 REMONUMENTATION
06/10/2013 12:51:58 P.M. RECEIPT$ 80484
PAID    RECORDED - OAKLAND COUNTY
LISA BROWN, CLERK/REGISTER OF DEEDS

## QUIT CLAIM DEED

File No. **misc0010**

The Grantor(s) **Wayne Lederbrink Jr., a Single Man,** whose address is 2650 Sunderland, Waterford, MI  48329,

Quit Claims to **Michigan Property Ventures LLC,** whose address is 32900 Five Mile Rd. Livonia MI. 48154,

the following described premises situated in the **City of Waterford,** County of **Oakland,** and State of Michigan described as follows, to wit:

LOTS 23, 24, AND 25, BLOCK 12 OF IDEAL COUNTRY CLUB, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 37 OF PLATS, PAGE 21 AND 21A OF OAKLAND COUNTY RECORDS.

Commonly Known As: **2650 Sunderland, Waterford, MI  48329**

Sidwell No. **13-07-482-004**

for the sum of One Dollar Exempt under MSA 7.456 (5)a   MCL 207.526 (6)a



OK - AN

Dated on: _July 7, 20/3_

_Signed in presence of:_                                      _Signed by:_

_Witness_                                            **Wayne Lederbrink Jr.**

**STATE OF MICHIGAN**

**COUNTY OF WAYNE**

The foregoing instrument was acknowledged before me this _7th_ day of _July_ , 20_13_ by **Wayne Lederbrink Jr., a Single Man**.

KADIE L. FULLER
Notary Public, State of Michigan
County of Wayne
My Commission Expires 06-20-2018
Acting in the County of Wayne

(Sign) _Kadie L Fuller_
(Print) _Kadie L. Fuller_

Notary Public, _Wayne_ County, MI

My commission expires: _06/20/18_

Acting in the County of _Wayne_

_Drafted by_:
Wayne Lederbrink Jr.
2650 Sunderland
Waterford, MI 48239

_When Recorded Mail To:_
Michigan Property Ventures LLC
32900 Five Mile Rd
Livonia, MI 48154

Recording Fee $18.00                              Transfer Tax _____

# MICHIGAN PROPERTY VENTURES LLC (MPV)
## RELOCATION ASSISTANCE AGREEMENT

This Agreement is made this  7th  day of  June , 20 13  between MPV
and  Wayne Lederbrink Jr. ("Occupant") residing in property commonly
known as 2650 Sunderland
in the city of  Waterford state of  MI (the "Property").

## IN CONSIDERATION OF THE MUTUAL PROMISES STATED HEREIN, MPV AND OCCUPANT AGREE AS FOLLOWS:

*wL  w-E.*

Occupant agrees to voluntarily vacate the Property no later than ~~July 8~~ July 2/ , 20 13
(the "Vacancy Date").

Immediately upon move out, Occupant agrees to deliver the keys to the designated Representative
William Elias, Daniel Trubak, or Kimberly Doren (Michigan Property Ventures LLC) , located at:
32900 Five Mile Rd, Livonia, MI 48154
phone: 734-560-2510

*wL  w-E.  $1 2000  IF occupant vacates By July 8, 2013  occupant will Receive $ 2500 wL  w.L.*

MPV will pay to the Occupant a total of $ ~~2,500~~ representing relocation assistance.
Of which $1000 will be paid to Mortgagor/Occupant upon the execution of this agreement and a
Quit Claim Deed, and the remaining upon the Occupant vacating the Property on or before the
Vacancy Date, provided Occupant has returned the keys and the Property (including all fixtures,
facilities, and appliances) is left in the same condition as it was on the date of this Agreement,
ordinary wear and tear excepted. Occupant agrees to sign a "Release of All Claims" before
receiving final payment, a copy of which was provided to Occupant at execution of this agreement.

Occupant acknowledges the home was foreclosed, by advertisement, on June 4, 2013
and was purchased at the Sheriff's Sale giving the mortgagor(s) a redemption period to redeem the
property. However, mortgagor(s) do not want to redeem the property or remain in the
property and mortgagor(s) confirm no leases exist. Occupant agrees that any lease that remains in
effect is terminated as of the Vacancy Date set forth herein. Occupant desires to accept relocation
assistance in lieu of remaining in the Property.

Occupant agrees to leave the Property in "broom swept" condition when vacating the premises,
including the removal of all trash and debris. In the event there is damage caused by Occupant
between the date of this Agreement and the date Occupant vacates the Property, or if Occupant
leaves trash and debris, the cost of repairing or replacing any fixtures or property removed from
the Property, or the removal of trash and debris will be deducted from the agreed relocation
assistance amount.

Occupant understands and agrees that this agreement was executed after the Mortgagor(s),
who is also the Occupant, executed a Quit Claim Deed assigning the Mortgagor's interest

in the property to MPV, which extinguishes the Mortgagor(s) redemption rights. Occupant also understands and agrees that this agreement will serve as notice to the Occupant that it must vacate the property on the agreed upon date above for the purposes of eviction. The agreed upon date above is at least 30 days (or more) from the date of this agreement. Occupant waives its claim to the remaining funds and understands MPV will commence eviction proceedings if the occupant does not vacate the property on the agreed upon date.

During the term of this Agreement, Occupant shall bear full responsibility for all personal property kept at the Property and shall further bear all risk of any loss or damage caused to such personal property, regardless of cost.

On or before the Vacancy Date, Occupant shall have removed all personal property from the Property, and any items remaining after the Vacancy Date shall become the property of the MPV.

Throughout the period Occupant occupies the Property, Occupant shall, at his/her own expense, maintain and care for the Property, keep the lawn and other plantings trimmed, keep the Property free of debris, and use the Property in accordance with all applicable governmental codes and regulations, and shall, at personal expense, pay for all utility service at the Property.

Occupant understands and acknowledges that this Agreement does not create a leasehold interest or a landlord/tenant relationship with MPV.

This Agreement shall constitute the entire Agreement between the parties, and no changes to it shall be valid and enforceable, except by supplemental agreement in writing, signed by all parties to this Agreement.

*occupant will leave Fridge & stove. WL W.L.*

By: _____,  _____

    Michigan Property Ventures LLC Representative

By: _____  _____
    Wayne Lederbrink Jr.

Witness: _____.  _____

By: _____

Witness: _____

Date: July 8 , 2013

# RELEASE OF ALL CLAIMS

*ul bul.*

For and in consideration of the sum of ~~2,500~~ 2,000 _____ Dollars paid to
Wayne Lederbrink Jr. _____ (the Occupant)
by Michigan Property Ventures LLC _____ (MPV)
the receipt and sufficiency of which are hereby acknowledged, the Occupant hereby releases
and discharges MPV, and its servicers, representatives, agents, attorneys, Officers, Directors,
employees, successor and assigns, contractors and agents (Released Parties) from all debts,
demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages,
claims, demands, and liabilities whatsoever of any type, both in LAW and in EQUITY, which
the Occupant now has or ever has had to this date against the Released Parties, as a result of
occupancy or residence by the Occupant of the premises located at
2650 Sunderland _____ Waterford _____ MI
(hereinafter the Property). This Release includes, but is not limited to, all claims which the
Occupant may have pursuant to state or federal law, specifically including rent control statutes
and any related disclosure provisions, any implied warranties of fitness for purpose and/or
habitability, state or local board of health codes, lead paint regulations or statutes, security
deposit or last month's rental payment violations, and any other applicable state or federal
codes, regulations or statutes arising out of or in connection with the occupancy or residence
by the Occupant. In addition, the Occupant hereby acknowledges that the Occupant has a six
month redemption period to redeem the property. However, mortgagor(s) do not want to redeem the
property or remain in the property and mortgagor(s) confirm no leases exist. Occupant agrees that
any lease that remains in effect is terminated as of the Vacancy Date set forth herein. Occupant
desires to accept relocation assistance in lieu of remaining in the Property. to occupy the Property
and has completely vacated the Property, and removed all of its personal property, from the
Property effective as of the date hereof, and hereby agrees to indemnify the Released Parties from
all claims of third parties arising out of the occupancy or residence of the Property.

It is the intention of Occupant in executing this release that it shall be effective as a bar to
each and every claim, demand and cause of action hereinabove specified and in furtherance of
this intention Releasor(s) hereby expressly waives any and all rights and benefits of the
redemption period.

IN WITNESS WHEREOF, the undersigned has executed this agreement on the day and year
first above written.

By: _____
    Wayne Lederbrink Jr.

By: _____

Witness: _____

# MICHIGAN PROPERTY VENTURES
# PROOF OF PAYMENT

The undersigned has received $ _____1000_____ in cash from Michigan
Property Ventures LLC as payment consistent with the terms of the Relocation
Assistance Agreement for the property commonly known as:

2650 sunderland, Waterford MI 48329

By signing below, I confirm receipt of cash in the amount specified above from
Michigan Property Ventures LLC.

_____          _____

__6/7/2013_____              _____
Date                                      Date

# EXHIBIT D

 **William Elias < wjelias1@gmail.com>**

## Fwd: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329

**Michigan Property Ventures** < info@michiganpropertyventures.com>
                                                  Tue, Jul 29, 2013 at 8:16 AM
To: "William Elias (will@eliasrealty.com)" <will@eliasrealty.com>

Will,

Please help.  Trying to redeem and can't get this guy to reply.  Can you issue the quote?


---------- Forwarded message ----------
From: **Michigan Property Ventures** <info@michiganpropertyventures.com>
Date: Wed, Jul 24, 2013 at 10:01 AM
Subject: Fwd: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329
To: payoffs@ralphroberts.com <payoffs@ralproberts.com>


One way or the other this redemption will happen with or without your cooperation.  I demand that you send me a quote.

---------- Forwarded message ----------
From: **Michigan Property Ventures** <info@michiganpropertyventures.com>
Date: Mon, Jul 22, 2013 at 3:04 PM
Subject: Fwd: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329
To: payoffs@ralphroberts.com <payoffs@ralproberts.com>

Any particular reason this request is being ignored?

---------- Forwarded message ----------
From: **Michigan Property Ventures** <info@michiganpropertyventures.com>
Date: Fri, Jul 12, 2013 at 11:02 AM
Subject: Fwd: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329
To: payoffs@ralphroberts.com <payoffs@ralproberts.com>


Good Morning,

I have not received the payoff quote.  I also called and left voicemail, please call 734-402-2799 and ask for Dan, Joe, Kim, or Vicky.

---------- Forwarded message ----------
From: **Michigan Property Ventures** <info@michiganpropertyventures.com>
Date: Mon, Jul 8, 2013 at 8:58 AM
Subject: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329
To: payoffs@ralphroberts.com <payoffs@ralproberts.com>


Good Morning,

Michigan Property Ventures has obtained the redemption rights to the above subject property.  Per the Purchaser's Affidavit, request is now being made for a detailed payoff quote.

Please send the quote to this email address or fax to 855-757-3700.

Thank you,
Michigan Property Ventures

# EXHIBIT E

MICHIGAN PROPERTY VENTURES LLC
32900 5 MILE RD
LIVONIA, MI 48154-6808

10-12

1111

9-80/720 MI
30421

Pay To The Order Of  2650 Sunderland Group of Ralph Roberts  $ 33,896 50

Thirty Three Thousand Eight Hundred Ninety Six _____ 50/xx  Dollars

**Bank of America**

ACH R/T 072000805

For Redemption 2650 Sunderland Waterford

Date 7/30/2015



Security
Features.
Details on
Back.

MP

⑆001111⑆ ⑉072000805⑈ 3750109329887⑊

# EXHIBIT F



LIBER 46138   PAGE 43
$13.00 DEED - COMBINED
$4.00 REMONUMENTATION
$.00 TRANSFER TX COMBINED
07/31/2013  12:52:58 PM RECEIPT# 107538
PAID RECORDED - Oakland County, MI
Lisa Brown, Clerk/Register of Deeds

RECEIVED
OAKLAND COUNTY
REGISTER OF DEEDS

2013 JUL 31  PM 12: 54

STATE OF
MICHIGAN
OAKLAND
07/31/2013
107538

REAL ESTATE
TRANSFER TAX
$.00 CO
$.00 ST
000850768

## QUIT CLAIM DEED

File No. **misc**

The Grantor(s)   2650 Sunderland Group, LLC

whose address is   42490 Garfield Road, Suite 202, Clinton Township, MI  48038

Quit Claims to **Michigan Property Ventures LLC**, whose address is 32900 Five Mile Rd. Livonia MI. 48154,

the following described premises situated in the City of        Waterford      , County of        Oakland      , and State of
Michigan described as follows, to wit:

LOTS 23, 24, AND 25, BLOCK 12 OF IDEAL COUNTRY CLUB, ACCORDING TO THE PLAT
THEREOF RECORDED IN LIBER 37 OF PLATS, PAGE 21 AND 21A OF OAKLAND COUNTY
RECORDS.

Commonly Known As:  2650 Sunderland        Waterford       MI     48329

Sidwell No.    13-07-482-004

for the sum of One Dollar Exempt under MSA 7.456 (5)a   MCL 207.526 (6)a



By execution of this Quit Claim Deed, the Grantor hereby conveys any
and all interests in the subject property including but not limited
to all interests acquired in the Sheriff's Deed recorded on June 18,
2013 in Liber 45938, Page 286, Oakland County Records.

OK – AN

Dated on: _____July 30, 2013_____

*Signed in presence of:*

*Witness*

*Signed by:*
**2650 Sunderland Group, LLC, by its Member,**
**William Elias**

By William Elias (Member)

_____
*Witness*

**STATE OF MICHIGAN**
**COUNTY OF WAYNE**

The foregoing instrument was acknowledged before me this _30th_ day of _July_ _____, 20 _13_  by 2650 Sunderland Group, LLC, by its member, William Elias.

**KIMBERLY L. DOREN**
**Notary Public, State of Michigan**
**County of Wayne**
**My Commission Expires 10-27-2018**
**Acting in the County of** WAYNE

(Sign) _____

(Print)  Kimberly L. Doren

Notary Public, _____Wayne_____ County, MI

My commission expires:  _____October 27, 2018_____

Acting in the County of  _____Wayne_____

*Drafted by:*
**William Elias**
32900 Five Mile Rd
Livonia, MI  48154

Recording Fee $18.00

*When Recorded Mail To:*
**Michigan Property Ventures LLC**
32900 Five Mile Rd
Livonia, MI  48154

Transfer Tax _____

# EXHIBIT G

☐ Commerce Market Center
2900 Union Lake Rd, Suite 210
Commerce Twp. MI 48382
Phone: 248 360-2900
Fax: 248 406-2901



**KELLER WILLIAMS.**
R E A L T Y

PURCHASE AGREEMENT

☐ West Bloomfield Market Center
30500 Northwestern Hwy. Suite 300
Farmington Hills, MI 48334
Phone: 248 626-2100
Fax: 248 626-2103





1. **THE UNDERSIGNED** hereby offers and agrees to purchase the following land situated in the ☐ City, ☒Township, ☐ Village of _Waterford_ _Oakland_ County, Michigan, described as Sidwell number _____ , legally described as follows: _Ideal Country Club_ _Lots 23, 24 + 25 BLK 12_ commonly known as _2650 Sunderland_ together with all improvements and appurtenances including lighting fixtures and fans, attached mirrors, fireplace screens and enclosures, gas logs and attachments, central vacuum system and attachments, window treatments, drapery hardware, curtain and traverse rods, all blinds and shades, attached carpeting, built-in cabinetry, built-in kitchen appliances and equipment, storm windows and doors, screens, awnings and shutters, landscaping, TV antenna, rotor and controls, satellite dish and accessories, garage door opener and transmitters, fuel in tanks at time of possession, attached humidifiers, water softeners (rental units excluded) if any, now in or on the premises, and _Stove, DishWSH, REF, Dispsl, Hot-tub_ _____, and to pay therefore the sum of _one hundred nineteen thousand nine hundred_ Dollars (\$ _119,900_ ) subject to existing building and use restrictions, easements and zoning ordinances, if any, upon the following terms of sale:

**THE SALE TO BE CONSUMMATED BY:** (Use paragraph ☐ A, ☒B, ☐ C, or ☐ D)

**A. CASH SALE:** Delivery of the usual Warranty Deed conveying a marketable title. Payment of purchase money to be made in cash, cashier's check or certified funds.

**B. CASH SALE WITH NEW MORTGAGE:** Delivery of the usual Warranty Deed conveying marketable title, Payment of purchase money to be made in cash, cashier's check, or certified funds. This Agreement is contingent upon Purchaser being able to secure a _FHA_ mortgage in the amount of \$ _90.50_ and pay \$ _5.50_ down plus mortgage costs, pre-paid items, and adjustments in cash. Purchaser agrees to apply for such mortgage within _7_ calendar days from acceptance of this offer. Purchaser agrees that in connection with said application to lender, Purchaser will promptly comply with lender's request for all information required to process the loan application. If a firm commitment for such mortgage cannot be obtained within _45_ calendar days from date of acceptance, at Seller's or Purchaser's written option, this offer can be declared null and void and Purchaser's deposit returned forthwith.

**C. APPLICABLE TO FHA OR VA SALES ONLY:** See attached FHA/VA Addendum.

**D. SALE ON LAND CONTRACT:** See attached Land Contract Sale Addendum.

2. **CLOSING:** Upon acceptance of this Agreement by Seller and conveyance of title in the condition required herein, Seller and Purchaser agree to consummate the sale on or before _10-10-13_ . Closing of this sale shall take place at the office of listing broker, title company, or lending institution.

3. **OCCUPANCY:** The property is ☐ owner occupied, ☐ tenant occupied, ☒ vacant. Seller shall deliver and Purchaser shall accept possession of said property subject to rights of present tenants, if any. If Seller occupies property, it shall be vacated and keys surrendered to Broker _____ calendar days after closing. From the day after closing through the day of vacating the property as agreed, Seller shall pay the sum of either ☐ \$ _N/A_ per day or ☐ 1 / 30% of Purchaser's monthly PITI (sum of principle, interest, taxes, and insurance) per day. Broker shall retain from the amount due Seller at closing, the sum of \$ _N/A_ as security for said occupancy charge, paying to Purchaser the amount due and returning to Seller the unused portion as determined by the date property is vacated and keys surrendered to Broker. Said occupancy charge can be disbursed every 30 days at Purchaser's request. Broker has no obligation, implied or otherwise, for seeing that the premises are vacated on the date specified or for the condition of the premises but is only acting as an escrow agent for holding the occupancy deposit. Seller is responsible for the water bill until Seller gives possession and takes a final water meter reading.

4. **EARNEST MONEY DEPOSIT:** Broker is hereby authorized to make this offer and the deposit of \$ _1,000.00_ Dollars in the form of ☐ cash, ☐ check as earnest money to be held by Keller Williams or returned in accordance with the terms of this Agreement. BROKERS ACKNOWLEDGEMENT OF DEPOSIT: Received by Keller Williams _MaryLClauter_ (Sales Associate).

5. **HOME WARRANTY:** Purchaser ☐ accepts ☐ declines an America's Preferred Home Warranty plan. Paid by: ☐ Seller ☐ Purchaser ☐ Other

6. **AGENCY:** By the signatures below Purchaser and Seller hereby acknowledge that the selling broker/sales associate(s) are acting in the capacity of: ☐ Seller's Agent, ☒Buyer's Agent, ☐ Dual Agent, ☐ Transaction Coordinator

7. **TITLE EVIDENCE AND SURVEY:** Seller, at Seller's sole cost and expense, agrees to furnish Purchaser a Commitment for an expanded or extended Policy of Title Insurance without standard exceptions such as the Eagle/Advantage or similar or equal coverage prior to closing, and after closing, an Eagle/Advantage Policy of Title Insurance without standard exceptions in the amount of the purchase price, bearing date later than acceptance hereof and guaranteeing title in the condition required for performance of this Agreement. The title commitment shall be marked up at closing through the date of closing and the Owner's Policy to be provided by Seller pursuant to this Agreement shall include coverage for the "gap" period between the date of closing of this Purchase Agreement and the date of the recording of the deed to Purchaser. Purchaser agrees to obtain and pay for a survey by a registered land surveyor. If Purchaser does not obtain a survey, the Policy of Title Insurance will be issued with standard survey exceptions and Purchaser agrees to hold Broker harmless. To the extent Purchaser obtains a mortgage, Purchaser reserves the right to select a title agency of Purchaser's choice to issue any required lender's policy of title insurance. In the event that the title agency issuing the owner's policy required pursuant to this paragraph charges any additional fees as a result of Purchaser's selection of its own title agency to issue any lender's policy of title insurance, such additional fees or costs shall be borne solely by Seller and Purchaser shall be held harmless therefrom.

Purchaser(s) initials: _LH_ /

Page 1 of 4

Seller(s) initials: _AD_

8. **INSPECTION:** This offer ☑ is ☐ is not contingent upon inspection of property by independent private inspectors of Purchaser's choice and at Purchaser's expense within ___7___ calendar days from the effective date of this Agreement. This inspection may include but is not limited to remaining appliances, heating, ventilation and A/C systems, plumbing, sewer / septic, water / well / pool, electrical system, roof, structural components foundation, fireplace(s), chimney(s), drainage conditions or evidence of excessive moisture, insect infestation, excess levels of radon, toxic wastes, hazardous or undesirable substances, the "environmental condition" of the property and the location of the property within a flood zone area, or any other condition or circumstance which may adversely affect the property. Unless Purchaser notifies Seller in writing within ___3___ calendar days after said inspections that Purchaser is dissatisfied with the inspection results, or if Purchaser elects to have property inspected, all terms and conditions shall be binding and the sale shall be consummated as specified herein. If said inspections disclose any defect in the property which results in Purchaser's dissatisfaction for any reason whatsoever, and written notice is properly given to Seller, Purchaser may declare this Agreement null and void and the deposit shall be returned; or, Purchaser may request Seller to remedy defects if any. If Purchaser elects to have Seller complete certain repairs and does not terminate this Agreement, Seller shall have ___5___ calendar days from receipt of notification to respond that Seller will repair or provide for repairs. If Seller declares an unwillingness to repair or provide for repairs, Purchaser may accept property "as is" or declare this Agreement null and void and all earnest money shall be returned to Purchaser. If property has been winterized, Seller shall, at Seller's expense, de-winterize the property prior to inspection. **Purchaser is aware that any reference to square footage of the property or improvements thereon is approximate. If square footage is a material matter to Purchaser, it must be verified during the inspection period.**

Purchaser ☑ does ☐ does not desire to have the property inspected.  Purchaser's initials: _£H_ / _____

9. **TITLE OBJECTION:** After the title insurance commitment is delivered to Purchaser, any objections, based upon a written opinion of Purchaser's attorney that title is not in the condition required for performance hereunder, shall be made in writing and delivered to Seller within three (3) calendar days of Purchaser's receipt of Commitment of Title Insurance. Seller shall have 30 calendar days from the date notified in writing of the particular defects claimed, to either (1) remedy the title, (2) obtain title insurance as required above, or (3) refund earnest money deposit in full termination of this Agreement. If Seller remedies title or obtains such title insurance within the time specified, Purchaser agrees to complete the sale within ten (10) calendar days of written notification thereof. If Seller is unable to remedy title or obtain title insurance within the time specified, the deposit shall be refunded forthwith in full termination of this Agreement.

10. **DEFAULT:** Willful failure to perform by Seller or Purchaser shall be an event of default under this Agreement. In the event of default by Seller hereunder, Purchaser may elect to enforce the terms hereof or demand, and be entitled to a refund of the entire deposit in full termination of this Agreement. In the event of default by Purchaser hereunder, Seller may declare forfeiture and be entitled to the deposit as liquidated damages as his sole and exclusive remedy.

11. **LENDER'S POLICY OF TITLE INSURANCE:** Purchaser and Seller acknowledge that Purchaser may select a title insurance company of his/her choice to issue any lender's policy of title insurance relative to the financing of the closing of this Purchase Agreement. By execution of this Purchase Agreement, Purchaser and Seller hereby consent to such election notwithstanding the fact that such title insurance company may not be the same as, or underwritten by the, title company issuing the owner's policy of title insurance set forth in paragraph 9 above and further acknowledge, that such selection will not reduce, diminish or impair the coverage of the owner's policy of title insurance set forth in paragraph 9 above.

12. **PROPERTY TAXES, ASSESSMENTS, WATER:** All taxes that have or will become due and payable on or before the date of closing, and special assessments that have become a lien upon the land, whether recorded or not recorded at the date of closing, shall be paid by Seller. Any assessments, recorded or not recorded which have been confirmed by the proper authority prior to closing shall be paid by Seller at closing. Current taxes, if any, shall be prorated and adjusted as of the date of closing in accordance with the due date basis of the municipality or taxing unit in which the property is located. Interest, rents, condominium and/or association dues or fees shall be prorated and adjusted as of the date of closing. Seller hereby agrees to pay for all sewer and water usage to date of possession. Listing Broker shall retain from the amount due Seller at closing, a minimum of $200.00 for water charges. It is the obligation of the Seller to furnish the final water meter reading to escrow holder who shall pay said billing to the proper authority and return the unused portion to Seller.

13. **WELL INSPECTION:** Purchaser to receive a satisfactory report from a licensed contractor that the well water is potable. Seller grants permission to do the evaluations. The cost of the inspection is to be paid by the ☐ Seller ☐ Buyer. This contingency to be removed on or before closing. Purchaser(s) initials: _____  Seller(s) initials: _____ / _____

14. **SEPTIC INSPECTION:** Purchaser to receive a satisfactory report from evaluator registered with County Environmental Health Division that septic system is in good working order. Seller grants permission to do the evaluations. The cost of septic field preparation to be paid by the ☐ Seller ☐ Buyer. This contingency to be removed on or before closing. Purchaser(s) initials: _____ / _____  Seller(s) initials: _____ / _____

15. **TERMITE/PEST & ENVIRONMENTAL INSPECTION:** Broker recommends Purchaser obtain an independent inspection to determine the presence of wood destroying insects or infestation. Broker also recommends that Purchaser obtain an independent inspection for any environmental concerns.

16. **CONDOMINIUM AND HOME OWNERS ASSOCIATION DOCUMENTS:** If property is a condominium or has a Home Owners Association, Purchaser has right to condominium / association document review and approval by Purchaser's attorney within ___5___ business days of receipt by Purchaser. Documents to be provided by Seller at Seller's expense within ___5___ business days of acceptance of this contract. Buyer may void this transaction if Home Owners Association dues are not or incorrectly disclosed to Buyer.

17. **CITY CERTIFICATION:** If the municipality where property is located requires an inspection prior to sale, Seller will pay for necessary inspections and required repairs, if any, to obtain written approval of municipality.

18. **FLOOD INSURANCE:** Purchaser agrees to obtain a policy of flood insurance if required by the mortgage lender.

19. **AS IS CONDITION:** Purchaser acknowledges that Seller has provided Purchaser a required Seller's Disclosure Statement. Purchaser has been afforded an independent inspection of the property and the Purchaser affirms that Purchaser has examined the above described property and is satisfied with the physical condition of the structure thereon and purchases said property in an "AS IS CONDITION," subject only to the rights of a property inspection. It is further agreed that Keller Williams Realty and its agents have made no representations or warranties of any kind nor assume any responsibility for representations made by Seller or any cooperating broker pertaining to the condition of the property. It is further understood that no promises have been made other than those that are in writing and signed by all parties involved. (NO VERBAL AGREEMENTS WILL BE BINDING). Purchaser(s) initials: _£H_ / _____

Purchaser(s) initials: _£H_ / _____          Page 2 of 4          Seller(s) initials: _____ / _____

**20. WALK THROUGH:** Purchaser reserves the right to walk through property within 48 hours prior to possession and/or closing. Seller agrees to maintain property in the same condition as existed at the time of purchase until possession is delivered to Purchaser. The property shall be broom-cleaned and the attic, yard and garage free of debris upon vacating. Seller agrees to maintain heating, sewer, well, septic, plumbing, electrical system and any appliances and equipment in good working order. In the event the property has been winterized, it shall be the obligation and expense of Seller to de-winterize the property prior to closing.

**21. RELEASE:** Purchaser recognizes that Seller has provided Purchaser a required Seller's Disclosure Statement. Purchaser has been afforded the right to independent inspections of the property and Purchaser affirms that property is being purchased "AS IS" and hereby knowingly waives, releases and relinquishes any and all claims or causes of action against Keller Williams, its officers, directors, employees and independent sales associates. Purchaser and Seller recognize and agree that brokers and sales associates involved in this transaction are not parties to this Agreement. Broker and sales associates specifically disclaim any responsibility for the condition of the property or for the performance of the Agreement by the parties. Keller Williams assumes no liability for performance of any inspection or statements on Seller's disclosure form. Purchaser(s) initials: _LH_ / _____

**22. SELLER'S DISCLOSURE:** Purchaser acknowledges receipt of Seller's Disclosure Form in accordance with Act 92 Public Acts of 1993.

**23. LEAD-BASED PAINT:** Purchaser has received and reviewed a copy of a Lead-Based Paint Disclosure Form, the terms of which are incorporated herein by reference.

**24. POSSIBLE ADDITIONAL COMPENSATION OF BROKERS:** Purchaser and Seller acknowledge notice of the fact that Broker may accept a fee or consideration with regard to the placement of a loan or mortgage or life, fire, theft, flood, title or other casualty or hazard insurance, or home warranty arising from this transaction and expressly consent thereto as required by Rules 321(1) and 321(2) of the Michigan Real Estate License Law.

**25. PERSONAL PROPERTY:** It is further understood between Purchaser and Seller that the additional personal property listed herein has no value as it relates to this transaction.

**26. PRIVATE ROADS:** Seller represents that property ☐ is ☒ is not on a private road. If property is located on a private road, Seller shall provide Buyer with a separate document providing notice that private road is not required to be maintained by County Board of Road Commissioners (per M.C.L.A. 560.261 [P. A. 1967 No. 2887]).

**27. ARBITRATION:** (Use paragraph ☐ A or ☒ B)
A. Any claim of Seller or Buyer arising out of this agreement relating to the disposition of the earnest money deposit or the physical condition of the property covered by this agreement shall be arbitrated in accordance with the rules, then in effect, adopted by the American Arbitration Association. This is a voluntary agreement between the Buyer and Seller and the failure to agree to arbitrate does not affect the validity of this agreement. This agreement is made subject to and incorporates the provisions of Michigan law governing arbitrations. This provision shall survive closing.

B. The parties do not wish to agree to arbitrate future disputes.

**28. ENTIRE AGREEMENT:** This Agreement supersedes any and all understandings and agreements and constitutes the entire agreement between the parties hereto which Agreement shall inure to the benefit of and bind the parties hereto jointly and severally and their respective heirs, legal representatives, successors, assigns, and third parties claiming under them by the virtue of this Agreement and no oral representations or statements shall be considered a part hereof. All discussions, correspondence, proposals, negotiations and representations prior to the execution of this Agreement shall be considered merged herein and of no further force and effect. Purchaser and Seller acknowledge that they are not relying on any other written or verbal representations by each other or by Listing or Selling broker that are not explicitly set forth in this Agreement or attached hereto. Brokers are not acting as appraisers, builders, accountants, environmentalists, inspectors or lawyers. The representations, covenants and warranties herein shall be deemed to survive the closing. No amendment or modification of the Agreement shall be valid or binding unless reduced to writing and executed by the parties hereto, or their assigns. Each party herein shall from time to time execute and deliver such instruments as the other party, or its counsel, may reasonably request to effectuate the intent of this Agreement. Should any term or condition hereof be deemed void or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect.

**29. FACSIMILE EXECUTION:** The parties agree that signatures on this agreement, as well as any other documents to be executed under this agreement, may be delivered by facsimile in lieu of an original signature, and the parties agree to treat facsimile signatures as original signatures and agree to be bound by this provision.

**30. ELECTRONIC EXECUTION:** A copy of the signature of any party will be immediately binding on that party on its receipt by the other party by electronic mail and will have the same effect as an original signature.

**31. GOVERNING LAW:** The parties hereto expressly agree that the terms and conditions hereof, and subsequent performance hereunder shall be construed and controlled by the laws of the State of Michigan.

**32. EXPIRATION:** This offer shall remain irrevocable until withdrawn in writing OR until _8/24/13_ (date) at 12:00 noon EST, and if not accepted by Seller, the deposit made by Purchaser shall be returned upon funds clearing.

**33. COUNTER OFFER:** In the event that Seller makes any written change in any of the terms and conditions of the offer presented by Purchaser, such changed terms shall constitute a counter offer by the Seller to Purchaser which shall remain valid until _8/24/13_ (date) at _12:00 pm_ (time) and shall require acceptance by the Purchaser by initialing each such change before such time.

**34. ATTORNEY REVIEW:** This agreement is contingent upon Buyer's or Seller's attorney's review and approval of these documents as to form and content and not as to price within _____5_____ calendar days after Buyer's receipt of an accepted copy of this offer. If either party's attorney files a written objection, then, at either party's option, this agreement shall be cancelled and all earnest money deposited returned to Buyer. If Buyer's/Seller's attorney does not file a written objection within the stipulated time, then this contingency shall be of no further effect, and the sale shall close as specified herein.

**35. LISTING TICKET:** All items listed on the listing ticket are to become a part of the purchase agreement unless otherwise excluded.

Purchaser(s) initials: _LH_ / _____        Page 3 of 4        Seller(s) initials: _____ (DS)

36. **EFFECTIVE DATE:** The effective date of this Agreement shall be the date Purchaser acknowledges receipt of Seller's accepted offer.

37. **FOREIGN INVESTMENT IN REAL PROPERTY TAX ACT (FIRPTA):** Seller(s) affirm that they ☐ are ☐ are not Residents of the United States. If Seller(s) are NOT Residents of the United States, then the parties to this Agreement will be bound by the FIRPTA requirements. Seller(s) initials: _____ / _____

38. **COMPLIANCE FEE:** Purchaser shall pay a compliance fee of $195.00 to Keller Williams Market Center to comply with applicable federal and state statutes regarding storage and retention of all closing related documents.

39. **ADDITIONAL CONDITIONS:** SELLER TO GIVE 3% SELLER CONCESSIONS towards, pre-paids and closing costs.

By execution of this Agreement the Purchaser acknowledges receipt of a copy of this document.

_Nelly Cate_  371517        _Perry Hal_
(Witness)       ID #          (Purchaser)

_August 22nd 2013_
(Date)                        (Purchaser)

This is a cooperative sale with _Elegant Homes Realty_ , and with a _2.5_ % commission to selling broker.

**SELLER'S ACCEPTANCE OF AGREEMENT OF SALE:** The undersigned Seller accepts this offer and agrees to sell the described premises on the terms stated. The earnest money recited above and paid to the Selling Broker by Purchaser, shall be considered and used as earnest money, and shall be held by the Selling Broker under this Agreement and according to the regulation of the Department of Consumer and Industry Services. The undersigned agree on consummation of the sale, or if the sale is not consummated by reason of the failure, inability or refusal of the undersigned to perform the conditions of this Agreement, to pay Selling Broker and/or Listing Broker for services rendered, a total commission as set forth in the listing agreement for the sale of the property, or in the absence of a Listing Contract, a commission of _____ dollars or _____ % of Sale price which shall be due and payable at the time set forth in said offer for consummation of this sale. Seller agrees and understands that earned and/or unpaid commissions shall become a lien upon the property. If the deposit money is forfeited for non-performance by Purchaser, one-half of such deposit, but not more than the amount specified as "commission," shall be paid to Selling and/or Listing Broker for such services rendered to be shared equally between them and the remainder paid to the Seller. By execution of this Agreement, Seller acknowledges receipt of a copy of this document.

_Nidal N. El-Sayed_  307463       _Kim Brown_
(Witness)  3D4A12B9BFED4AC...  ID #    (Seller)  1B4A29BFF1F645A...

08/24/2013
(Date)                            (Seller)

**PURCHASER'S ACKNOWLEDGEMENT OF RECEIPT:** The undersigned Purchaser hereby acknowledges receipt of the Seller's signed acceptance of this offer.

_Nelly Cate_  371517       _Perry Hal_
(Witness)       ID #          (Purchaser)

_August 24th 2013_
(Date)                        (Purchaser)

(Rev. 2/13)



## Addendum to Purchase Agreement

Property Address: 2650 Sunderland, Waterford, MI 48329
Buyer: Larry Hoban
Seller: Michigan Property Ventures LLC
Dated: 8/24/2013

BE IT KNOWN, that for good consideration the parties made the following modifications, extensions, additions or changes a part of said agreement as if contained therein; and where the context so admits the remainder of said Contract shall remain in full force and effect.

Seller agrees to make the following repairs:

1. Mold Remediation/Removal from Garage Ceiling and Attic. Remediation/Removal shall include proper ventilation to prevent reoccurrence.
2. Seller to have licensed Plumber address:
   a. Water heater and what buyer has identified as improper placement, defective, and leaking gas. Seller will repair the water heater as needed or will replace water heater if licensed plumber identifies the need to do so.
   b. Copper to galvanized pipe connections in crawl space and repair leak at bath tub drain.
3. Licensed Electrician shall address electrical violations/hazards.
   a. Electrician shall install GFI's in kitchen and bathroom as needed.
   b. 2 smoke detectors will be installed.
4. Seller will have HVAC company secure furnace plenum and address missing filter. Seller has previously paid $300 on 7/31/2013 to have a duct cleaning company clean the ducts and will not do any additional cleaning of furnace or duct. Seller has provided a copy of the cancelled check with this addendum.
5. Seller to treat for flea infestation.

Upon completion of repairs, seller's agent shall notify buyer's agent via email and then buyer shall be given 5 days to re-inspect the home and repairs and remove the inspection contingency if satisfied. If buyer does not notify seller within those 5 days of any deficiencies, it is agreed that the buyer shall be considered to be satisfied with the inspection and the inspection contingency shall be automatically removed without the need for the buyer to do so in writing.

It is agreed that seller and buyer will accept the determination of a properly licensed plumber/electrician/HVAC technician should the buyer/buyer's inspector's determination differ. The intention of this clause is to ensure that a licensed contractor make a determination consistent with local building codes/requirements rather than someone's "opinion" or "preference".

| | |
|---|---|
| _Mallory Katte_ 9/6/13 | _Larry Hoban_ 9/6/13 |
| Witness                Date | Larry Hoban - Buyer                Date |
| DocuSigned by: | DocuSigned by: |
| _Nidal N. El-Sayed_        9/6/2013 | _____        9/7/2013 |
| Witness                Date | Michigan Property Ventures                Date |



# ADDENDUM TO PURCHASE AGREEMENT

**Property address: 2650 Sunderland, Waterford MI 48329**
**Buyer: Larry Hoban**
**Seller: Michigan Property Ventures LLC**
**Dated: 8/24/13**

BE IT KNOWN, that for good consideration the parties made the following modifications, extensions, additions or
changes a part of said agreement as if contained therein; and where the context so admits the remainder of said
Contract shall remain in full force and effect.

Buyer agrees to increase Earnest Money Deposit (EMD) to 3% ($3,597) from current $1, 000
EMD. The previous
$1,000 EMD shall be transferred to the Listing Broker (Elegant Homes Realty) and the additional $2,597 EMD shall
be made out to listing broker and delivered to listing broker along with the original $1,000 EMD within 48 hours
after execution of this addendum.
The entire EMD shall be non refundable if:
The buyer backs out or can not obtain approval for mortgage.
The entire EMD is refundable if:
The seller backs out or defaults, it does not pass inspection or if the appraised value is lower then
the agreed purchase price and the buyer and seller can not come to an agreement on continuing
the sale at purchase price or a reduced price.

*and Buyer + seller can not come to further agreement, As mentioned on addendum 1 LH*

The seller agrees to a target date of 10/18/13 but will grant if needed 45 days from the day the
repairs are completed, *to close*

_Malby Vale_ 9/6/13
Witness      Date

_Larry Hobl_    9/6/13
Larry Hoban-Buyer    Date

DocuSigned by:
_Nidal N. El-Sayed_  9/6/2013
3D4A12859FED4AC...
Witness      Date

DocuSigned by:
_Kim Oben_     9/7/2013
184A298FF1F845A
Michigan Property Ventures   Date



## Addendum to Purchase Agreement

Property Address: 2650 Sunderland, Waterford, MI 48329
Buyer: Larry Hoban
Seller: Michigan Property Ventures LLC
Dated: 8/24/2013

BE IT KNOWN, that for good consideration the parties made the following modifications, extensions, additions or changes a part of said agreement as if contained therein; and where the context so admits the remainder of said Contract shall remain in full force and effect.

Buyer and Seller have executed two additional addendums regarding the above referenced purchase. The first addendum addresses repairs to be made by the seller. Seller agreed to make those repairs in exchange for a 3% non-refundable Earnest Money Deposit. The second addendum addresses the 3% non-refundable EMD.

This addendum shall clarify that the seller shall complete all repairs before buyer orders any appraisals. It is further agreed by buyer and seller that the closing date of 10/18 will be extended to 45 days after seller completes repairs. The 45 days begins when seller's agent notifies the buyer's agent via email that the repairs are complete as indicated in the addendum regarding the repairs. Should the buyer find any deficiencies with the repairs and if a licensed contractor agrees with those deficiencies, the 45 days shall begin after the deficiency is addressed.

| | |
|---|---|
| _Mallby Lutte_ 9/6/13 | _Larry Hoban_ 9/6/13 |
| Witness            Date | Larry Hoban - Buyer            Date |
| _Ndal N. El-Sayd_ 9/6/2013 | _Kim Doren_ 9/7/2013 |
| Witness            Date | Michigan Property Ventures            Date |

DocuSign Envelope ID: C48DB3CA-714D-41D7-9373-66A8809E74C2

## Michigan Property Ventures Addendum to Sales Contract

**Property Address:**    2650 Sunderland  Waterford Twp. MI  48329

BE IT KNOWN, that for good consideration the parties made the following modifications, extensions, additions or changes a part of said agreement as if contained therein; and where the context so admits the remainder of said Contract shall remain in full force and effect.

1. ACQUISITION: Michigan Property Ventures obtained possession of this home after a foreclosure by adverse action on _____ 1, 2013 _____ and is not affiliated with Michigan Property Ventures has ever sold in the past.

2. AGENT OWNED DISCLOSURE: Michigan Property Ventures is not a Real Estate Brokerage but its members and representatives are Realtors and/or Brokers. The Listing Agent and Broker are not affiliated with Michigan Property Ventures or any members or representatives. This disclosure was made before the Purchase Agreement was executed.

3. HOME WARRANTY: Buyer acknowledges that the seller is not offering a home warranty. Buyer may however purchase a home warranty at the buyer's expense.

4. PRORATIONS: All taxes which are due and payable before the date of closing shall be paid by seller. Current taxes, if any, shall be prorated and adjusted as of the date of closing in accordance with the due date basis of the municipal taxing unit in which the property is located. Purchaser shall reimburse Seller for taxes paid in advance from date of closing. Property taxes coming due and payable subsequent to the date of closing shall be the sole responsibility of the Purchaser.

5. AS IS PURCHASE: The buyer and seller agree the buyer is purchasing the home as-is and assumes all costs for required repairs (including those required by lender or otherwise) and subject to any inspection contingency. The seller is not conducting any repairs to any repairs even if requested and will come out of pocket at the expense. Should repairs be needed for any reason, seller will grant the buyer access to property to make the repairs collected to cost to seller approval of adequate repair...that buy not cost limited to who conducts the repairs.

6. DISCLAIMING: Michigan Property Ventures LLC and its members/representatives have never lived in the home. The buyer and seller agrees that all of the information on the seller's disclosure and MLS is true to the best of the seller's knowledge and that the information on the MLS Listing Ticket is approximate and not guaranteed. The listing agent/broker or seller shall not be responsible for any typographical errors, misinformation, or misprints, and shall be held totally harmless. The buyer agrees to verify all the listing information or have his/her agent verify all of the listing information. The buyer also agrees that he or she should rely on the data from an appraisal and/or inspection and that data would likely be more accurate. It is further recommended to the buyer to have the property inspected.

7. SELLER CONCESSIONS: The total amount of concessions (if any) is ____ 3%. Both buyer and seller agree that if this is left blank then the concession amount is $0.00 regardless of what is listed in the original purchase agreement. Any seller concessions will be applied to all title fees first, followed by all closing costs, pre-paids, prorations, and escrows. It is further agreed that there are no other fees to be paid by the seller whatsoever regardless of anything stated in the purchase agreement or any other agreement.

8. TITLE COMPANY: The Real Estate Settlement Procedures Act (RESPA) does not prohibit the seller from choosing the title insurance company to issue the Lender's Title Policy in addition to the Owners Title Policy if the seller pays for the Lender's Title Policy and all other costs associated with producing the policy. If there are seller concessions sufficient enough to cover the Lender's Title Policy and all other costs associated with producing the policy, the buyer agrees to allow the seller to choose this title insurance company to issue the Lender's Title Policy and perform the settlement function. The seller's title company is Continental Title Agency, 2050 Livernois, Ste. C, Troy, MI 48083. Our Contact is Lauren Pinto, PH: 248-840-0633, FX: 248-649-1350, Email: lauren@issfgroup.com. The seller reserves the right to choose a different title company. Buyer may choose another title insurance company to issue the Lender's Policy, but the buyer forfeits any seller concessions provided by the seller and the seller will no longer be obligated to pay any seller concessions.

9. CONFLICT OF PROVISIONS: The terms of this addendum shall supersede the terms of the purchase agreement or any other agreement, amendment, or addendum should there be a conflict, including those signed on the same day as this addendum. Only the concepts executed by both parties dated at least 1 day after this agreement of all expands this addendum even if neither concession submitted by the buyer shows to repay one or even other one other way around.

Purchaser _____    Seller [signature: Kim Doren]

Purchaser _____    Seller _____

Date  8/23/13    Date  8/24/2013

BUYER [initials LH]
SELLER [initials]

Michigan Property Ventures LLC
Addendum to Purchase Agreement

# EXHIBIT H

RECEIVED
OAKLAND COUNTY
REGISTER OF DEEDS

2013 SEP 17 AM 8: 37

LIBER 46324 PAGE 837
$34.00 MORTGAGE
$4.00 REMONUMENTATION
09/17/2013 08:50:35 AM RECEIPT# 129411
PAID RECORDED - Oakland County, MI
Lisa Brown, Clerk/Register of Deeds

## Mortgage

THIS MORTGAGE is made on the 29th day of August, 2013, between, 2650 Sunderland Group, LLC, a Michigan limited liability company, whose address 42490 Garfield Rd., STE 202, Clinton Twp., MI 48038, as Mortgagor, and KKJ Investments Holdings, LLC, a Michigan limited liability company, whose address is 7511 Greene Haven Dr., Clarkston, MI 48348, as Mortgagee.

FOR VALUE RECEIVED, Mortgagor mortgages and warrants to Mortgagee lands located in the Township of Waterford, Oakland County, Michigan described as follows:

Lots 23, 24, and 25, Block 12 of Ideal Country Club, According to the plat thereof recorded in Liber 37 of Plats, Page 21 and 21A of Oakland County Records.

    Commonly known as: 2650 Sunderland, Waterford, MI 48329
    Tax parcel: 13-07-482-004

together with the easements, improvements, hereditaments, and appurtenances now or hereafter belonging thereto and the rents, income, and profits therefrom and all fixtures now or hereafter attached to or used in connection therewith, and all machinery, engines, boilers, elevators, and plumbing, heating, air-conditioning, and ventilating equipment now or hereafter located thereon, which shall be deemed to be fixtures and a part of the realty, all of the foregoing being collectively referred to herein as the "Premises."



This Mortgage secures payment and performance of a certain promissory note dated August ___, 2013, given by Mortgagor in the original principal amount of Thirty Three Thousand Three Hundred Seventy Six and 00/100 dollars($33,376.00) and Mortgagor's obligations to Mortgagee under this Agreement, including all modifications, extensions and renewals thereof (collectively called the "Indebtedness."

Mortgagor further warrants, represents, and agrees as follows:

1. *Payment of Indebtedness.* Mortgagor agrees to pay or perform all of the Indebtedness, including all interest thereon, in accordance with the terms of the instruments, documents, or agreements evidencing the same ("Instruments")

OK - LG

2. *Warranties.* Mortgagor warrants and represents to Mortgagee that all financial statements and other information concerning Mortgagor, the premises, and any guarantor of the Indebtedness, heretofore or hereafter furnished to Mortgagee, are and shall be true and correct in all material respects; that the execution, delivery, and performance of this Mortgage by Mortgagor will not violate any law, rule, judgment, order, agreement or instrument binding upon Mortgagor nor require the approval of any public authority or any third party; and that this Mortgage constitutes the valid and binding obligation of Mortgagor, enforceable in accordance with its terms. Mortgagor further represents and warrants to Mortgagee that Mortgagor is duly organized and validly existing in good standing in the state indicated in the first paragraph of this Mortgage; that Mortgagor has full power and authority to carry on its business as presently conducted and to enter into and perform its obligations under this Mortgage; and that the execution, delivery, and performance hereof by Mortgagor have been duly authorized by appropriate action of the Members of Mortgagor.

3. *Assignment of Leases and Contracts.* Mortgagor, to the extent permitted by law, hereby assigns and mortgages to Mortgagee, and grants to Mortgagee a security interest in, as additional security for the Indebtedness, all of Mortgagor's right, title, and interest in and to all existing and future oral or written leases of all or any part of the Premises or of any interest therein and any and all existing and future land contracts or other agreements by which the Premises or any interest therein is being or shall be sold, together with all rents and profits arising from, and all other proceeds of, any such leases, land contracts, or other agreements. Without the written consent of Mortgagee, Mortgagor will not cancel, accept a surrender of, modify, consent to an assignment of the lessee's interest under, or make any other assignment or other disposition of any such lease, land contract, or other agreement or of any interest of Mortgagor therein, and will not collect or accept any payment of rent or of principal or interest or any other amount thereunder more than one month prior to the time when the same shall become due and payable under the terms thereof. Mortgagor will pay and perform all obligations and covenants required of it by the terms of any such lease, land contract, or other agreement. If Mortgagor shall default in the payment or performance of any such obligation or covenant, then Mortgagee shall have the right, but shall have no obligation, to pay or perform the same on behalf of Mortgagor, and all sums expended by Mortgagee in connection therewith shall become part of the Indebtedness, payable by Mortgagor to Mortgagee upon demand, together with interest at the rate set forth in the Note. Nothing contained in this paragraph or in Paragraph 9 hereof shall be construed to constitute consent by Mortgagee to the sale, lease or transfer of the Premises or any interest therein.

4. *Taxes*. Mortgagor will pay, or cause to be paid, when due, all taxes, assessments, and other similar charges levied upon or with respect to the Premises before the same become delinquent and will deliver to Mortgagee satisfactory evidence of the payment thereof. Upon request by Mortgagee, Mortgagor will pay to Mortgagee each month, in addition to any payments required on the Indebtedness, a sum equal to one-twelfth of the amount estimated by Mortgagee from time to time to be sufficient to enable Mortgagee to pay, at least thirty days before due, all taxes, assessments, and other similar charges levied upon or with respect to the Premises; and upon demand by Mortgagee, Mortgagor will pay to Mortgagee such additional sums as shall be required to make up any deficiency in the amount necessary to enable Mortgagee to pay fully any of such taxes, assessments, or other similar charges when due. Such sums may be commingled with the general funds of Mortgagee, and no interest shall be payable to Mortgagor with respect thereto. Upon occurrence of an event of default, as hereinafter defined, Mortgagee may apply any funds of Mortgagor then held under this paragraph against the Indebtedness in such manner as Mortgagee shall determine.

5. *Insurance*. Mortgagor will cause all buildings, improvements, and other insurable parts of the Premises to be insured against loss or damage by fire, windstorm and such other hazards as Mortgagee from time to time may require, in such amounts and with such insurers as shall be acceptable to Mortgagee, and Mortgagor shall cause all premiums on such insurance to be paid when due. Each policy evidencing such insurance shall provide that loss shall be payable to Mortgagee as its interest shall appear at the time of the loss, shall be in form and substance acceptable to Mortgagee, and shall be delivered to Mortgagee. Each such policy shall provide that at least ten days' prior written notice of any cancellation of, or any material change in, such insurance shall be given to Mortgagee by the insurer. Each renewal of each such policy shall be delivered to Mortgagee at least ten days prior to the expiration date of such policy. Upon foreclosure of this Mortgage or other transfer of the Premises in satisfaction of the Indebtedness, all right, title and interest of Mortgagor in and to any insurance policies then in force, including the right to any premium refund thereon, shall vest in the purchaser or grantee.

In the event of any loss of or damage to the Premises, Mortgagor will give immediate notice thereof to Mortgagee, and Mortgagee shall have the right to make proof of such loss or damage, if Mortgagor does not promptly do so. All proceeds payable under any such insurance policy, whether or not endorsed payable to Mortgagee, shall be payable directly to Mortgagee, and Mortgagee is authorized to settle, adjust, or compromise any claims for loss or damage under any such policy.

6. *Maintenance and Repair*. Mortgagor will maintain the Premises in good condition and repair; will not commit or suffer any waste thereof; will not remove, demolish, or substantially

alter any building or fixture on the Premises without the prior written consent of Mortgagee; will cause to be complied with all laws, ordinances, regulations, or requirements of any governmental authority applicable to the Premises; will promptly repair, restore, replace, or rebuild any part of the Premises which is damaged or destroyed by any casualty; and will promptly pay when due all charges for utilities and other services to the Premises.

7. *Mortgagee's Right to Perform; Receiver.* If Mortgagor shall default in the payment of the aforesaid taxes, assessments, or other similar charges or in procuring and maintaining the aforesaid insurance or in the performance of any other obligation of Mortgagor hereunder, including its obligation to keep the Premises in good condition and repair, then Mortgagee shall have the right, but shall have no obligation, to pay such taxes, assessments, or other similar charges, or procure and maintain such insurance, or cause such other obligation to be performed, and all sums expended by Mortgagee in connection therewith shall become part of the Indebtedness, payable by Mortgagor to Mortgagee upon demand, together with interest at the rate set forth in the Note. Mortgagee and any persons authorized by Mortgagee shall have the right to enter upon the Premises at all reasonable times for the purpose of inspecting the Premises or effecting maintenance or repairs or taking any other action pursuant to the preceding sentence. The failure of Mortgagor to pay any of such taxes, assessments or similar charges when due or to procure and maintain any such insurance shall constitute waste and shall entitle Mortgagee to the appointment by a court of competent jurisdiction of a receiver of the Premises for the purpose of preventing such waste, which receiver, subject to the order of the court, may collect the rents and income from the Premises and exercise such control over the Premises as the court shall order.

8. *Condemnation.* If all or any part of the Premises are taken, whether temporarily or permanently, under power of eminent domain or by condemnation, the entire proceeds of the award or other payment in relief therefore shall be paid directly to Mortgagee.

9. *Vendee.* In the event of the sale or transfer, by operation of law or otherwise, of all or any part of the Premises, Mortgagee may deal with the vendee or transferee with respect to this Mortgage and the Indebtedness as fully and to the same extent as it might with Mortgagor, without in any way releasing, discharging, or affecting the liability of Mortgagor hereunder and upon the Indebtedness.

10. *Events of Default and Acceleration.* Upon the occurrence of any of the following events of default, all or any part of the Indebtedness shall, at the option of Mortgagee, become immediately due and payable without notice or demand:

(a) If Mortgagor shall default in the payment when due (whether by acceleration or otherwise) of the principal of or

interest on, or any penalty or late charge with respect to, any indebtedness now or hereafter owing by Mortgagor to Mortgagee, or if Mortgagor shall default in the due performance or observance of any other obligation of Mortgagor to Mortgagee, including, without limitation, any obligation under this Mortgage or under any other mortgage, note, security agreement, loan agreement, lease, pledge agreement, assignment, guaranty, or other agreement, instrument or document heretofore or hereafter executed by Mortgagor ("Loan Documents").

      (b) If any warranty or representation made by Mortgagor to Mortgagee in this Mortgage or in any financial statement, loan document or any other document given in connection with the Indebtedness, or any warranty or representation made by any guarantor of the Indebtedness in any guaranty or in any financial statement or other document given in connection therewith, shall be false or inaccurate in any material respect when made.

      (c) If Mortgagor shall become insolvent, or make an assignment for the benefit of its creditors.

      (d) If Mortgagor, without the written consent of Mortgagee, shall sell, convey, or transfer the Premises or any interest therein or any rents or profits therefrom or shall cause or suffer any mortgage, lien, or other encumbrance or any writ of attachment, garnishment, execution, or other legal process to be placed upon the Premises or any interest therein or any rents or profits therefrom, except in favor of Mortgagee, or if any part of the Premises or any interest therein shall be transferred by operation of law.

      (e) If all or any material part of the Premises shall be damaged or destroyed by fire or other casualty, regardless of insurance coverage therefore, or shall be taken by condemnation or power of eminent domain.

      (f) If any law or government regulation shall hereafter impose any tax or assessment upon mortgages or debts secured by mortgages.

    If a voluntary or involuntary case in Bankruptcy or receivership shall be commenced by or against Mortgagor, then the entire Indebtedness shall automatically become immediately due and payable, without notice or demand. All or any part of the Indebtedness also may become, or may be declared to be, immediately due and payable under the terms and conditions contained in any Loan Document.

    10. *Remedies.* Mortgagee shall have all rights and remedies provided for in this Mortgage or otherwise permitted by law, including a power of sale as provided for in Section 32 of the Michigan Revised Judicature Act, MCL Section 600.3201 et seq.. In addition, if the Indebtedness shall not be paid upon maturity, or

should Mortgagee otherwise default hereunder, Mortgagee shall have the right, and is hereby authorized:

(a) To the extent permitted by law, to collect and receive all rents, profits, and other amounts that are due or shall hereafter become due under the terms of any leases, land contracts, or other agreements, now or hereafter in effect, by which Mortgagor is or shall be leasing or selling the Premises or any, interest therein, and to exercise any other right or remedy of Mortgagor under any such lease, land contract, or other agreement, provided, that Mortgagee shall have no obligation to make any demand or inquiry as to the nature or sufficiency of any payment received or to present or file any claim or take any other action to collect or enforce the payment of any amounts to which Mortgagee may become entitled hereunder, nor shall Mortgagee be liable for any of Mortgagor's obligations under any such lease, land contract, or other agreement.

(b) To obtain or update title searches and title insurance with respect to the Premises and all sums expended therefore shall be part of the Indebtedness and shall bear interest at the Default Rate.

(c) To foreclose this Mortgage by action pursuant to applicable law.

(d) To sell, release and convey the Premises at public sale, and to execute and deliver to the purchasers at such sale good and sufficient deeds of conveyance, rendering any surplus funds, after payment of the Indebtedness in full and the expenses of such sale, including attorneys' fees as provided by law, to Mortgagor, all in accordance with Chapter 32 of the Michigan Revised Judicature Act, MCL Section 600.3201 et seq as the same may be amended from time to time, and any similar statutory provisions which may hereafter be enacted in addition thereto or in substitution therefore. In the event of public sale, the Premises, at the option of Mortgagee, may be sold in one parcel.

All rights and remedies of Mortgagee under this Mortgage, whether or not exercisable only on default, shall be cumulative and may be exercised from time to time, and no delay by Mortgagee in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise of any right or remedy shall preclude other or further exercise thereof or the exercise of any other right or remedy, except to the extent otherwise provided by law. In this Mortgage, "maturity" means such time as the Indebtedness shall be or shall become due and payable, whether by the terms of the instruments or otherwise.

11. *Security Interest in Fixtures.* Mortgagor grants to Mortgagee a security interest in any fixtures now or hereafter located on the Premises. If the Indebtedness shall not be paid upon maturity, Mortgagee, at its option, may enforce this security

interest in fixtures under the Michigan Uniform Commercial Code or other applicable law or may include the fixtures in any foreclosure of this Mortgage under Paragraph 10. Any requirement of reasonable notice with respect to any sale or other disposition of fixtures shall be met if Mortgagee sends the notice at least five (5) days prior to the date of sale or other disposition.

12. *Waivers.*

(a) Mortgagor and any other person hereafter obtaining any mortgage or lien upon, or any other interest in, the Premises waives, with respect to any foreclosure of this Mortgage, (1) any right to marshaling of the Premises and any right to require a minimum bid or "upset" price, and (2) the benefit of any stay, extension, exemption or moratorium law, now existing or hereafter enacted.

(b) Mortgagee may at any time release all or any part of the Premises from the lien of this Mortgage or release the personal liability of any person for the Indebtedness, with or without consideration and without giving notice to, or obtaining the consent of, the holder of any Mortgage or lien upon, or other interest in, the Premises. Any such release shall not impair or affect the validity or priority of this Mortgage, regardless of the effect of such release upon any such mortgage, lien or other interest or the holder thereof. Nothing in this subparagraph constitutes consent by Mortgagee to the placing of a mortgage, lien or other encumbrance on the Premises.

c) Mortgagor (1) waives notice of any advances or other extensions of credit included in the Indebtedness, (2) waives any right to require Mortgagee to sue upon or otherwise enforce payment of the Indebtedness or to enforce any security therefore before exercising its rights and remedies under this Mortgage, and (3) agrees that the validity and enforceability of this Mortgage shall not be impaired or affected by any failure of Mortgagee to obtain or perfect, or secure priority of, any other security at any time given, or agreed to be given, by any person for the Indebtedness.

(d) Mortgagee is authorized from time to time and without notice to or consent of Mortgagor and with or without consideration, to give and make such extensions, renewals, modifications, waivers, settlements, and compromises, on such terms and conditions as Mortgagee may see fit, with regard to any of the Indebtedness as to which Mortgagor is not the obligor or with regard to any security for the Indebtedness that is not owned by Mortgagor. Any such action shall not impair or affect the validity or enforceability of this Mortgage.

13. *Expenses.* Mortgagor shall pay to Mortgagee on demand any and all expenses, including attorneys' fees and legal expenses, paid or incurred by Mortgagee in collecting or attempting to collect the Indebtedness or in protecting and enforcing the rights

of and obligations to Mortgagee under any provision of this Mortgage, including, without limitation, taking any action in any bankruptcy, insolvency, or reorganization proceedings concerning Mortgagor or foreclosing this Mortgage by advertisement or by action, and all expenses shall be part of the Indebtedness and shall bear interest, from the date paid or incurred by Mortgagee, at the rate set forth in the Note.

14. *Application of Proceeds.* In the event of the payment to Mortgagee, pursuant to the provisions hereof, of any rents or profits or any proceeds of insurance or proceeds of any condemnation or eminent domain award or proceeds from any sale of the Premises at foreclosure, Mortgagee shall have the right to apply such rents or profits or proceeds, in such amounts and proportions as Mortgagee shall in its sole discretion determine, to the full or partial satisfaction of any or all of the indebtedness and obligations of Mortgagor secured hereby, including any contingent or secondary obligations, whether or not the same shall then be due and payable by the primary obligor.

15. *Notices.* All notices to Mortgagor and to Mortgagee shall be deemed to be duly given if and when mailed, with postage prepaid, to the respective addresses of Mortgagor and Mortgagee appearing on the first page hereof, or if and when delivered personally.

16. *Binding Effect.* The provisions of this Mortgage shall be binding upon and inure to the benefit of Mortgagor and Mortgagee and their respective successors, assigns, heirs, executors, administrators and personal representatives.

17. *Severability.* If any provision of this Mortgage shall be prohibited or unenforceable by any applicable law, the provision shall be ineffective only to the extent and for the duration of such prohibition or unenforceability, and the unenforceability or prohibition thereof shall not invalidate any of the remaining provisions hereof.

IN WITNESS WHEREOF, Mortgagor and Mortgagee have executed this Mortgage as of the day and year first above written.

2650 Suderland Group, LLC,
a Michigan limited liability company

BY: _Karen Conter_

ITS: _Member_

STATE OF  MICHIGAN                    )

COUNTY OF ~~Oakland~~ *Macomb*          )  SS
                                        )

The foregoing instrument was acknowledged before me this *30* day
of August, 2013 by *Karen Confer*, *Member* of 2650
Suderland Group, LLC, a Michigan limited liability company.

My Commission Expires:

HEATHER ELIASZ
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Jan 7, 2019
ACTING IN COUNTY OF *Macomb*

*Heather Eliasz* Notary Public
County of: *Macomb*
State of: Michigan
Acting in the County of: *Macomb*


THIS INSTRUMENT PREPARED BY AND RETURN TO:

Heather Eliasz
7659 Auburn Rd
Utica, MI 48317

# EXHIBIT
# I

LIBER 46409   PAGE 407
$13.00 MISC RECORDING
$4.00 REMONUMENTATION
10/08/2013  11:47:36 AM RECEIPT# 139050
PAID RECORDED - Oakland County, MI
Lisa Brown, Clerk/Register of Deeds

RECEIVED
OAKLAND COUNTY
REGISTER OF DEEDS

2013 OCT -8  AM 11: 45

In re:   RALPH ROBERTS REALTY, LLC and          Chapter 11 Case No. 12-53023-TJT
         RALPH R. ROBERTS, Debtors              Judge Thomas J. Tucker

## NOTICE OF LIS PENDENS

On May 25, 2012, Ralph Roberts Realty, LLC and Ralph R. Roberts filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court, Eastern District of Michigan. These cases are being jointly administered under Case No. 12-53023. The bankruptcy estates maintain an interest in real property located in Oakland County, commonly known as 2650 Sunderland, Waterford, Michigan.

Tax Id No: W-13-07-482-004

Dated:  10-8-2013

Witnessed by.

Prepared by and when recorded return to:
Hannah Mufson McCollum, Esq.
Gold, Lange & Majoros, P.C.
24901 Northwestern Highway, Suite 444
Southfield, MI 48075

GOLD, LANGE & MAJOROS. P C.

HANNAH MUFSON MCCOLLUM (P67171)
24901 Northwestern Hwy., Ste. 444
Southfield, MI 48075   ATTORNEY FOR
(248) 350-8220          RALPH ROBERTS REALTY, LLC
                       AND RALPH R. ROBERTS

STATE OF MICHIGAN   )
                    ) SS
COUNTY OF OAKLAND

Subscribed and sworn to before me
this  6th day of October, 2013

Denise A. Lynch, Notary Public
State of Michigan County of Macomb
My commission expires . 5|5|2020
Acting in the County of Macomb Oakland

DENISE A LYNCH
Notary Public - Michigan
Macomb County
My Commission Expires May 5, 2020
Acting in the County of Oakland

OK - MH

12-53023-tjt   Doc 293   Filed 11/07/13   Entered 11/07/13 13:52:05   Page 68 of 81

## Exhibit A.

Legal Description:

LOTS 23, 24 AND 25, BLOCK 12 OF IDEAL COUNTRY CLUB, ACCORDING TO THE PLAT
THEREOF RECORDED IN LIBER 37 OF PLATS, PAGE 21 AND 21A OF OAKLAND COUNTY
RECORDS.

C/K/A: 2650 SUNDERLAND, WATERFORD, MI 48329
TAX ID· W-13-07-482-004

# EXHIBIT J

LIBER 46451  PAGE 242          0263042

LIBER 46451  PAGE 242
$25.00 MISC RECORDING
$4.00 REMONUMENTATION
10/18/2013  09:09:55 AM RECEIPT# 144179
PAID RECORDED – Oakland County, MI
Lisa Brown, Clerk/Register of Deeds



RECEIVED
OAKLAND COUNTY
REGISTER OF DEEDS

2013 OCT 16  AM 9: 03

# RECEIPT AND CERTIFICATION OF REDEMPTION

2650 Sunderland Group, LLC, whose address is 32900 Five Mile Rd, Livonia, MI 48154, does hereby acknowledge receipt from:
Michigan Property Ventures LLC, on behalf of Wayne G. Lederbrink Jr. and Phyllis A. Lederbrink, Husband and Wife

On behalf of the Mortgagor, the Mortgagor's heirs, Executors, Administrators or any person lawfully claiming from or under the Mortgagor of them, (MCL.600.3240) the sum of    $33,896.50.

being the amount tendered in full for the redemption of a certain Sheriff's Deed    0161475
dated    June 4, 2013    and recorded on    June 18, 2013    in Liber   45938    Page   286
of Deeds, Oakland County Records, and covering property known and described as follows:

LOTS 23, 24, AND 25, BLOCK 12 OF IDEAL COUNTRY CLUB, ACCORDING TO THE PLAT THEREOF
RECODED IN LIBER 37 OF PLATS, PAGE 21 AND 21A OF OAKLAND COUNTY RECORDS.

Commonly Known As: 2650 Sunderland, Waterford, MI  48329
Tax Id # W-13-07-482-004

Date: July 30, 2013

STATE OF MICHIGAN
COUNTY OF **Wayne** ss.

*Signed and Sealed in presence of:*          *Signed and Sealed:*

_Kadie L Fuller_                            _William Elias_                    (L.S.)
                                            **2650 Sunderland Group, LLC by William Elias,**
                                            **its Member**

The foregoing instrument was acknowledged before me this 30th day of July, 2013 by 2650 Sunderland Group, LLC, by its member, William Elias. *member*

(Sign) _Kadie L Fuller_
(Print)  Kadie L. Fuller
Notary Public,              Wayne              County, MI
My commission expires:      June 20, 2018
Acting in the County of     Wayne

*Drafted by*:
William Elias
2650 Sunderland Group, LLC
32900 Five Mile Rd
Livonia, MI 48154

**KADIE L. FULLER**
Notary Public, State of Michigan
County of Wayne
My Commission Expires 06-20-2018
Acting In the County of Wayne

Return to: Michigan Property Ventures
40160 Deer Pines Dr.
Canton MI 48188

OK - LB

# REDEMPTION AFFIDAVIT

Date: July 30, 2013

STATE OF MICHIGAN
COUNTY OF **Wayne** ss.

1. 2650 Sunderland Group, LLC (Sunderland) is a Michigan Limited Liability Company.
2. I, William Elias, am the resident agent and sole member of Sunderland.
3. On June 4, 2013, Sunderland purchased the property commonly known as "2650 Sunderland, Waterford, MI 48329" (The Property). The Purchaser's Affidavit was completed by Ralph Roberts (Roberts) identifying Sunderland as the lawful purchaser of The Property and himself as an agent for Sunderland.
4. These facts are not disputed. Furthermore, it is not disputed that Roberts funded Sunderland the amount needed to purchase Sunderland.
5. Michigan Property Ventures LLC (MPV) is a Michigan Limited Liability Company. Vicky Elias is the Resident Agent and Sole Member.
6. MPV acquired the redemption rights to the property from the Mortgagor via Quit Claim Deed (QCD) and Relocation Assistance Agreement (RAA). The QCD was recorded with the Oakland County Register of Deeds.
7. On July 29, 2013, MPV contacted Sunderland directly to request assistance in obtaining a payoff quote. MPV informed Sunderland that MPV made 4 attempts to obtain a redemption payoff quote from Roberts via instructions on the Purchaser's Affidavit. (Emails are attached). All 4 attempts were ignored. Sunderland issued a payoff quote to MPV the same day (ATTACHED).
8. On July 30, 2013, MPV redeemed the property from Sunderland for the amount of $33,896.50.
9. After the redemption, Roberts claimed that MPV must pay an amount in excess of the redemption amount which is illegal under the statute (MCL 600.3240) and refused to accept the $33,896.50 as his reimbursement. Sunderland kept the funds as a result of Roberts refusal to accept them.
10. Upon information and belief, Roberts ignored the redemption payoff attempts from MPV purposely to force the payment of additional funds above what is allowed by statute.
11. As the sole member of Sunderland, I am authorized to issue such documents and am required by statute to issue a Redemption Receipt upon receipt of funds.
12. In Leggio vs. Huffer, Macomb County Circuit Court, Case # 2010-003686-CH, Ralph Roberts of Ralph Roberts Realty LLC was listed on a Purchaser's Affidavit for an unrelated property as the designee responsible for providing a redemption payoff quote and collecting funds. Roberts was sued for illegally accelerating redemption on this unrelated property and ignoring requests for a precise redemption payoff quote. The Circuit Court Judge ruled in favor of the Mortgagor and against Roberts. An appeals court upheld the circuit judge's ruling.
13. On October 8, 2013, Roberts notified me that he was claiming interest in The Property. Roberts demanded the full redemption payoff plus $15,000 to terminate his claim. The statute does not allow for this demand of an extra $15,000. I was notified of this via fax and email to my office at Elias Realty. Roberts failed to properly notify MPV. Sunderland no longer has ownership interest in The Property but does hold the redemption funds and will provide them to Roberts, his attorney, or any title company upon request.

LIBER 46451 PAGE 244

Signed and Sealed in presence of:

*Kadie L Fuller*

Signed and Sealed:—

_(L.S.)_

**2650 Sunderland Group, LLC by William Elias, Its Member**

The foregoing instrument was acknowledged before me this 30th day of July, 2013 by 2650 Sunderland Group, LLC, by its member, William Elias.

(Sign) *Kadie L Fuller*

(Print) Kadie L. Fuller

Notary Public, _____ Wayne _____ County, MI

My commission expires: _____ June 20, 2018 _____

Acting in the County of _____ Wayne _____

KADIE L. FULLER
Notary Public, State of Michigan
County of Wayne
My Commission Expires 06-20-2018
Acting in the County of Wayne

**Drafted by:**
William Elias
2650 Sunderland Group, LLC
32900 Five Mile Rd
Livonia, MI 48154

# 2650 SUNDERLAND GROUP

## Redemption Payoff Statement

July 29, 2013

**Redeeming Party:**    Michigan Property Ventures LLC on behalf of Mortgagors via Quit Claim Deed

**Property Address:**    2650 Sunderland
Waterford, MI  48329

### This payoff not valid after 7/30/2013.

| Sale Date | | 6/4/2013 |
|---|---|---|
| **Redemption Date** | | 7/30/2013 |
| **Interest Rate** | | 5% |
| **Per Diem** | $ | 4.57 |
| **# of Days** | | 57 |
| | | |
| **Sheriff's Sale** | $ | 33,376.00 |
| **Interest** | $ | 260.61 |
| **Redemption Fee** | $ | - |
| **Insurance** | $ | 259.89 |
| **Taxes** | $ | - |
| **Recording Fee** | $ | - |
| **Wire Fee** | $ | - |
| | | |
| **Total Payoff** | $ | 33,896.50 |

*Insurance is for the amount paid for the period covering the redemption period.

**_All funds must be sent to:_**
2650 Sunderland Group, LLC
32900 Five Mile Rd
Livonia, MI  48154

William Elias
2650 Sunderland Group, LLC



**William Elias < wjelias1@gmail.com>**

# Fwd: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329

**Michigan Property Ventures** < info@michiganpropertyventures.com>

Tue, Jul 29, 2013 at 8:16 AM

To: "William Elias (will@eliasrealty.com)" <will@eliasrealty.com>

Will,

Please help.  Trying to redeem and can't get this guy to reply.  Can you issue the quote?

———— Forwarded message ————
From: **Michigan Property Ventures** <info@michiganpropertyventures.com>
Date: Wed, Jul 24, 2013 at 10:01 AM
Subject: Fwd: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329
To: payoffs@ralphroberts.com <payoffs@ralproberts.com>

One way or the other this redemption will happen with or without your cooperation.  I demand that you send me a quote.

———— Forwarded message ————
From: **Michigan Property Ventures** <info@michiganpropertyventures.com>
Date: Mon, Jul 22, 2013 at 3:04 PM
Subject: Fwd: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329
To: payoffs@ralphroberts.com <payoffs@ralproberts.com>

Any particular reason this request is being ignored?

———— Forwarded message ————
From: **Michigan Property Ventures** <info@michiganpropertyventures.com>
Date: Fri, Jul 12, 2013 at 11:02 AM
Subject: Fwd: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329
To: payoffs@ralphroberts.com <payoffs@ralproberts.com>

Good Morning,

I have not received the payoff quote.  I also called and left voicemail, please call 734-402-2799 and ask for Dan, Joe, Kim, or Vicky.

———— Forwarded message ————
From: **Michigan Property Ventures** <info@michiganpropertyventures.com>
Date: Mon, Jul 8, 2013 at 8:58 AM
Subject: Redemption Payoff Quote: 2650 Sunderland, Waterford, MI 48329
To: payoffs@ralphroberts.com <payoffs@ralproberts.com>

Good Morning,

Michigan Property Ventures has obtained the redemption rights to the above subject property.  Per the Purchaser's Affidavit, request is now being made for a detailed payoff quote.

Please send the quote to this email address or fax to 855-757-3700.

Thank you,
Michigan Property Ventures

# EXHIBIT K

# MUTUAL RELEASE

The Seller(s)

_Michigan Property Ventures_

and the Purchaser(s)

_Larry Hoban_

mutually release each other from the terms of the Purchase Agreement for the property at _2650_
_Sunderland_ dated _9/26/13_ .

We hereby further agree that said Purchase Agreement shall be null and void. The seller(s) and the purchaser(s)
hereby authorize _Elegant Homes_ REAL ESTATE, to release the deposit of $ _3597.00_
dollars on said property and disburse the funds as follows:

$ _3597.00_ To be paid to: _Buyer - Larry Hoban._

$ _____ To be paid to: _____

$ _____ To be paid to: _____

$ _____ To be paid to: _____

_Keller Williams_ REAL ESTATE and _Elegant Homes Realty_

(the co-op broker) hereby release the seller(s) and the purchaser(s) from any further claims for the sales
commission under the terms of said Purchase Agreement. In the event that these same purchasers should
purchase the above property within six months from the date of this agreement, _Keller Williams_
REAL ESTATE, reserves the right to be paid a sales commission.

This agreement further releases _Michigan Property Ventures_, and _Larry Hoban_
and their brokers and agents from any and all claims in the future.

_Molly K. _____
Witness

_10/24/13_
Date

_____
Witness

_____
Date

_____ Seller

_____ Seller

_Larry Hob___
Purchaser

_____
Purchaser

_Keller Williams - Commerce_
Real Estate Broker

_____
Co-op- Broker

---------- Forwarded message ----------
From: **Christopher Flynn** <chris@soldbyneal.com>
Date: Thu, Oct 24, 2013 at 11:29 AM
Subject: FW: Mutual release/ Sunderland
To: Michigan Property Ventures <info@michiganpropertyventures.com>
Cc: neal@soldbyneal.com


FYI – Mutual Release forwarded via docusign.  See below.


**From:** Mallory [mailto:mallory1587@gmail.com]
**Sent:** Thursday, October 24, 2013 10:59 AM
**To:** Chris Flynn
**Cc:** Neal El-Sayed
**Subject:** Mutual release/ Sunderland


Chris,


I tried returning your call yesterday. Sprint was doing cell tower maintenance so I was dropping calls, literally after 60 seconds.


Diane and I gratefully appreciate all of your hard work yesterday and everything you did to help us. Unfortunately the purchasers are not in the financial position for uncertainty.

Give my regards to the sellers, I feel absolutely awful with everything that has happened and all the money that was put into the home. I hope you can re list it for a greater amount then our deal :)

I will keep the appraisal close by, I know as long as they are 3 months old or less an appraiser will use them as a comparison.

I will obtain the one quicken loans did, if they will let me.


Mallory Klavitter

Keller Williams realty--commerce

248-406-2981

Begin forwarded message:

**From:** KellerWilliams@comcast.net
**Date:** October 24, 2013 at 10:57:52 AM EDT
**To:** "Klavitter, M." <mallory1587@gmail.com>
**Subject: Message from "RNP002673427797"**

This E-mail was sent from "RNP002673427797" (Aficio MP C5502).

Scan Date: 10.24.2013 10:57:51 (-0400)
Queries to: KellerWilliams@comcast.net

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2012.0.2242 / Virus Database: 3222/6277 - Release Date: 10/24/13

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

RALPH ROBERTS REALTY, LLC, a
Michigan limited liability company,

               Debtor.

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

## MOVANT'S STATEMENT REGARDING CORPORATE OWNERSHIP

[ ]    The following entities directly or indirectly own 10% or more of any class of the corporation's equity interest:

Name: _____

Address: _____

Name: _____

Address: _____

Name: _____

Address: _____

(For additional names, attach an addendum to this form)

[x]    There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 7, 2013

_____
Signature of Authorized Individual
For Corporate Party

*Vicky Elias*
_____
Print Name

*Member*
_____
Title

**Exhibit 6**