# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

I<small>N RE</small>:

**R<small>ALPH</small> R<small>OBERTS</small> R<small>EALTY</small>, LLC**, a
Michigan limited liability company,

    *Debtor*.

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

## REPLY BRIEF IN SUPPORT
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY [DOC 293]

Even if everything Debtor states in its Objection to Motion for Relief from the Automatic Stay [Doc 295] and accompanying exhibits is true, which it is not,[1] Debtor still loses as a matter of law. The issue before this Court is whether it should grant relief from the automatic stay under 11 U.S.C. § 362(d) because, among other reasons, neither the Debtor nor the bankruptcy estate have any legal or equitable interest in the Property. The facts and circumstances surrounding the foreclosure sale of the Property are irrelevant;[2] at most, they establish a right in the redemption proceeds and not the Property itself.

As explained in Movant's Motion, the mortgagor or any person lawfully claiming under the mortgagor has the statutory right to redeem the Property following the foreclosure sale as a matter of Michigan law. *See* Mich. Comp. Laws § 600.3240(1) ("A purchaser's deed is void if the mortgagor … or any person lawfully claiming under the mortgagor … redeems the entire premises sold by paying the amount required … within the applicable time limit …."). The sheriff's deed only becomes operative after expiration of the redemption period without redemption. *See* Mich. Comp. Laws § 600.3236 ("Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such

---

[1] Significantly, no evidence exists that either Vicky Elias or Movant are under investigation by the FBI and the FBI Search Warrant attached to the Objection does not refer to either of them.

[2] While Debtor explains that it is its "standard practice not to form corporate entities before bidding, as the formation costs and fees would be wasted if Realty's investor is not the successful bidder at the sale," it inexplicably offers no explanation why it failed to form 2650 Sunderland Group, LLC between June 4, 2013, when its investor was allegedly the successful bidder, and July 31, 2013 (a period of 57 days), when Mr. Elias allegedly wrongfully formed 2650 Sunderland Group, LLC.

1

deed shall thereupon become operative…."). Thus, the purchaser at the foreclosure sale only acquires an equitable interest, which springs into legal title *only on expiration of the redemption period and a failure to redeem*. *Dunitz v. Woodford Apartments Co.*, 209 N.W. 809, 810 (Mich. 1926); *accord Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993) ("If the mortgagee purchases the property at the sale, it stands in the position of an ordinary purchaser and obtains an ownership interest in the land, subject to the mortgagor's opportunity of redemption."). Redemption voids the sheriff's deed and the mortgagor or the person claiming under the mortgagor acquires legal title to the property free of the mortgage lien. *See Dunitz*, 209 N.W. at 810; *Grass Lake Golf Club, L.L.C. v. GTR Jackson Props., L.L.C.*, No. 265408, 2008 WL 1733779, at *5 (Mich. Ct. App. Apr. 15, 2008).

Here, the Property was subject to a six-month statutory redemption period. *See* Mich. Comp. Laws § 600.3240(8). The date of foreclosure was June 4, 2013, making December 4, 2013 the last day to redeem the Property. *See* Affidavit of Purchaser ¶ 3, Doc 293, Page 32 (part of Sheriff's Deed on Mortgage Sale to 2650 Sunderland Group LLC, Exhibit B to Exhibit 5 of Motion for Relief from the Automatic Stay).

Movant lawfully acquired the redemption rights from the mortgagor in exchange for $2,000 as evidenced by Exhibit C to Exhibit 5 of the Motion for Relief from the Automatic Stay. *See also* Additional Evidence of Purchase of Redemption Rights, **Ex. A**. Movant further lawfully exercised the redemption rights on the Property, *see* Additional Emails documenting attempts to redeem, **Ex. B**, which Debtor refuses to acknowledge, presumably because redemption would prevent its

2

recovery of 50% of the proceeds from the sale of the Property. Whatever interest Debtor acquired was subject to defeat by redemption within the time allowed by law, *see Senters*, 503 N.W.2d at 641, and thus that Debtor stood to make more money if nobody redeemed is irrelevant. Because Movant timely redeemed the Property after acquiring the mortgagor's redemption rights, at most Debtor has a claim in the redemption proceeds.

Significantly, Debtor fails to carry its burden in establishing that the bankruptcy estate has an interest in the Property. Michigan law governs whether Debtor or its bankruptcy estate has an interest in property. *See In re Combs*, 435 B.R. 467, 471 (Bankr. E.D. Mich. 2010)[3] ("The general rule in bankruptcy cases is that '[u]nless a federal interest is at issue, property rights are defined by state law.'"). Michigan law establishes that (1) "[a] member has no interest in specific limited liability company property," Mich. Comp. Laws § 450.4504(2);[4] (2) that "legal title does not vest at once upon the auction sale on statutory foreclosure, but only at the expiration of the period allowed for redemption;" *Bankers Trust Co. of Detroit v. Rose*, 33 N.W.2d 783, 785 (Mich. 1948); and (3) that redemption voids the purchaser's deed. Mich. Comp. Laws § 600.3240(1). Debtor does not explain in its Objection how the bankruptcy estate has any interest in the Property, especially when it claims in its Objection that

---

[3] Movant inadvertently omitted the citation to *In re Combs*, 435 B.R. 467, 471 (Bankr. E.D. Mich. 2010) in Paragraph 35 on Page 10 of its Motion. Movant apologizes for any inconvenience caused by the omission.

[4] Movant inadvertently cited Mich. Comp. Laws § 450.4503 instead of Mich. Comp. Laws § 450.4504(2) in footnote 7 of its Motion on Pages 6 and 7. Movant apologizes for any inconvenience caused by this typographical error.

3

Norman Confer advanced the funds for the purchase of the Property at the foreclosure sale. *See Krohn v. Burton (In re Swift)*, 496 B.R. 89, 96 (Bankr. E.D.N.Y. 2013) (stating bankruptcy estate does not include property of others in which debtor has only some minor interest, such as a lien or bare legal title).

To be sure, Debtor claims in Paragraph 30 of its Objection that it "asserts an ownership interest in the Property as a result of its contingent entitlement to a 50% share of the net profits upon Mr. Confer's eventual sale of the Property." But Debtor cites no authority recognizing an ownership interest in real estate under these circumstances. Moreover, no Michigan caselaw or statute authorizes a lien on residential real estate under these circumstances. Having a contingent entitlement to a 50% share of the net profits upon the sale of real estate does not equate to having an ownership interest in that real estate.

To the extent this Court finds that Movant did not properly redeem the Property, Movant will pay in certified funds the redemption amount as of December 4, 2013 to whomever the Court finds is the lawful purchaser of the Property at the foreclosure sale or deposit the funds with the Clerk of the Court.[5] But Debtor cannot prevent

---

[5] Debtor states in Paragraph 24 of its Objection that it "has not received the redemption funds as of the date hereof." But Debtor has failed to offer any evidence to establish that it has the right to receive the redemption funds in the first place. In fact, the Affidavit of Purchaser signed by Ralph R. Roberts as agent for 2650 Sunderland Group, LLC states "2650 Sunderland Group, LLC has designated Ralph R. Roberts as its designee … to receive redemption funds," not Debtor (unless Debtor is Mr. Roberts alter ego). Regardless, Movant has previously offered to pay Debtor the redemption proceeds, which Debtor has refused unless Movant pays an additional $15,000. In fact, out of an abundance of caution, Movant requested a redemption payoff quote from payoffs@ralphroberts.com on November 26 and 27, and received no response.

4

Movant from exercising its statutory right to redeem the Property with irrelevant arguments that fail to establish a superior interest, let alone any interest at all, in the Property.[6] Simply put, the exercise of the statutory right of redemption does not require the redeeming party have clean hands and good morals.

For these reasons,[7] this Court should grant the relief requested in Movant's Motion for Relief from the Automatic Stay [Doc 293] and overrule Debtor's Objection to Motion for Relief from the Automatic Stay [Doc 295].

Respectfully submitted,

By: /s/Kevin S. Toll
MICHAEL A. COX (P43039)
KEVIN S. TOLL (P69611)
THE MIKE COX LAW FIRM PLLC
*Attorneys for Movant*
17430 Laurel Park Drive North, Suite 120E
Livonia, MI 48152
(734) 591-4002
mc@mikecoxlaw.com
ktoll@mikecoxlaw.com

Dated: December 1, 2013

---

[6] Debtor claims in Paragraph 25 of its Objection that it was unaware of Movant's asserted interest in the Property until early October 2013, at which time it "filed a list pendens against the Property to prevent its sale until the question of its ownership could be settled." Even if true, Debtor had no legal or equitable interest in the Property as of that date because (1) it was not the purchaser at the foreclosure sale, and (2) had at most, only a right in the redemption proceeds. Thus, Debtor had no right to file a notice of lis pendens and even if it did, the purpose of filing a notice of lis pendens is to alert a title searcher to pending litigation over title to the Property, which Debtor never initiated.

[7] Debtor does not have standing to claim conversion of the Property because it claims in its Objection that the Property allegedly belongs to Norman Confer, not Debtor. Thus, Movant declines to address this argument.

5

12-53023-tjt    Doc 302    Filed 12/01/13    Entered 12/01/13 19:47:17    Page 6 of 19

# EXHIBIT A

# Michigan Property Ventures
## Addendum to Relocation Assistance Agreement

Property Address: 2650 Sunderland    Waterford    MI    48329

BE IT KNOWN, that for good consideration the parties made the following modifications; extensions, additions or changes a part of said agreement as if contained therein; and where the context so admits the remainder of said Contract shall remain in full force and effect.

This agreement was made pursuant to an Oakland County Sheriff's Sale that occurred on June 4, 2013 and recorded on June 18, 2013 in Liber 45938, Page 286.

Occupant(s) affirm they have not assigned or sold their interest(s) in the property, including their redemption rights to any other party prior to this agreement. MPV is not affiliated with your lender. MPV is not a Real Estate Brokerage and not acting as a Real Estate Broker in this transaction. MPV is owned by a Real Estate Agent and all representatives of MPV are licensed Realtors.

Occupant will not "shutoff" Electricity, Gas, or Water. MPV will initiate a transfer of service within 48 hours of occupant vacating the property. MPV has permission to begin exterior work such as landscaping, painting, etc... upon execution of this agreement and before the vacancy date.

The premises must be completely empty by 5:00pm on the agreed upon vacate date. No trash or personal items can be left anywhere on the premises including at curb for garbage pickup. If occupant rents a dumpster, dumpster can remain on premises after the vacate date until removed by trash/dumpster company.

_____    7/22/2013
                                   Date

_____    7/22/2013
                                   Date

_____    7/22/2013
Michigan Property Ventures LLC     Date



# Bank of America

Online Banking

## MPV LLC Operating: Account Activity Transaction Details

**Check number:** 00000001009

**Posting date:** 07/23/2013

**Amount:** -1,000.00

**Type:** Check

**Description:** Check

# EXHIBIT B

...



V. Elias < vickyjelias@gmail.com>

## 2650 Sunderlund, Waterford; Ralph Roberts

**Michael Zousmer** < mzousmer@nathanzousmer.com>         Wed, Oct 9, 2013 at 11:07 AM
To: Hannah <hmccollum@glmpc.com>

Per your request, attached is a Quit Claim Deed, recorded at Liber 45899, Page 57 on June 10, 2013, and a Relocation Assistance Agreement. As you are aware, per MCL 600.3140, Michigan Property Ventures LLC is entitled to redeem the property from 2650 Sunderland Group LLC. In that regard, please immediately provide me with the statutory redemption amount. Michigan Property Ventures LLC will then issue a check to 2650 Sunderland Group LLC in an amount equal to 50% of the redemption amount.

Please feel free to contact me with any questions or comments.

_____
_____
Michael I. Zousmer, Esq. | Nathan Zousmer, PC | 29100 Northwestern Highway, Suite 310, Southfield, Michigan 48034
(248) 351-0099 | (248) 351-0487 (fax)


**DOC100913.pdf**
169K



V. Elias < vickyjelias@gmail.com>

## FW: [Blacklisted Sender] RE: 2650 Sunderlund, Waterford; Ralph Roberts

**Michael Zousmer** < mzousmer@nathanzousmer.com>   Fri, Oct 11, 2013 at 9:08 AM
To: Hannah <hmccollum@glmpc.com>

Good morning. When can I expect to receive the requested redemption amount?

_____

_____
Michael I. Zousmer, Esq. | Nathan Zousmer, PC | 29100 Northwestern Highway, Suite 310, Southfield, Michigan 48034
(248) 351-0099 | (248) 351-0487 (fax)


-----Original Message-----
From: Michael Zousmer
Sent: Thursday, October 10, 2013 10:48 AM
To: 'Hannah'
Subject: RE: [Blacklisted Sender] RE: 2650 Sunderlund, Waterford; Ralph Roberts

To remove any uncertainty, I will issue the payoff check from my client trust account.

_____

_____
Michael I. Zousmer, Esq. | Nathan Zousmer, PC | 29100 Northwestern Highway, Suite 310, Southfield, Michigan 48034
(248) 351-0099 | (248) 351-0487 (fax)


-----Original Message-----
From: Hannah [mailto:hmccollum@glmpc.com]
Sent: Thursday, October 10, 2013 10:43 AM
To: Michael Zousmer
Subject: RE: [Blacklisted Sender] RE: 2650 Sunderlund, Waterford; Ralph Roberts

We want to make sure that the payoff check will be good. Bank statement with proof of funds is fine.

_____
Hannah Mufson McCollum, Esq.
Gold, Lange & Majoros, P.C.
24901 Northwestern Hwy., Suite 444
Southfield, MI  48075
(248) 350-8220 Phone
(248) 350-0519 Fax
hmccollum@glmpc.com


-----Original Message-----

From: Michael Zousmer [mailto:mzousmer@nathanzousmer.com]
Sent: Thursday, October 10, 2013 9:57 AM
To: Hannah
Subject: RE: [Blacklisted Sender] RE: 2650 Sunderlund, Waterford; Ralph Roberts

Precisely what proof of funds are you requesting? At its most fundamental level, my client is simply exercising its statutory redemption rights which has absolutely nothing to do with ownership or capitalization of the LLC.

_____

Michael I. Zousmer, Esq. | Nathan Zousmer, PC | 29100 Northwestern Highway, Suite 310, Southfield, Michigan 48034
(248) 351-0099 | (248) 351-0487 (fax)

-----Original Message-----
From: Hannah [mailto:hmccollum@glmpc.com]
Sent: Thursday, October 10, 2013 9:50 AM
To: Michael Zousmer
Subject: [Blacklisted Sender] RE: 2650 Sunderlund, Waterford; Ralph Roberts

Michael -

Before we even discuss settlement, I'd like proof of funds from your client.
If you could provide that to me, then I'll respond to your proposal.

Thanks,
Hannah

_____

Hannah Mufson McCollum, Esq.
Gold, Lange & Majoros, P.C.
24901 Northwestern Hwy., Suite 444
Southfield, MI  48075
(248) 350-8220 Phone
(248) 350-0519 Fax
hmccollum@glmpc.com

-----Original Message-----
From: Michael Zousmer [mailto:mzousmer@nathanzousmer.com]
Sent: Wednesday, October 09, 2013 11:07 AM
To: Hannah
Subject: 2650 Sunderlund, Waterford; Ralph Roberts

Per your request, attached is a Quit Claim Deed, recorded at Liber 45899, Page 57 on June 10, 2013, and a Relocation Assistance Agreement. As you are aware, per MCL 600.3140, Michigan Property Ventures LLC is entitled to redeem the property from 2650 Sunderland Group LLC. In that regard, please immediately provide me with the statutory redemption amount.
Michigan Property Ventures LLC will then issue a check to 2650 Sunderland Group LLC in an amount equal to 50% of the redemption amount.

Please feel free to contact me with any questions or comments.

_____

_____
Michael I. Zousmer, Esq. | Nathan Zousmer, PC | 29100 Northwestern Highway, Suite 310, Southfield, Michigan 48034
(248) 351-0099 | (248) 351-0487 (fax)

| From: | Michigan Property Ventures |
|---|---|
| To: | payoffs@ralphroberts.com; <listings@eliasrealty.com>; shortsales@ralphroberts.com; investors@ralphroberts.com; oakland@ralphroberts.com; Ralph Roberts; ralph@ralphroberts.com |
| Cc: | Kevin Toll |
| Subject: | 2650 Sunderland Redemption Payoff Quote |
| Date: | Tuesday, November 26, 2013 9:44:20 AM |

Good Morning,

I have had a chance to review Ralph Roberts' objection to the motion I filed regarding 2650 Sunderland, Waterford, MI. Although none of the material facts in this objection or Mr. Roberts affidavit are true, let's assume that everything in Mr. Roberts objection and his affidavit are true. Even though I have already redeemed the property, let's "pretend" I have not already redeemed the property. Let's assume my husband "beat Mr. Roberts" to the creation of 2650 Sunderland Group LLC. Let's assume that the ownership of 2650 Sunderland Group LLC does not belong to my husband and that it belongs to Ralph Roberts Realty, or is it Norman Confer? Who cares...

Let's "pretend" that Ralph Roberts Realty still possesses the rights in the Sheriff's Deed as he requests in his objection. It is an undisputed fact that Michigan Property Ventures possesses the redemption rights. That is something we do not have to pretend.

***Based on this scenario, I am requesting a payoff quote for the redemption of 2650 Sunderland, Waterford MI.***

I know that yesterday emails were sent stating that further communications regarding this subject should be kept between our attorneys, however, based on this incredible story by Mr. Roberts and his claim to 50% of the profits resulting from the sale even after redemption and the attempted extortion of funds beyond the amount allowed by statute, it is my firm belief that Mr. Roberts will yet again refuse to provide a payoff quote and after the redemption period expires (which technically already expired upon MPV's redemption of the property, but I'll play along), Mr. Roberts will try to claim that the redemption is invalid and that we did not redeem in time. Although none of this is true, I would like to receive a payoff quote to this email address (info@michiganpropertyventures.com). If you are more comfortable, you can forward this email to your attorney and have her send the payoff quote to mine or you can forward it directly to my attorney. His name is Kevin Toll and his email address is ktoll@mikecoxlaw.com.

I sent this to "payoffs@ralp***H***roberts.com" and I have copied several other known addresses of Ralph Roberts Realty and my attorney.

***Again, I am requesting a payoff quote for the redemption of 2650 Sunderland, Waterford MI.*** Please send it to info@michiganpropertyventures.com.


Best Regards,

Vicky Elias
Michigan Property Ventures LLC

| From: | Michigan Property Ventures |
|---|---|
| To: | payoffs@ralphroberts.com; <listings@eliasrealty.com>; shortsales@ralphroberts.com; investors@ralphroberts.com; oakland@ralphroberts.com; Ralph Roberts; ralph@ralphroberts.com; info; closings@ralphroberts.com |
| Cc: | Kevin Toll |
| Subject: | Re: 2650 Sunderland Redemption Payoff Quote |
| Date: | Wednesday, November 27, 2013 9:13:43 AM |

Good Morning,

Just letting you know we have not received a payoff quote yet. Please email it directly to this email address (info@michiganpropertyventures.com) or to my attorney Kevin Toll (ktoll@mikecoxlaw.com). You may also have your attorney send it to mine.

Thanks,

Vicky Elias
Michigan Property Ventures LLC


On Tue, Nov 26, 2013 at 9:44 AM, Michigan Property Ventures <info@michiganpropertyventures.com> wrote:
> Good Morning,
>
> I have had a chance to review Ralph Roberts' objection to the motion I filed regarding 2650 Sunderland, Waterford, MI. Although none of the material facts in this objection or Mr. Roberts affidavit are true, let's assume that everything in Mr. Roberts objection and his affidavit are true. Even though I have already redeemed the property, let's "pretend" I have not already redeemed the property. Let's assume my husband "beat Mr. Roberts" to the creation of 2650 Sunderland Group LLC. Let's assume that the ownership of 2650 Sunderland Group LLC does not belong to my husband and that it belongs to Ralph Roberts Realty, or is it Norman Confer? Who cares...
>
> Let's "pretend" that Ralph Roberts Realty still possesses the rights in the Sheriff's Deed as he requests in his objection. It is an undisputed fact that Michigan Property Ventures possesses the redemption rights. That is something we do not have to pretend.
>
> ***Based on this scenario, I am requesting a payoff quote for the redemption of 2650 Sunderland, Waterford MI.***
>
> I know that yesterday emails were sent stating that further communications regarding this subject should be kept between our attorneys, however, based on this incredible story by Mr. Roberts and his claim to 50% of the profits resulting from the sale even after redemption and the attempted extortion of funds beyond the amount allowed by statute, it is my firm belief that Mr. Roberts will yet again refuse to provide a payoff quote and after the redemption period expires (which technically already expired upon MPV's redemption of the property, but I'll play along), Mr. Roberts will try to claim that the redemption is invalid and that we did not redeem in time. Although none of this is true, I would like to receive a payoff quote to this email address (info@michiganpropertyventures.com). If you are more comfortable, you can forward this email to your attorney and have her send the payoff quote

to mine or you can forward it directly to my attorney. His name is Kevin Toll and his email address is ktoll@mikecoxlaw.com.

I sent this to "payoffs@ralp**H**roberts.com" and I have copied several other known addresses of Ralph Roberts Realty and my attorney.

***<u>Again, I am requesting a payoff quote for the redemption of 2650 Sunderland, Waterford MI.</u>***  Please send it to info@michiganpropertyventures.com.


Best Regards,

Vicky Elias
Michigan Property Ventures LLC

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

**RALPH ROBERTS REALTY, LLC**, a
Michigan limited liability company,

      *Debtor*.

Chapter 11
Case No. 12-53023-tjt
Bankruptcy Judge Thomas J. Tucker

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2013, a copy of the foregoing document and accompanying exhibit was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    /s/Kevin S. Toll
    MICHAEL A. COX (P43039)
    KEVIN S. TOLL (P69611)
    THE MIKE COX LAW FIRM PLLC
    *Attorneys for Movant*
    17430 Laurel Park Drive North, Suite 120E
    Livonia, MI 48152
    (734) 591-4002
    mc@mikecoxlaw.com
    ktoll@mikecoxlaw.com